Case No. 23-20570

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

MEGALOMEDIA INCORPORATED; MEGALOMEDIA STUDIOS, L.L.C.;
MANSFIELD FILMS, L.L.C.; DBA HOLDINGS, L.L.C.,
*Plaintiffs-Appellants*

v.

PHILADELPHIA INDEMNITY INSURANCE COMPANY,
*Defendant-Appellee*
_____

On Appeal from the United States District Court
for the Southern District of Texas, Houston Division
Civil Action No. 4:20-CV-1644
_____

RECORD EXCERPTS
_____

Jane M. N. Webre
Texas Bar No. 21050060
jwebre@scottdoug.com
Santosh Aravind
Texas Bar No. 24095052
saravind@scottdoug.com
Anthony Arguijo
Texas Bar No. 24079781
aarguijo@scottdoug.com
SCOTT DOUGLASS & MCCONNICO LLP
303 Colorado St., Suite 2400
Austin, TX 78701
512-495-6300—Tel.
512-495-6399—Fax

COUNSEL FOR APPELLANTS

# CONTENTS

| Tab | Document | ROA |
|-----|----------|-----|
| 1 | District Court Docket Sheet | 1-17 |
| 2 | Notice of Appeal | 4598-4603 |
| 3 | Final Judgment | 4546-4547 |
| 4 | Findings of Fact and Conclusions of Law | 4519-4538 |
| 5 | Summary judgment order | 1752-1765 |
| 6 | Relevant insurance policy provisions | 323, 327, 460 |

## CERTIFICATE OF SERVICE

I certify that on March 21, 2024, I electronically filed these Record Excerpts, and they have been served on all registered counsel of record via the CM/ECF system in compliance with Rule 25(b) and (c) of the Federal Rules of Appellate Procedure.

*/s/ Jane Webre*
Jane Webre

# TAB 1

# U.S. District Court
# SOUTHERN DISTRICT OF TEXAS (Houston)
# CIVIL DOCKET FOR CASE #: 4:20-cv-01644
# Internal Use Only

| | |
|---|---|
| Megalomedia, Inc. et al v.Philadelphia Indemnity Insurance Company | Date Filed: 05/11/2020 |
| | Date Terminated: 10/20/2023 |
| Assigned to: Judge Alfred H Bennett | Jury Demand: None |
| Cause: 28:1332 Diversity-Insurance Contract | Nature of Suit: 110 Insurance |
| | Jurisdiction: Diversity |

**Plaintiff**

**Megalomedia, Inc.**                      represented by  **Stephen Edward McConnico**
Scott Douglass et al
303 Colorado
Suite 2400
Austin, TX 78701
512-495-6300
Fax: 512-474-0731
Email: smcconnico@scottdoug.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anthony Frank Arguijo**
Scott Douglass & McConnico LLP
303 Colorado St
Ste 2400
Austin, TX 78701
512-495-6300
Fax: 512-495-6399
Email: aarguijo@scottdoug.com
*ATTORNEY TO BE NOTICED*

**Santosh Shankaran Aravind**
Scott Douglass and McConnico LLP
303 Colorado St
Ste 2400
Austin, TX 78701
512-495-6300
Email: saravind@scottdoug.com
*ATTORNEY TO BE NOTICED*

**Stephanie Clair Kover**
Scott Douglass and McConnico LLP
303 Colorado St
Ste 2400
Austin, TX 78701
512-495-6344
Email: skover@scottdoug.com

**Plaintiff**

**Megalomedia Studios, LLC**      represented by    **Stephen Edward McConnico**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anthony Frank Arguijo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Santosh Shankaran Aravind**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephanie Clair Kover**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Megalomedia, LLC**      represented by    **Stephen Edward McConnico**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Santosh Shankaran Aravind**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mansfield Films, LLC**      represented by    **Stephen Edward McConnico**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anthony Frank Arguijo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Santosh Shankaran Aravind**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephanie Clair Kover**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**DBA Holdings, LLC**      represented by    **Santosh Shankaran Aravind**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Stephanie Clair Kover**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen Edward McConnico**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Philadelphia Indemnity Insurance Company**     represented by     **Grant Perry Martin**
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Ave.
Ste 250
Dallas, TX 75204
214-665-0100
Email: grantm@tbmmlaw.com
*ATTORNEY TO BE NOTICED*

**Matthew Rigney**
Tollefson Bradley et al
2811 McKinney Ave
Ste 250 West
Dallas, TX 75204
214-665-0100
Email: mattr@tbmmlaw.com
*ATTORNEY TO BE NOTICED*

**Stephen A Melendi**
Tollefson Bradley Ball Mitchell, LLP
2811 McKinney Ave
Ste 250 W
Dallas, TX 75204
214-665-0100
Fax: 214-665-0199
Email: stephenm@tbmmlaw.com
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**DBA Holdings, LLC**     represented by     **Stephen Edward McConnico**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Megalomedia Studios, LLC**     represented by     **Stephen Edward McConnico**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Santosh Shankaran Aravind**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephanie Clair Kover**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Megalomedia, Inc.**    represented by    **Stephen Edward McConnico**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Santosh Shankaran Aravind**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephanie Clair Kover**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Mansfield Films, LLC**    represented by    **Stephen Edward McConnico**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Santosh Shankaran Aravind**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephanie Clair Kover**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Philadelphia Indemnity Insurance Company**    represented by    **Stephen A Melendi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Megalomedia Studios, LLC**    represented by    **Stephen Edward McConnico**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Santosh Shankaran Aravind**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephanie Clair Kover**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Philadelphia Indemnity Insurance**          represented by  **Stephen A Melendi**
**Company**                                                   (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/11/2020 | 1 (p.18) | COMPLAINT against All Defendants (Filing fee $ 400 receipt number 0541-24649166) filed by Philadelphia Indemnity Insurance Company. (Attachments: # 1 (p.18) Civil Cover Sheet)(Melendi, Stephen) (Entered: 05/11/2020) |
| 05/12/2020 | 2 (p.42) | Request for Issuance of Summons as to All Defendants, filed. (Attachments: # 1 (p.18) Continuation, # 2 (p.42) Continuation, # 3 (p.50) Continuation)(Melendi, Stephen) (Entered: 05/12/2020) |
| 05/12/2020 | 3 (p.50) | ORDER for Initial Pretrial and Scheduling Conference and Order to Disclose Interested Persons. Initial Conference set for 10/16/2020 at 01:30 PM in Courtroom 9A before Judge Vanessa D Gilmore. (Signed by Judge Vanessa D Gilmore) Parties notified.(JosephWellsadi, 4) (Entered: 05/12/2020) |
| 05/13/2020 | 4 (p.79) | Summons Issued as to Megalomedia, Inc.. Issued summons delivered to plaintiff by NEF, filed.(ShadiaNash, 4) (Entered: 05/13/2020) |
| 05/13/2020 | 5 (p.81) | Summons Issued as to Megalomedia Studios, LLC. Issued summons delivered to plaintiff by NEF, filed.(ShadiaNash, 4) (Entered: 05/13/2020) |
| 05/13/2020 | 6 (p.83) | Summons Issued as to Mansfield Films, LLC. Issued summons delivered to plaintiff by NEF, filed.(ShadiaNash, 4) (Entered: 05/13/2020) |
| 05/13/2020 | 7 (p.85) | Summons Issued as to DBA Holdings, LLC. Issued summons delivered to plaintiff by NEF, filed.(ShadiaNash, 4) (Entered: 05/13/2020) |
| 05/22/2020 | 8 (p.87) | CERTIFICATE OF INTERESTED PARTIES by Philadelphia Indemnity Insurance Company, filed.(Melendi, Stephen) (Entered: 05/22/2020) |
| 06/03/2020 | 9 (p.90) | Unopposed MOTION for Extension of Time File Answer or Otherwise Respond by Mansfield Films, LLC, Megalomedia Studios, LLC, Megalomedia, Inc., Megalomedia, LLC, filed. Motion Docket Date 6/24/2020. (Attachments: # 1 (p.18) Proposed Order Proposed Order)(McConnico, Stephen) (Entered: 06/03/2020) |
| 06/03/2020 | 10 (p.94) | NOTICE of Appearance by Steve McConnico and Santosh Aravind on behalf of DBA Holdings, LLC, Mansfield Films, LLC, Megalomedia Studios, LLC, Megalomedia, Inc., Megalomedia, LLC, filed. (Aravind, Santosh) (Entered: |

| | | |
|---|---|---|
| | | 06/03/2020) |
| 06/03/2020 | 11 (p.96) | ORDER granting 9 (p.90) Motion for Extension of Time to Answer. (Answer due 8/11/2020 for All Defendants). (Signed by Judge Vanessa D Gilmore) Parties notified.(bthomas, 4) (Entered: 06/04/2020) |
| 07/16/2020 | 12 (p.97) | CERTIFICATE OF INTERESTED PARTIES by DBA Holdings, LLC, Mansfield Films, LLC, Megalomedia Studios, LLC, Megalomedia, Inc., filed.(Kover, Stephanie) (Entered: 07/16/2020) |
| 07/23/2020 | 13 (p.100) | Memorandum and Order Regarding Discovery Motions, Motions for Summary Judgment and Analogous Motions to Dismiss.(Signed by Judge Vanessa D Gilmore) Parties notified.(bthomas, 4) (Entered: 07/23/2020) |
| 07/23/2020 | 14 (p.106) | In accordance with the provisions of 28 USC Section 636(c), you are hereby notified that a U. S. Magistrate Judge of this district court is available to conduct any or all proceedings in this case including a jury or non-jury trial and to order the entry of a final judgment. All signed consent forms, excluding pro se parties, should be filed electronically using the event *Consent to Proceed Before a Magistrate Judge*, filed. (bthomas, 4) (Entered: 07/23/2020) |
| 08/11/2020 | 15 (p.108) | ANSWER to 1 (p.18) Complaint, COUNTERCLAIM against All Plaintiffs by DBA Holdings, LLC, Megalomedia Studios, LLC, Megalomedia, Inc., Mansfield Films, LLC, filed.(McConnico, Stephen) (Entered: 08/11/2020) |
| 09/01/2020 | 16 (p.152) | ANSWER to 15 (p.108) Answer to Complaint, Counterclaim by Philadelphia Indemnity Insurance Company, filed.(Melendi, Stephen) (Entered: 09/01/2020) |
| 10/06/2020 | 17 (p.161) | JOINT DISCOVERY/CASE MANAGEMENT PLAN by Megalomedia Studios, LLC, Megalomedia, Inc., Megalomedia, LLC, filed.(McConnico, Stephen) (Entered: 10/06/2020) |
| 10/16/2020 | | Minute Entry for proceedings held before Judge Vanessa D Gilmore. SCHEDULING CONFERENCE held on 10/16/2020. Scheduling dates entered, order to follow Appearances: Stephen Melendi. Santosh Aravind..(Court Reporter: Mayra Malone), filed.(bthomas, 4) (Entered: 10/16/2020) |
| 10/16/2020 | 18 (p.172) | SCHEDULING ORDER. Trial Term: January 2022. ETT: 2 days. Non-Jury Trial. Amended Pleadings due by 12/1/2020. Joinder of Parties due by 12/1/2020 Pltf Expert Report due by 3/1/2021. Deft Expert Report due by 4/1/2021. Discovery due by 8/1/2021. Dispositive Motion Filing due by 9/1/2021. Joint Pretrial Order due by 12/13/2021. Pretrial Order due by 12/10/2021. Docket Call set for 12/17/2021 at 01:30 PM in Courtroom 9A before Judge Vanessa D Gilmore(Signed by Judge Vanessa D Gilmore) Parties notified.(bthomas, 4) (Entered: 10/16/2020) |
| 11/19/2020 | 19 (p.174) | Joint PROPOSED ORDER *Motion for Entry of Agreed Protective Order*, filed. (Attachments: # 1 (p.18) Exhibit Exhibit 1)(Aravind, Santosh) (Entered: 11/19/2020) |
| 11/19/2020 | 20 (p.188) | CONFIDENTIALITY AND PROTECTIVE ORDER granting 19 (p.174) . (Signed by Judge Vanessa D Gilmore) Parties notified.(bthomas, 4) (Entered: 11/19/2020) |
| 11/20/2020 | 21 (p.199) | MOTION for Summary Judgment *and Brief in Support* by Philadelphia Indemnity Insurance Company, filed. Motion Docket Date 12/11/2020. (Attachments: # 1 (p.18) Exhibit, # 2 (p.42) Exhibit, # 3 (p.50) Exhibit, # 4 (p.79) Exhibit, # 5 (p.81) Exhibit, # 6 (p.83) Exhibit, # 7 (p.85) Exhibit, # 8 (p.87) Exhibit, # 9 (p.90) Exhibit, |

| | | |
|---|---|---|
| | | # 10 (p.94) Exhibit, # 11 (p.96) Exhibit, # 12 (p.97) Exhibit, # 13 (p.100) Exhibit, # 14 (p.106) Exhibit, # 15 (p.108) Exhibit, # 16 (p.152) Exhibit, # 17 (p.161) Exhibit, # 18 (p.172) Exhibit, # 19 (p.174) Appendix, # 20 (p.188) Appendix, # 21 (p.199) Appendix, # 22 (p.1361) Appendix, # 23 (p.1365) Appendix, # 24 (p.1366) Appendix, # 25 (p.1702) Appendix, # 26 (p.1705) Appendix, # 27 (p.1706) Appendix, # 28 (p.1717) Appendix, # 29 (p.1723) Proposed Order)(Melendi, Stephen) (Entered: 11/20/2020) |
| 11/24/2020 | 22 (p.1361) | Unopposed MOTION for Extension of Time To Respond to Plaintiff's Motion for Summary Judgment by Megalomedia, Inc., Megalomedia, LLC, filed. Motion Docket Date 12/15/2020. (Attachments: # 1 (p.18) Proposed Order Proposed Order)(Aravind, Santosh) (Entered: 11/24/2020) |
| 11/26/2020 | 23 (p.1365) | ORDER granting 22 (p.1361) Motion for Extension of Time to Respond to Plaintiffs' Motion for Summary Judgment. (Response due by 12/21/2020 re: 21 (p.199) MOTION for Summary Judgment *and Brief in Support*. (Signed by Judge Vanessa D Gilmore) Parties notified.(bthomas, 4) (Entered: 11/26/2020) |
| 12/21/2020 | 24 (p.1366) | RESPONSE to 21 (p.199) MOTION for Summary Judgment *and Brief in Support* filed by DBA Holdings, LLC, Mansfield Films, LLC, Megalomedia Studios, LLC, Megalomedia, Inc., Megalomedia, LLC. (Attachments: # 1 (p.18) Appendix, # 2 (p.42) Exhibit A, # 3 (p.50) Exhibit B, # 4 (p.79) Exhibit C, # 5 (p.81) Exhibit D, # 6 (p.83) Exhibit E, # 7 (p.85) Exhibit F, # 8 (p.87) Exhibit G, # 9 (p.90) Exhibit H, # 10 (p.94) Exhibit I, # 11 (p.96) Exhibit J, # 12 (p.97) Exhibit Attachment 1, # 13 (p.100) Exhibit Attachment 2, # 14 (p.106) Exhibit Attachment 3, # 15 (p.108) Exhibit Attachment 4, # 16 (p.152) Exhibit Attachment 5, # 17 (p.161) Exhibit Attachment 6, # 18 (p.172) Exhibit Attachment 7, # 19 (p.174) Exhibit Attachment 8, # 20 (p.188) Exhibit Attachment 9, # 21 (p.199) Proposed Order Proposed Order Denying P's MSJ)(Aravind, Santosh) (Entered: 12/21/2020) |
| 12/22/2020 | 25 (p.1702) | Unopposed MOTION for Extension of Time to Reply to Defendants Response to Plaintiffs Motion for Summary Judgment by Philadelphia Indemnity Insurance Company, filed. Motion Docket Date 1/12/2021. (Attachments: # 1 (p.18) Proposed Order)(Melendi, Stephen) (Entered: 12/22/2020) |
| 12/24/2020 | 26 (p.1705) | ORDER granting 25 (p.1702) Motion for Extension of Time to Reply to Defendants Response to 21 (p.199) MOTION for Summary Judgment *and Brief in Support*. (Response due by 1/8/2021.) (Signed by Judge Vanessa D Gilmore) Parties notified.(bthomas, 4) (Entered: 12/24/2020) |
| 01/08/2021 | 27 (p.1706) | REPLY *TO DEFENDANT MEGALOMEDIAS RESPONSE TO MOTION FOR SUMMARY JUDGMENT*, filed by Philadelphia Indemnity Insurance Company. (Melendi, Stephen) (Entered: 01/08/2021) |
| 01/08/2021 | 28 (p.1717) | MOTION to Strike *Exhibits A-J Filed With Defendants Response to Plaintiffs Motion for Summary Judgment* by Philadelphia Indemnity Insurance Company, filed. Motion Docket Date 1/29/2021. (Attachments: # 1 (p.18) Proposed Order)(Melendi, Stephen) (Entered: 01/08/2021) |
| 01/15/2021 | 29 (p.1723) | RESPONSE to *Philadelphia's Objections and Motion to Strike Exhibits A-J*, filed by DBA Holdings, LLC, Mansfield Films, LLC, Megalomedia Studios, LLC, Megalomedia, Inc.. (Attachments: # 1 (p.18) Exhibit Exhibit 1, # 2 (p.42) Proposed Order)(Aravind, Santosh) (Entered: 01/15/2021) |
| 01/20/2021 | 30 (p.1744) | REPLY *to Megalomedias Response to Philadelphias Objections and Motion to Strike Exhibits*, filed by Philadelphia Indemnity Insurance Company. (Melendi, |

| | | Stephen) (Entered: 01/20/2021) |
|---|---|---|
| 05/18/2021 | 31 (p.1751) | ORDER denying 28 (p.1717) Motion to Strike. (Signed by Judge Vanessa D Gilmore) Parties notified.(bthomas, 4) (Entered: 05/18/2021) |
| 05/28/2021 | 32 (p.1752) | ORDER granting 21 (p.199) Philadelphia's Motion for Summary Judgment. (Signed by Judge Vanessa D Gilmore) Parties notified.(bthomas, 4) (Entered: 06/01/2021) |
| 06/01/2021 | 33 (p.1766) | FINAL JUDGMENT. Case terminated on 6/1/2021. (Signed by Judge Vanessa D Gilmore) Parties notified.(bthomas, 4) (Entered: 06/01/2021) |
| 06/07/2021 | 34 (p.1767) | Unopposed MOTION for Leave to File Motion to Set Aside Final Judgment Under Seal by Megalomedia Studios, LLC, Megalomedia, Inc., Megalomedia, LLC, filed. Motion Docket Date 6/28/2021. (Attachments: # 1 (p.18) Proposed Order)(Aravind, Santosh) (Entered: 06/07/2021) |
| 06/07/2021 | 35 (p.5309) | SEALED MOTION *to Set Aside Final Judgment* by Megalomedia Studios, LLC, Megalomedia, Inc., Megalomedia, LLC, filed. (Attachments: # 1 (p.18) Exhibit A, # 2 (p.42) Exhibit B, # 3 (p.50) Exhibit C, # 4 (p.79) Exhibit D) (Aravind, Santosh) (Entered: 06/07/2021) |
| 06/10/2021 | 36 (p.1771) | ORDER granting 34 (p.1767) Motion for Leave to File Under Seal its Motion to Set Aside Final Judgment. (Signed by Judge Vanessa D Gilmore) Parties notified.(bthomas, 4) (Entered: 06/10/2021) |
| 06/16/2021 | 37 (p.1772) | ORDER granting 35 (p.5309) SEALED MOTION *to Set Aside Final Judgment*. IT IS FURTHER ORDERED that the Final Judgment filed on June 1, 2021 is VACATED. Case reopened on 6/16/2021. (Signed by Judge Vanessa D Gilmore) Parties notified.(bthomas, 4) (Entered: 06/16/2021) |
| 06/17/2021 | 38 (p.1773) | MOTION for Leave to File Response to Defendants' Motion to Set Aside the Judgment by Philadelphia Indemnity Insurance Company, filed. Motion Docket Date 7/8/2021. (Attachments: # 1 (p.18) Proposed Order)(Melendi, Stephen) (Entered: 06/17/2021) |
| 06/17/2021 | 39 (p.1778) | AMENDED SCHEDULING ORDER. (Trial Term: February 2022. ETT: 2 days. Non-Jury.) Discovery due by 8/1/2021. Dispositive Motion Filing due by 9/1/2021. Pretrial Order due by 1/21/2022. Joint Pretrial Order due by 1/24/2022. Docket Call set for 1/28/2022 at 01:30 PM in Courtroom 9A before Judge Vanessa D Gilmore. (Signed by Judge Vanessa D Gilmore) Parties notified.(bthomas, 4) (Entered: 06/17/2021) |
| 06/17/2021 | 40 (p.1780) | ORDER denying 38 (p.1773) Motion for Leave to File Response to Defendant's Motion to Set Aside Judgment. (Signed by Judge Vanessa D Gilmore) Parties notified.(bthomas, 4) (Entered: 06/18/2021) |
| 06/25/2021 | 41 (p.1781) | Unopposed MOTION for Leave to File Motion for Summary Judgment on Defendants' Counterclaims under Seal by Philadelphia Indemnity Insurance Company, filed. Motion Docket Date 7/16/2021. (Attachments: # 1 (p.18) Proposed Order)(Melendi, Stephen) (Entered: 06/25/2021) |
| 06/25/2021 | 42 (p.5342) | SEALED MOTION *for Summary Judgment on Megalomedia's Counterclaims* by Philadelphia Indemnity Insurance Company, filed. (Attachments: # 1 (p.18) Exhibit 19, # 2 (p.42) Exhibit 20, # 3 (p.50) Proposed Order) (Melendi, Stephen) (Entered: 06/25/2021) |
| 06/28/2021 | | |

| | | |
|---|---|---|
| | 43<br>(p.1784) | MOTION for Leave to File Under Seal Its Motion for Leave to File a First Amended Counterclaim by Megalomedia Studios, LLC, Megalomedia, Inc., Megalomedia, LLC, filed. Motion Docket Date 7/19/2021. (Attachments: # 1 (p.18) Proposed Order)(Aravind, Santosh) (Entered: 06/28/2021) |
| 06/28/2021 | 44<br>(p.5381) | Opposed SEALED MOTION *for Leave to File First Amended Counterclaim* by Megalomedia Studios, LLC, Megalomedia, Inc., Megalomedia, LLC, filed. (Attachments: # 1 (p.18) Exhibit A, # 2 (p.42) Exhibit B, # 3 (p.50) Exhibit C, # 4 (p.79) Exhibit D, # 5 (p.81) Exhibit E, # 6 (p.83) Proposed Order) (Aravind, Santosh) (Entered: 06/28/2021) |
| 06/29/2021 | 45<br>(p.1788) | ORDER granting 41 (p.1781) Motion for Leave to File Under Seal. (Signed by Judge Vanessa D Gilmore) Parties notified.(bthomas, 4) (Entered: 06/29/2021) |
| 06/29/2021 | 46<br>(p.1789) | ORDER granting 43 (p.1784) Motion for Leave to File Under Seal.(Signed by Judge Vanessa D Gilmore) Parties notified.(bthomas, 4) (Entered: 06/29/2021) |
| 07/08/2021 | 47<br>(p.1790) | ADVISORY by DBA Holdings, LLC, Mansfield Films, LLC, Megalomedia Studios, LLC, Megalomedia, Inc., Megalomedia, LLC, filed.(Aravind, Santosh) (Entered: 07/08/2021) |
| 07/09/2021 | | Minute Entry for proceedings held before Judge Vanessa D Gilmore. DISCOVERY HEARING held on 7/9/2021 re: 47 (p.1790) Advisory. Megalomedia's motion for leave to file first amended counterclaim 44 (p.5381) is GRANTED. The Counterclaim filing is due by 7/14/2021. A new 30(b)(6) deposition notice to be issued after the filing of the counterclaim. The Court denies without prejudice to re-urging 42 (p.5342) SEALED MOTION *for Summary Judgment on Megalomedia's Counterclaims*. An amended scheduling order entered. Appearances: Matthew Rigney. Santosh Aravind. Stephanie Kover.(Court Reporter: Kathy Miller), filed. (bthomas, 4) (Entered: 07/09/2021) |
| 07/09/2021 | 48<br>(p.1792) | SCHEDULING ORDER. Trial Term: March 2022. Amended Pleadings due by 7/14/2021. Joinder of Parties due by 7/14/2021 Pltf Expert Report due by 7/9/2021. Deft Expert Report due by 7/9/2021. Discovery due by 10/1/2021. Dispositive Motion Filing due by 11/1/2021. Joint Pretrial Order due by 2/22/2022. Pretrial Order due by 2/18/2022. Docket Call set for 2/25/2022 at 01:30 PM in Courtroom 9A before Judge Vanessa D Gilmore(Signed by Judge Vanessa D Gilmore) Parties notified.(bthomas, 4) (Main Document 48 replaced on 7/9/2021) (bthomas, 4). (Entered: 07/09/2021) |
| 07/09/2021 | 49<br>(p.1794) | ORDER granting 44 (p.5381) Sealed Motion for Leave to File First Amended Counterclaim. (Signed by Judge Vanessa D Gilmore) Parties notified.(bthomas, 4) (Entered: 07/12/2021) |
| 07/14/2021 | 50<br>(p.1795) | Amended COUNTERCLAIM against Philadelphia Indemnity Insurance Company filed by Megalomedia Studios, LLC.(Aravind, Santosh) (Entered: 07/14/2021) |
| 07/28/2021 | 51<br>(p.1819) | MOTION to Dismiss 50 (p.1795) Counterclaim by Philadelphia Indemnity Insurance Company, filed. Motion Docket Date 8/18/2021. (Attachments: # 1 (p.18) Exhibit 1)(Melendi, Stephen) (Entered: 07/28/2021) |
| 08/18/2021 | 52<br>(p.1847) | RESPONSE to 51 (p.1819) MOTION to Dismiss 50 (p.1795) Counterclaim filed by DBA Holdings, LLC, Mansfield Films, LLC, Megalomedia Studios, LLC, Megalomedia, Inc.. (Aravind, Santosh) (Entered: 08/18/2021) |
| 08/25/2021 | | |

| | | |
|---|---|---|
| | 53 (p.1873) | REPLY in Support of 51 (p.1819) MOTION to Dismiss 50 (p.1795) Counterclaim , filed by Philadelphia Indemnity Insurance Company. (Melendi, Stephen) (Entered: 08/25/2021) |
| 09/30/2021 | 54 (p.1884) | NOTICE of Appearance by Anthony Arguijo on behalf of Mansfield Films, LLC, Megalomedia Studios, LLC, Megalomedia, Inc., filed. (Arguijo, Anthony) (Entered: 09/30/2021) |
| 09/30/2021 | 55 (p.1887) | Joint MOTION for Extension of Time Extension of the Motion Deadline by DBA Holdings, LLC, Mansfield Films, LLC, Megalomedia Studios, LLC, Megalomedia, Inc., filed. Motion Docket Date 10/21/2021. (Attachments: # 1 (p.18) Proposed Order Proposed Order)(Aravind, Santosh) (Entered: 09/30/2021) |
| 10/05/2021 | 56 (p.1891) | ORDER Granting 55 (p.1887) Motion for Extension of Time Motion Filing due by 12/1/2021..(Signed by Judge Vanessa D Gilmore) Parties notified.(jguajardo, 4) (Entered: 10/05/2021) |
| 10/08/2021 | 57 (p.1892) | ORDER denying 51 (p.1819) Motion to Dismiss Defendant's Counterclaims. (Signed by Judge Vanessa D Gilmore) Parties notified.(bthomas, 4) (Entered: 10/08/2021) |
| 11/22/2021 | 58 (p.1893) | MOTION for Leave to File Answer by Philadelphia Indemnity Insurance Company, filed. Motion Docket Date 12/13/2021. (Attachments: # 1 (p.18) Exhibit 1)(Melendi, Stephen) (Entered: 11/22/2021) |
| 11/23/2021 | 59 (p.1912) | Unopposed MOTION for Extension of Time TO EXTEND DISPOSITIVE MOTION DEADLINE by Philadelphia Indemnity Insurance Company, filed. Motion Docket Date 12/14/2021. (Attachments: # 1 (p.18) Proposed Order)(Melendi, Stephen) (Entered: 11/23/2021) |
| 11/23/2021 | 60 (p.1916) | ORDER GRANTING 58 (p.1893) Motion for Leave to File Amended Answer. (Signed by Judge Vanessa D Gilmore) Parties notified. (ClaudiaGutierrez, 4) (Entered: 11/24/2021) |
| 11/23/2021 | 61 (p.1917) | ANSWER to 50 (p.1795) First Amended Counterclaim by Philadelphia Indemnity Insurance Company, filed. (ClaudiaGutierrez, 4) (Entered: 11/24/2021) |
| 11/29/2021 | 62 (p.1932) | ORDER granting 59 (p.1912) Motion for Extension of Time Dispositive Motion Filing due by 1/5/2022. Responses due by 1/26/2022. Replies due by 2/9/2022. Docket Call set for 4/29/2022 at 01:30 PM in Courtroom 9A before Judge Vanessa D Gilmore. (Signed by Judge Vanessa D Gilmore) Parties notified. (ClaudiaGutierrez, 4) (Entered: 11/29/2021) |
| 12/09/2021 | 63 (p.1933) | NOTICE of Reassignment to Judge Alfred H Bennett, pursuant to Special Order No. 2021-19. Deadlines in scheduling orders remain in effect, and all court settings are vacated. Judge Vanessa D Gilmore no longer assigned to the case. Parties notified, filed. (DawnaKellyadi, 4) (Entered: 12/09/2021) |
| 01/04/2022 | 64 (p.1934) | Unopposed MOTION for Leave to File Excess Pages by Philadelphia Indemnity Insurance Company, filed. Motion Docket Date 1/25/2022. (Attachments: # 1 (p.18) Proposed Order)(Rigney, Matthew) (Entered: 01/04/2022) |
| 01/04/2022 | 65 (p.1939) | ORDER granting 64 (p.1934) Motion for Leave to File Excess Pages.(Signed by Judge Alfred H Bennett) Parties notified.(ledwards, 4) (Entered: 01/04/2022) |
| 01/05/2022 | 66 (p.1940) | Unopposed MOTION for Extension of Time Dispositive Motion Deadline by Philadelphia Indemnity Insurance Company, filed. Motion Docket Date 1/26/2022. |

| | | |
|---|---|---|
| | | (Attachments: # 1 (p.18) Proposed Order)(Rigney, Matthew) (Entered: 01/05/2022) |
| 01/06/2022 | 67 (p.1944) | ORDER granting 66 (p.1940) Motion for Extension of Time.(Signed by Judge Alfred H Bennett) Parties notified.(ledwards, 4) (Entered: 01/06/2022) |
| 01/12/2022 | 68 (p.1945) | MOTION for Summary Judgment by Philadelphia Indemnity Insurance Company, filed. Motion Docket Date 2/2/2022. (Attachments: # 1 (p.18) Exhibit 1, # 2 (p.42) Exhibit 2, # 3 (p.50) Exhibit 3, # 4 (p.79) Exhibit 4, # 5 (p.81) Exhibit 5, # 6 (p.83) Exhibit 6, # 7 (p.85) Exhibit 7, # 8 (p.87) Exhibit 8 (1 of 5), # 9 (p.90) Exhibit 8 (2 of 5), # 10 (p.94) Exhibit 8 (3 of 5), # 11 (p.96) Exhibit 8 (4 of 5), # 12 (p.97) Exhibit 8 (5 of 5))(Melendi, Stephen) (Entered: 01/12/2022) |
| 01/13/2022 | 69 (p.4123) | Unopposed MOTION for Leave to File DEPOSITION EXCERPTS UNDER SEAL by Philadelphia Indemnity Insurance Company, filed. Motion Docket Date 2/3/2022. (Attachments: # 1 (p.18) Proposed Order)(Melendi, Stephen) (Entered: 01/13/2022) |
| 01/31/2022 | 70 (p.4126) | Unopposed MOTION for Leave to File Response to Philadelphia's Motion for Summary Judgment in Excess of the Page Limit by Megalomedia, LLC, filed. Motion Docket Date 2/22/2022. (Attachments: # 1 (p.18) Proposed Order)(Aravind, Santosh) (Entered: 01/31/2022) |
| 01/31/2022 | 71 (p.4130) | Unopposed MOTION for Leave to File Under Seal Megalomedia's Response to Philadelphia's Motion for Summary Judgment on Megalomedia's Counterclaims by Megalomedia, Inc., filed. Motion Docket Date 2/22/2022. (Attachments: # 1 (p.18) Proposed Order)(Aravind, Santosh) (Entered: 01/31/2022) |
| 02/02/2022 | 72 (p.4134) | ORDER granting 71 (p.4130) Motion for Leave to File.(Signed by Judge Alfred H Bennett) Parties notified.(ledwards, 4) (Entered: 02/02/2022) |
| 02/02/2022 | 73 (p.4135) | ORDER granting 70 (p.4126) Motion for Leave to File Response (Signed by Judge Alfred H Bennett) Parties notified.(ledwards, 4) (Entered: 02/02/2022) |
| 02/02/2022 | 74 (p.4136) | ORDER granting 69 (p.4123) Motion for Leave to File Deposition Excerpts Under Seal.(Signed by Judge Alfred H Bennett) Parties notified.(ledwards, 4) (Entered: 02/02/2022) |
| 02/02/2022 | 75 (p.5425) | SEALED EXHIBITS re: 68 (p.1945) MOTION for Summary Judgment by Philadelphia Indemnity Insurance Company, filed. (Melendi, Stephen) (Entered: 02/02/2022) |
| 02/02/2022 | 76 (p.5439) | SEALED RESPONSE *to Philadelphia's Motion for Summary Judgment* re: 68 (p.1945) MOTION for Summary Judgment by Megalomedia, Inc., filed. (Attachments: # 1 (p.18) Exhibit 1, # 2 (p.42) Exhibit 2, # 3 (p.50) Exhibit 3, # 4 (p.79) Exhibit 4, # 5 (p.81) Exhibit 5, # 6 (p.83) Exhibit 6, # 7 (p.85) Exhibit 7, # 8 (p.87) Exhibit 8, # 9 (p.90) Exhibit 9, # 10 (p.94) Exhibit 10, # 11 (p.96) Exhibit 11, # 12 (p.97) Exhibit 12, # 13 (p.100) Exhibit 13, # 14 (p.106) Exhibit 14, # 15 (p.108) Exhibit 15, # 16 (p.152) Exhibit 16, # 17 (p.161) Exhibit 17, # 18 (p.172) Exhibit 18, # 19 (p.174) Exhibit 19, # 20 (p.188) Exhibit 20, # 21 (p.199) Exhibit 21, # 22 (p.1361) Exhibit 22, # 23 (p.1365) Exhibit 23, # 24 (p.1366) Exhibit 24) (Aravind, Santosh) (Entered: 02/02/2022) |
| 02/08/2022 | 77 (p.4137) | NOTICE of Setting. Parties notified. Status Conference set for 2/17/2022 at 01:30 PM in Courtroom 8C before Judge Alfred H Bennett, filed. (ledwards, 4) (Entered: 02/08/2022) |
| 02/09/2022 | 78 | REPLY *PHILADELPHIAS SUMMARY JUDGMENT REPLY*, filed by Philadelphia |

| | | |
|---|---|---|
| | (p.4138) | Indemnity Insurance Company. (Melendi, Stephen) (Entered: 02/09/2022) |
| 02/09/2022 | 79 (p.4144) | NOTICE of Setting. Parties notified. Status Conference set for 2/23/2022 at 10:00 AM in Courtroom 8C before Judge Alfred H Bennett, filed. (ledwards, 4) (Entered: 02/09/2022) |
| 02/23/2022 | | Minute Entry for proceedings held before Judge Alfred H Bennett. STATUS CONFERENCE held on 2/23/2022. The pending Motion for Summary Judgment is under review; if granted the case will be disposed, if denied, the case will proceed to trial. Appearances: Santosh Shankaran Aravind, Stephen A Melendi.(Court Reporter: M. Malone), filed.(ledwards, 4) (Entered: 02/23/2022) |
| 08/16/2022 | 80 (p.4145) | ORDER granting in part and denying in part 68 (p.1945) Motion for Summary Judgment.(Signed by Judge Alfred H Bennett) Parties notified.(kpicota, 4) (Entered: 08/16/2022) |
| 08/31/2022 | 81 (p.4155) | Unopposed MOTION to Realign Parties by Megalomedia Studios, LLC, Megalomedia, Inc., Megalomedia, LLC, filed. Motion Docket Date 9/21/2022. (Attachments: # 1 (p.18) Proposed Order)(Aravind, Santosh) (Entered: 08/31/2022) |
| 09/02/2022 | 82 (p.4162) | MOTION for Reconsideration of 80 (p.4145) Order on Motion for Summary Judgment by Philadelphia Indemnity Insurance Company, filed. Motion Docket Date 9/23/2022. (Melendi, Stephen) (Entered: 09/02/2022) |
| 09/09/2022 | 83 (p.4168) | ORDER Granting 81 (p.4155) Unopposed MOTION to Realign Parties ( Status Conference set for 9/23/2022 at 11:00 AM in Courtroom 8C before Judge Alfred H Bennett)(Signed by Judge Alfred H Bennett) Parties notified.(ledwards, 4) (Entered: 09/10/2022) |
| 09/15/2022 | 84 (p.4170) | Unopposed MOTION to Reset STATUS CONFERENCE by Philadelphia Indemnity Insurance Company, filed. Motion Docket Date 10/6/2022. (Attachments: # 1 (p.18) Proposed Order)(Melendi, Stephen) (Entered: 09/15/2022) |
| 09/21/2022 | 85 (p.4173) | ORDER granting 84 (p.4170) Motion to Reset; Motion-related deadline set re: 84 (p.4170) Unopposed MOTION to Reset STATUS CONFERENCE. Status Conference set for 9/28/2022 at 10:00 AM in Courtroom 9A before Judge Alfred H Bennett.(Signed by Judge Alfred H Bennett) Parties notified.(ledwards, 4) (Entered: 09/21/2022) |
| 09/23/2022 | 86 (p.4174) | RESPONSE to 82 (p.4162) MOTION for Reconsideration of 80 (p.4145) Order on Motion for Summary Judgment filed by Megalomedia, Inc.. (Aravind, Santosh) (Entered: 09/23/2022) |
| 09/28/2022 | | Minute Entry for proceedings held before Judge Alfred H Bennett. STATUS CONFERENCE held on 9/28/2022. Pending Motion for Reconsideration Ripe Doc # 82 (p.4162) . Counsel announced case is ready for trial. Court will schedule 2-3 day bench trial for February 21, 2023 at 9:00 a.m. scheduling order to follow. Appearances: Santosh Shankaran Aravind, Stephen A Melendi.(Court Reporter: H. Alcaraz), filed.(ledwards, 4) (Entered: 09/28/2022) |
| 09/28/2022 | 87 (p.4181) | SCHEDULING ORDER. Trial Term: 2-3 Days. Joint Pretrial Order due by 2/3/2023. Docket Call set for 2/17/2023 at 01:30 PM in Courtroom 9A before Judge Alfred H Bennett Bench Trial set for 2/21/2023 at 09:00 AM in Courtroom 9A before Judge Alfred H Bennett(Signed by Judge Alfred H Bennett) Parties notified.(ledwards, 4) (Entered: 09/28/2022) |

| 02/03/2023 | 88 (p.4182) | Joint Proposed Pretrial Order by Megalomedia, Inc.(Aravind, Santosh) (Entered: 02/03/2023) |
|---|---|---|
| 02/03/2023 | 89 (p.4201) | Exhibit List by Megalomedia, Inc.(Aravind, Santosh) (Entered: 02/03/2023) |
| 02/03/2023 | 90 (p.4211) | Proposed Findings of Fact/Conclusions of Law by Megalomedia, Inc.(Aravind, Santosh) (Entered: 02/03/2023) |
| 02/03/2023 | 91 (p.4226) | Proposed Conclusions of Law by Philadelphia Indemnity Insurance Company(Melendi, Stephen) (Entered: 02/03/2023) |
| 02/03/2023 | 92 (p.4230) | Proposed Findings of Fact by Philadelphia Indemnity Insurance Company(Melendi, Stephen) (Entered: 02/03/2023) |
| 02/03/2023 | 93 (p.4236) | Exhibit List by Philadelphia Indemnity Insurance Company(Melendi, Stephen) (Entered: 02/03/2023) |
| 02/09/2023 | 94 (p.4246) | NOTICE of Appearance by Grant P. Martin on behalf of Philadelphia Indemnity Insurance Company, filed. (Martin, Grant) (Entered: 02/09/2023) |
| 02/09/2023 | 95 (p.4248) | PHILADELPHIAS NOTICE OF ADDITIONAL RECENT AUTHORITY by Philadelphia Indemnity Insurance Company, filed. (Attachments: # 1 (p.18) Exhibit 1)(Melendi, Stephen) (Entered: 02/09/2023) |
| 02/13/2023 | 96 (p.4270) | MOTION to Exclude Evidence Relating to Other Insurance Policies by Megalomedia, Inc., filed. Motion Docket Date 3/6/2023. (Attachments: # 1 (p.18) Exhibit A, # 2 (p.42) Exhibit B, # 3 (p.50) Exhibit C, # 4 (p.79) Exhibit D, # 5 (p.81) Exhibit E, # 6 (p.83) Exhibit F, # 7 (p.85) Exhibit G, # 8 (p.87) Proposed Order)(Aravind, Santosh) (Entered: 02/13/2023) |
| 02/13/2023 | 97 (p.4324) | RESPONSE to 95 (p.4248) Document *(Notice of Additional Recent Activity)*, filed by Megalomedia, Inc.. (Aravind, Santosh) (Entered: 02/13/2023) |
| 02/14/2023 | 98 (p.4331) | REPLY *BRIEF REGARDING ADDITIONAL AUTHORITY*, filed by Philadelphia Indemnity Insurance Company. (Melendi, Stephen) (Entered: 02/14/2023) |
| 02/14/2023 | 99 (p.4339) | OBJECTIONS *to Defendant's Exhibits*, filed by Megalomedia, Inc.. (Aravind, Santosh) (Entered: 02/14/2023) |
| 02/14/2023 | 100 (p.4348) | OBJECTIONS *TO MEGALOMEDIAS TRIAL EXHIBITS*, filed by Philadelphia Indemnity Insurance Company. (Melendi, Stephen) (Entered: 02/14/2023) |
| 02/16/2023 | 101 (p.4352) | Amended Exhibit List by Philadelphia Indemnity Insurance Company(Melendi, Stephen) (Entered: 02/16/2023) |
| 02/16/2023 | 102 (p.4362) | BRIEF *IN SUPPORT OF ITS RESPONSE IN OPPOSITION TO PLAINTIFFS MOTION TO EXCLUDE EVIDENCE RELATING TO OTHER INSURANCE POLICIES* re: 96 (p.4270) MOTION to Exclude Evidence Relating to Other Insurance Policies by Philadelphia Indemnity Insurance Company, filed. (Attachments: # 1 (p.18) Exhibit A, # 2 (p.42) Exhibit B, # 3 (p.50) Exhibit C, # 4 (p.79) Exhibit D, # 5 (p.81) Exhibit E, # 6 (p.83) Proposed Order)(Melendi, Stephen) (Entered: 02/16/2023) |
| 02/17/2023 | | Minute Entry for proceedings held before Judge Alfred H Bennett. DOCKET CALL held on 2/17/2023. Bench trial scheduled to begin Tuesday, February 21, 2023 at 1:30 p.m. (due to schedule conflict). Counsel estimates 2-3 day trial. Findings of |

| | | |
|---|---|---|
| | | Fact and Conclusion of Law due after trial consistent with evidence presented at trial. Appearances: Santosh Shankaran Aravind, Anthony Frank Arguijo, Matthew Rigney, Stephen A Melendi.(Court Reporter: G. Dye), filed.(ledwards, 4) (Entered: 02/21/2023) |
| 02/21/2023 | 103 (p.4401) | STIPULATION re: Order on Exhibits by Megalomedia Studios, LLC, filed.(Aravind, Santosh) (Entered: 02/21/2023) |
| 02/21/2023 | | Minute Entry for proceedings held before Judge Alfred H Bennett. First day of BENCH TRIAL held on 2/21/2023. W1- J. McKinley sworn at 1:45 p.m. The Court took a break 2:45-3:00 p.m. testimony resumed. W2- D. Stalnaker sworn at 4:15 p.m. Court concluded at approximately 5:20 p.m. Bench trial will resume February 22, 2023 at 9:00 a.m. Appearances: Santosh Shankaran Aravind, Stephen Edward McConnico, Anthony Frank Arguijo, Matthew Rigney, Grant Perry Martin, Stephen A Melendi.(Court Reporter: G. Dye), filed.(ledwards, 4) Modified on 2/23/2023 (Entered: 02/21/2023) |
| 02/21/2023 | | ***Set/Reset Deadlines/Hearings: Bench Trial set for 2/23/2023 at 09:00 AM in Courtroom 9A before Judge Alfred H Bennett (ledwards, 4) (Entered: 02/21/2023) |
| 02/21/2023 | | ***Set/Reset Deadlines/Hearings: Bench Trial set for 2/22/2023 at 09:00 AM in Courtroom 9A before Judge Alfred H Bennett (ledwards, 4) (Entered: 02/21/2023) |
| 02/22/2023 | | ***Set/Reset Scheduling Order and Trial Settings: Bench. Bench Trial set for 2/23/2023 at 09:00 AM in Courtroom 9A before Judge Alfred H Bennett (ledwards, 4) (Entered: 02/22/2023) |
| 02/22/2023 | 104 (p.4406) | ORDER denying 82 (p.4162) Motion for Reconsideration.(Signed by Judge Alfred H Bennett) Parties notified.(ledwards, 4) (Entered: 02/22/2023) |
| 02/22/2023 | | Minute Entry for proceedings held before Judge Alfred H Bennett. Second day of BENCH TRIAL held on 2/22/2023. Court briefly took up issue regarding a witness. W3- T. Westberry sworn in at approximately 9:00 a.m. The Court took a break 10:30 a.m. -10:45 am. Witness testimony resumed. Lunch break 12pm-1pm. W4- J. Nowzaraean sworn in at approximately 1:20 p.m. Court took a break 2:45pm-3:00 pm. W6- C. Michaud sworn. Court recessed at 4:45 p.m. Bench trial will resume Thursday, February 23rd at 9:00 a.m. Appearances: Santosh Shankaran Aravind, Stephen Edward McConnico, Anthony Frank Arguijo, Matthew Rigney, Grant Perry Martin, Stephen A Melendi.(Court Reporter: G. Dye), filed.(ledwards, 4) (Entered: 02/22/2023) |
| 02/23/2023 | | Minute Entry for proceedings held before Judge Alfred H Bennett. Third day of BENCH TRIAL held on 2/23/2023. W6-Jennifer Costantini sworn. Court took a break 10:10-10:20 a.m. testimony resumed. Bench trial concluded at approximately 12:00 p.m. The Court ordered the following deadlines: Briefing due March 17, 2023, Response due March 24, 2023. Revised due: March 31, 2023. Finding of Fact and Conclusion of Law due April 7, 2023. The Court imposed 10 and 5 page limits for the briefs and responses, respectively. Appearances: Santosh Shankaran Aravind, Stephen Edward McConnico, Anthony Frank Arguijo, Matthew Rigney, Grant Perry Martin, Stephen A Melendi.(Court Reporter: G. Dye), filed.(ledwards, 4) Modified on 2/27/2023 (ledwards, 4). (Entered: 02/23/2023) |
| 02/24/2023 | 105 (p.4407) | AO 435 TRANSCRIPT REQUEST by Stephen Melendi for Transcript of Docket Call on 2/17/23 & Trial 2/21/23 - 2/23/23 before Judge Bennett. Expedited (7 days) turnaround requested. Court Reporter/Transcriber: Gayle Dye, filed. (Melendi, Stephen) (Entered: 02/24/2023) |

| | | |
|---|---|---|
| 03/03/2023 | <u>106</u><br>(p.4614) | TRANSCRIPT re: Docket Call held on February 17, 2023, before Judge Alfred H Bennett. Court Reporter/Transcriber Dye. Release of Transcript Restriction set for 6/1/2023., filed. (Dye, Gayle) (Entered: 03/03/2023) |
| 03/03/2023 | <u>107</u><br>(p.4648) | TRANSCRIPT re: Bench Trial - Day 1 held on February 21, 2023, before Judge Alfred H Bennett. Court Reporter/Transcriber Dye. Release of Transcript Restriction set for 6/1/2023., filed. (Dye, Gayle) (Entered: 03/03/2023) |
| 03/03/2023 | <u>108</u><br>(p.4842) | TRANSCRIPT re: Bench Trial - Day 2 held on February 22, 2023, before Judge Alfred H Bennett. Court Reporter/Transcriber Dye. Release of Transcript Restriction set for 6/1/2023., filed. (Dye, Gayle) (Entered: 03/03/2023) |
| 03/03/2023 | <u>109</u><br>(p.5152) | TRANSCRIPT re: Bench Trial - Day 3 held on February 23, 2023, before Judge Alfred H Bennett. Court Reporter/Transcriber Dye. Release of Transcript Restriction set for 6/1/2023., filed. (Dye, Gayle) (Entered: 03/03/2023) |
| 03/06/2023 | <u>110</u><br>(p.4409) | Notice of Filing of Official Transcript as to <u>106 (p.4614)</u> Transcript. Party notified, filed. (mmarquez, 5) (Entered: 03/06/2023) |
| 03/06/2023 | <u>111</u><br>(p.4410) | Notice of Filing of Official Transcript as to <u>107 (p.4648)</u> Transcript. Party notified, filed. (mmarquez, 5) (Entered: 03/06/2023) |
| 03/06/2023 | <u>112</u><br>(p.4411) | Notice of Filing of Official Transcript as to <u>108 (p.4842)</u> Transcript. Party notified, filed. (mmarquez, 5) (Entered: 03/06/2023) |
| 03/06/2023 | <u>113</u><br>(p.4412) | Notice of Filing of Official Transcript as to <u>109 (p.5152)</u> Transcript. Party notified, filed. (mmarquez, 5) (Entered: 03/06/2023) |
| 03/24/2023 | <u>114</u><br>(p.4413) | POST-TRIAL BRIEF by Philadelphia Indemnity Insurance Company(Melendi, Stephen) (Entered: 03/24/2023) |
| 03/24/2023 | <u>115</u><br>(p.4424) | POST-TRIAL BRIEF by Megalomedia, Inc.(Arguijo, Anthony) (Entered: 03/24/2023) |
| 03/31/2023 | <u>116</u><br>(p.4436) | RESPONSE *to Philadelphia Indemnity Insurance Company's Post-Trial Brief*, filed by Megalomedia, LLC. (Aravind, Santosh) (Entered: 03/31/2023) |
| 03/31/2023 | <u>117</u><br>(p.4443) | RESPONSE *TO MEGALOMEDIAS POST-TRIAL BRIEF*, filed by Philadelphia Indemnity Insurance Company. (Melendi, Stephen) (Entered: 03/31/2023) |
| 04/07/2023 | <u>118</u><br>(p.4450) | STIPULATION re: Stipulation and Order on Supplement to the Trial Record by Philadelphia Indemnity Insurance Company, filed. (Attachments: # <u>1 (p.18)</u> Exhibit Exhibit A)(Melendi, Stephen) (Entered: 04/07/2023) |
| 04/07/2023 | <u>119</u><br>(p.4463) | STIPULATION re: Stipulation Regarding The Submission of Attorney's Fees and Other Evidence by Philadelphia Indemnity Insurance Company, filed.(Melendi, Stephen) (Entered: 04/07/2023) |
| 04/07/2023 | <u>120</u><br>(p.4467) | Proposed Conclusions of Law by Philadelphia Indemnity Insurance Company(Melendi, Stephen) (Entered: 04/07/2023) |
| 04/07/2023 | <u>121</u><br>(p.4477) | Proposed Findings of Fact by Philadelphia Indemnity Insurance Company(Melendi, Stephen) (Entered: 04/07/2023) |
| 04/07/2023 | <u>122</u><br>(p.4489) | Proposed Findings of Fact/Conclusions of Law by Megalomedia, Inc.(Arguijo, Anthony) (Entered: 04/07/2023) |
| 04/13/2023 | | |

| | | |
|---|---|---|
| | 123 (p.4516) | STIPULATION AND ORDER(Signed by Judge Alfred H Bennett) Parties notified.(ledwards, 4) (Entered: 04/13/2023) |
| 04/13/2023 | 124 (p.4517) | STIPULATION Regarding the Submission of Attorney's Fees and Other Evidence. (Signed by Judge Alfred H Bennett) Parties notified.(ledwards, 4) (Entered: 04/13/2023) |
| 08/08/2023 | | (Court only) ***Motion(s) terminated: 96 (p.4270) MOTION to Exclude Evidence Relating to Other Insurance Policies. Doc.#96 resolved during docket call on 2/17/2023. (DSmith, 4) (Entered: 08/08/2023) |
| 09/28/2023 | 125 (p.4519) | FINDINGS OF FACT AND CONCLUSIONS OF LAW(Signed by Judge Alfred H Bennett) Parties notified.(LisaEdwards, 4) (Entered: 09/28/2023) |
| 10/19/2023 | 126 (p.4539) | MOTION for *ENTRY OF FINAL* Judgment by Philadelphia Indemnity Insurance Company, filed. Motion Docket Date 11/9/2023. (Melendi, Stephen) (Entered: 10/19/2023) |
| 10/20/2023 | 127 (p.4546) | FINAL JUDGMENT in favor of Philadelphia Indemnity Insurance Co. and against Megalomedia, Inc. Case terminated on 10/20/23.(Signed by Judge Alfred H Bennett) Parties notified.(LisaEdwards, 4) (Entered: 10/20/2023) |
| 11/03/2023 | 128 (p.4548) | BILL OF COSTS in total amount $24,129.67 by Philadelphia Indemnity Insurance Company, filed. (Attachments: # 1 (p.18) Exhibit 1)(Melendi, Stephen) (Entered: 11/03/2023) |
| 11/10/2023 | 129 (p.4591) | OBJECTIONS to 128 (p.4548) Bill of Costs *Plaintiff Megalomedia's Objections to Defendant Philadelphia's Application for Costs*, filed by Megalomedia, Inc.. (Aravind, Santosh) (Entered: 11/10/2023) |
| 11/17/2023 | 130 (p.4598) | NOTICE OF APPEAL to US Court of Appeals for the Fifth Circuit re: 127 (p.4546) Final Judgment by DBA Holdings, LLC, Mansfield Films, LLC, Megalomedia Studios, LLC, Megalomedia, Inc. (Filing fee $ 505, receipt number ATXSDC-30823896), filed. (Attachments: # 1 (p.18) Exhibit A)(Aravind, Santosh) (Entered: 11/17/2023) |
| 11/20/2023 | 131 (p.4603) | Clerks Notice of Filing of an Appeal. The following Notice of Appeal and related motions are pending in the District Court: 130 (p.4598) Notice of Appeal,. Fee status: Paid. Reporter(s): M. Malone, K. Miller, H. Alcaraz, filed. (Attachments: # 1 (p.18) Notice of Appeal) (JenniferLongoria, 1) (Entered: 11/20/2023) |
| 11/20/2023 | | Appeal Review Notes re: 130 (p.4598) Notice of Appeal,. Fee status: Paid. The appeal filing fee has been paid or an ifp motion has been granted. Hearings were held in the case. DKT13 transcript order form(s) due within 14 days of the filing of the notice of appeal. Four (4) transcripts were produced. Number of DKT-13 Forms expected: 8. Pending the filing of trial exhibits, filed.(JenniferLongoria, 1) (Entered: 11/20/2023) |
| 11/21/2023 | 132 (p.4607) | DKT13 TRANSCRIPT ORDER REQUEST by Megalomedia / Santosh Aravind. Transcript is already on file in Clerks office regarding Bench Trial, February 21-23, 2023. (No transcript is needed). Court Reporter/Transcriber: Gayle Dye. This order form relates to the following: 130 (p.4598) Notice of Appeal,, filed.(Aravind, Santosh) (Entered: 11/21/2023) |
| 11/22/2023 | | Notice of Assignment of USCA No. 23-20570 re: 130 (p.4598) Notice of Appeal,, filed.(JenniferLongoria, 1) (Entered: 11/22/2023) |

| 11/28/2023 | | (Court only) Cleared Flags. APPEAL_NAT flag cleared. (BerthaVasquez, 1) (Entered: 11/28/2023) |
|---|---|---|
| 11/29/2023 | 133 (p.4609) | ORDER Withdrawing Bench Trial Exhibits (Signed by Judge Alfred H Bennett) Parties notified.(LisaEdwards, 4) (Entered: 11/29/2023) |
| 12/13/2023 | 134 (p.4610) | Order of USCA re: 130 (p.4598) Notice of Appeal ; USCA No. 23-20570. The appeal is dismissed as of December 13, 2023 for want of prosecution. The Appellants failed to timely order transcript and make financial arrangements with court reporter, filed.(DahlilaRodriguez, 1) (Entered: 12/13/2023) |
| 12/18/2023 | 135 (p.4613) | Order of USCA re: 130 (p.4598) Notice of Appeal, ; USCA No. 23-20570. The court has granted appellants' motion to reinstate the appeal. We request that the district court clerk forward the record and or exhibits to us within 15 days of this date. Appeal reinstated., filed.(BerthaVasquez, 1) (Entered: 12/18/2023) |

TAB 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MEGALOMEDIA, INC., *et al.*,           §
                                       §
        *Plaintiffs*,                  §
                                       §
V.                                     §
                                       §      Civil Action No. 4:20-cv-01644
PHILADELPHIA INDEMNITY                 §
INSURANCE COMPANY,                     §
                                       §
                                       §
        *Defendant*.                   §

## <u>NOTICE OF APPEAL</u>

Plaintiffs Megalomedia, Inc., Megalomedia Studios, LLC, Mansfield Films, LLC, and

DBA Holdings, LLC (together, "Megalomedia") give notice of their intent to appeal the Final

Judgment in the above-styled and numbered case (Dkt. #127), which was entered on or about

October 20, 2023, to the United States Court of Appeals for the Fifth Circuit. A true and correct

copy of this Court's Final Judgment is attached hereto as Exhibit A.

Respectfully submitted,

By:     */s/Santosh Aravind*            
Steve McConnico (attorney-in-charge)
smcconnico@scottdoug.com
Texas Bar No. 13450300
S.D. Texas No. 2879
Santosh Aravind
saravind@scottdoug.com
Texas Bar No. 24095052
S.D. Texas No. 2887372
Anthony Arguijo
aarguijo@scottdoug.com
Texas Bar No. 24079781
S.D. Texas No. 2147699
**SCOTT DOUGLASS & MCCONNICO LLP**
303 Colorado Street, Suite 2400
Austin, TX 78701
(512) 495-6300
(512) 495-6399 Fax

ATTORNEYS FOR MEGALOMEDIA

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing has been served on counsel of record by ECF on November 17, 2023:

Stephen A. Melendi
Matthew Rigney
Grant Martin
TOLLEFSON BRADLEY MITCHELL & MELENDI, LLP
2811 McKinney Avenue, Suite 250
Dallas, Texas 75204
Telephone: 214-665-0100
Facsimile: 214-665-0199
stephenm@tbmmlaw.com
mattr@tbmmlaw.com
GrantM@tbmmlaw.com

ATTORNEYS FOR DEFENDANT
PHILADELPHIA INSURANCE CO.

                    */s/Santosh Aravind*        
                    Santosh Aravind

4858-4718-2481

23-20570.4599

# EXHIBIT A

23.20570.4600

United States District Court
Southern District of Texas
**ENTERED**
October 20, 2023
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **MEGALOMEDIA, INC., et al.** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:20-cv-01644** |
| | § | |
| **PHILADELPHIA INDEMNITY** | § | |
| **INSURANCE COMPANY** | § | |
| | § | |
| **Defendant.** | § | |

**<u>FINAL JUDGMENT</u>**

For the reasons stated in the Order of May 28, 2021 (Doc. #32; *see also* Doc #125 ¶¶ 55-56), Philadelphia has no duty to defend or indemnify Megalomedia, Inc.; Megalomedia Studios, LLC; Mansfield Films, LLC; or DBA Holdings, LLC (collectively "Megalomedia") against the claims asserted by former contestants of the reality TV show My 600-Lb. Life, including the suit styled *Karen Sue Bonner, et al., v. Megalomedia, Inc., et al.*, no. 2020-03929, in the 55th Judicial District Court in Harris County, Texas; all suits that were consolidated into the *Bonner* case; or any similar lawsuit.

On February 21, 2023 the Parties proceeded to a bench trial regarding Megalomedia's counterclaims against Philadelphia for fraud, fraudulent inducement, fraud by omission, violation of the DTPA, and violation of the Texas Insurance Code. Based on the Court's September 28, 2023 Findings of Fact and Conclusions of Law (Doc. #125), Megalomedia shall take nothing on its counterclaims for fraud, fraudulent inducement, fraud by omission, violation of the DTPA, and violation of the Texas Insurance Code. Megalomedia's counterclaims shall be dismissed on the merits.

Philadelphia shall recover all taxable costs from Plaintiff Megalomedia, Inc.

23-20570.4601

All relief not granted in this Judgment is denied.

This is a final, appealable judgment that resolves all claims among all parties.

Signed on October OCT 2 0 2023 , 2023

_____

The Honorable Alfred H. Bennett
United States District Judge

2

TAB 3

United States District Court
Southern District of Texas

**ENTERED**

October 20, 2023

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **MEGALOMEDIA, INC., et al.** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:20-cv-01644** |
| | § | |
| **PHILADELPHIA INDEMNITY** | § | |
| **INSURANCE COMPANY** | § | |
| | § | |
| **Defendant.** | § | |

**<u>FINAL JUDGMENT</u>**

For the reasons stated in the Order of May 28, 2021 (Doc. #32; *see also* Doc #125 ¶¶ 55-56), Philadelphia has no duty to defend or indemnify Megalomedia, Inc.; Megalomedia Studios, LLC; Mansfield Films, LLC; or DBA Holdings, LLC (collectively "Megalomedia") against the claims asserted by former contestants of the reality TV show My 600-Lb. Life, including the suit styled *Karen Sue Bonner, et al., v. Megalomedia, Inc., et al.*, no. 2020-03929, in the 55th Judicial District Court in Harris County, Texas; all suits that were consolidated into the *Bonner* case; or any similar lawsuit.

On February 21, 2023 the Parties proceeded to a bench trial regarding Megalomedia's counterclaims against Philadelphia for fraud, fraudulent inducement, fraud by omission, violation of the DTPA, and violation of the Texas Insurance Code. Based on the Court's September 28, 2023 Findings of Fact and Conclusions of Law (Doc. #125), Megalomedia shall take nothing on its counterclaims for fraud, fraudulent inducement, fraud by omission, violation of the DTPA, and violation of the Texas Insurance Code. Megalomedia's counterclaims shall be dismissed on the merits.

Philadelphia shall recover all taxable costs from Plaintiff Megalomedia, Inc.

All relief not granted in this Judgment is denied.

This is a final, appealable judgment that resolves all claims among all parties.

Signed on October OCT 2 0 2023 , 2023

_____

The Honorable Alfred H. Bennett
United States District Judge

# TAB 4

United States District Court
Southern District of Texas
**ENTERED**
September 28, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MEGALOMEDIA, INC., *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-01644 |
| | § | |
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

Defendants/Counter-Plaintiffs Megalomedia, Inc., Megalomedia Studios, LLC, Mansfield Films, LLC, and DBA Holdings, LLC (collectively "Megalomedia") filed amended counterclaims against Plaintiff/Counter-Defendant Philadelphia Indemnity Insurance Company ("Philadelphia Indemnity") alleging: (1) fraudulent inducement, (2) violations of Chapter 541, Subchapter B of the Texas Insurance Code (hereinafter the "Insurance Code"), and (3) violations of the Texas Deceptive Trade Practices Act (hereinafter the "DTPA").  Doc. #50.  On August 16, 2022, the Court partially granted Philadelphia Indemnity's Motion for Summary Judgment (Doc. #68) with respect to Megalomedia's extracontractual claims, but denied it with respect to Megalomedia's fraudulent inducement, Insurance Code, and DTPA claims.  Doc. #80.  On February 21, 2023, the above-captioned case proceeded to trial before this Court.  Megalomedia appeared by and through their counsel of record and Philadelphia Indemnity appeared by and through its counsel of record. After considering the pleadings, the evidence, the arguments, and authorities presented by counsel and the parties, the Court makes its findings of fact and conclusions of law as attached hereto.

## FINDINGS OF FACT

1.      Megalomedia is a television production studio based in Austin, Texas. Megalomedia has produced programs such as *Shipping Wars*, *Heavy*, and *My 600-Lb Life*. Doc. #108 at 6:8–11 (Westberry).

2.      Jonathan Nowzaradan ("Nowzaradan") has been Megalomedia's president and executive producer since the company's inception approximately 20 years ago. Doc. #108 at 147:5–9 (Nowzaradan).

3.      Toni Westberry ("Westberry") has worked at Megalomedia for more than 12 years and has been the Chief Financial Officer (CFO) since 2018. Doc. #108 at 6:6–24. Her CFO responsibilities are to oversee the accounting department and other general business activities, including obtaining insurance. *Id.* at 6:25–7:24.

4.      In 2010, Megalomedia sought to obtain commercial general liability insurance coverage for its television productions. Don Stalnaker ("Stalnaker"), a marketing rep for Philadelphia Indemnity, told Jason McKinley ("McKinley"), an insurance broker and Nowzaradan's personal friend, about Philadelphia Indemnity's production company insurance coverage offerings over lunch. Doc. #107 at 19:205–20:19 (McKinley).

5.      As a result of information received from McKinley, Megalomedia eventually submitted an application to Philadelphia Indemnity for coverage for a film-production insurance product. Doc. # 107 at 21:16–23:8 (McKinley).

6.      In the application, Megalomedia was required to provide information about the "name and description for production(s) for which coverage is requested" as part of the general liability section. Trial Ex. P-1 at PHLY 9671. Megalomedia listed the productions *Heavy* and

2

*Quintuplets by Surprise* on its original application, identifying them as "reality based TV shows/documentaries." *Id.*

7.     Philadelphia Indemnity "approved" the applications as submitted, meaning that Philadelphia "quoted" and provided general liability coverage for *Heavy*, *Quintuplets by Surprise*, and two other productions.  Doc. #107 at 26:2–8 (McKinley); Trial Ex. P-1, P-5.  At the time, Philadelphia Indemnity was building its book of film production business, and the Megalomedia account was the first film production insurance policy (the "Policy") for its Austin office.  Trial Ex. P-5 at PHLY 6977.

8.     The Philadelphia Indemnity policies provided Megalomedia with coverage for a variety of risks over several coverage areas: general liability, commercial property, inland marine, and commercial auto.  *See* Trial Ex. P-116 at PHLY 16063; Doc. #109 at 21:24–22:4 (Costantini); *see also* Trial Exs. 119, 123, 128, 132, 135, 137, 141, 145.

9.     Although Philadelphia Indemnity's film-production product contained several forms of insurance, the focus of the film-production product was general liability coverage.  Doc. #107 at 134:3–21.  To Megalomedia, general liability was the "most important" type of insurance coverage offered by Philadelphia Indemnity because film production carried the most risk.  Doc. #108 at 16:3–12.

10.     The Film Production Additional Coverages Form in the Policy includes a provision that provides liability insurance for claims made against Megalomedia.  Trial Ex. P-116 at PHLY 16194, PHLY 16204–06; Trial Ex. P-119 at PHLY 16400; Trial Ex. P-123 at PHLY 16589; Trial Ex. P-132 at PHLY 17025.

3

23-20570.4521

11.     Under general liability Coverage B, Megalomedia was insured against certain potential claims that pose significant risks to production companies like Megalomedia. *E.g.,* Trial Ex. P-116 at PHLY 16149.

12.     The bases for the general liability premium charged by Philadelphia Indemnity to Megalomedia for all of the policies were Megalomedia's gross production costs.  Doc. #109 at 17:2–12 (Costantini).

13.     In 2011, Megalomedia sought coverage for a new production, *Cartel City*.  Trial Ex. P-10.  *Cartel City* followed the "day-to-day life of the LaJoya Police Department."  *Id.* Philadelphia Indemnity declined coverage for *Cartel City*.  Trial Ex. P-14.

14.     Thus, there were pre-issuance determinations made by Philadelphia Indemnity's underwriters as to whether specific Megalomedia productions would be classified as "documentaries," and thus covered, or excluded from coverage based on their classification as "reality shows" under the "reality show" exclusion.  *See* Trial Ex. P-13 ("This sounds more like 'cops' and more like a reality show then [sic] a documentary."); *see also* Doc. #109 at 70:11–20 (Costantini) (Philadelphia Indemnity underwriter testifying that it was her job to determine whether Megalomedia's productions fit Philadelphia Indemnity's "appetite").

15.     On June 3, 2011, in response to Megalomedia's denied application for *Cartel City*, Jennifer Costanini, an insurance underwriter for Philadelphia Indemnity, explained to her coworker via email that "We cannot add [*Cartel City*] and will add an exclusion for reality shows to the CG2153."  Trial Ex. P-13.  She then told that same coworker to "Please set up MTC to add wording to CG2153 'Excludes any/all reality shows.'"  Trial Ex. P-14.

16.     In explaining why it was denying coverage for *Cartel City*, Philadelphia Indemnity distinguished *Cartel City* from Megalomedia's other productions, telling Megalomedia's

4

23-20570.4522

insurance broker: "We had underwriting review the info for this new project and their response was it sounds more like a reality show than a documentary so we are not going to be able to add it to the [P]olicy." Trial Ex. P-15.

17.     Going forward, Philadelphia Indemnity amended Megalomedia's existing Policy by adding an endorsement, form number CG2153, titled "Exclusion – Designated Ongoing Operations" (reality TV exclusion).  Trial Ex. P-116 at PHLY 16232–34.

18.     The reality TV exclusion provided that claims for "bodily injury" and "property damage" arising out of reality TV shows are excluded from coverage under the Coverage A section of the general liability coverage form.  *Id.* at PHLY 16234.

19.     The reality TV exclusion applied to only one part of one of the coverages provided by the general liability coverage form (Coverage A).   It had no effect on the inland marine, commercial property, commercial auto, or any other coverages provided by the package policies. Nor did it have an effect on the liability coverage provided by the Film Production Additional Coverages Form.  Doc. #107 at 79:3–21, 80:2–81:7; Trial Ex. P-116 at PHLY 16234.  *Id.*

20.     On June 6, 2011, Philadelphia Indemnity explained in an email to Megalomedia's broker how it considered *Cartel City* to be a reality show and distinguished it from Megalomedia's other productions.  In response to Megalomedia's protest that *Cartel City* was not a reality show but was instead a documentary, Stalnaker represented that Philadelphia Indemnity was "okay with the other work that [Megalomedia was] doing, just not this particular project [*Cartel City*]." Trial Ex. P-16.  This representation was made by way of an email communication with Megalomedia's insurance agent.  *Id.*

21.     In his June 6, 2011, email to Megalomedia's broker, Stalnaker listed the dangers inherent with *Cartel City* before stating that Philadelphia Indemnity was "okay" with

23-20570.4523

Megalomedia's other shows, meaning shows that Philadelphia Indemnity "had already written the policy for"—the four productions on Megalomedia's original Supplemental Application. Doc. #107 at 152:17–153:23 (Stalnaker).

22.     Megalomedia had no direct contact with Philadelphia Indemnity; all communication between Philadelphia Indemnity and Megalomedia was made through McKinley or one of his employees. Doc. #108 at 111:20–112:2, 138:20–22 (Westberry).

23.     Later that year, as Megalomedia was considering renewing its Policy with Philadelphia Indemnity, Megalomedia inquired about new language in its quote that stated the Policy's "intent" was not to cover reality shows. An email from one of Philadelphia Indemnity's account representatives, Melissa Relf ("Relf"), to its underwriter, Costantini, reflects that Megalomedia asked Philadelphia Indemnity about whether its Policy would cover Megalomedia's other productions in light of certain renewal quote language: "Please note it is not this [P]olicy's intent to cover film and production of TV series and film and production of reality shows." Trial Ex. P-20.

24.     Megalomedia subsequently provided a description of upcoming projects, including *Quints by Surprise*, which was listed on the original application. Trial Ex. P-24. The only show that Philadelphia Indemnity expressed a concern about was *Fugitive Recovery*, due to its similarity to *Cops. Id.*

25.     Consistent with the internal Philadelphia Indemnity emails, Westberry testified that McKinley "talked to someone at Philadelphia [Indemnity], and they had given him those same assurances" that Megalomedia's other shows were being covered. Doc. #108 at 71:23 – 72:15 (Westberry). Westberry was conveyed this information, relied on it, and continued to purchase

23-20570.4524

insurance from Philadelphia Indemnity as a result of these assurances.  *Id.* at 127:10–16, 142:22–143:14.

26.     Each year from 2011 to 2019, Philadelphia Indemnity offered to renew the Policy and sent Megalomedia an insurance proposal that contained the CG2153 reality TV exclusion, and Megalomedia accepted it each time.  Doc. #107 at 83:2–11, 84:12–19, 86:17–25, 94:18–22, 100:17–21, 103:22–104:9 (McKinley); Doc. #108 at 74:4–10 (Westberry).

27.     The proposals specifically advised Megalomedia that "[a]ny other coverage extensions, deletions, or changes requested in the submission are hereby rejected."  Trial Ex. P-19 at PHLY 6002; Doc. #107 at 85:15–24 (McKinley).  McKinley understood that the information on the application did not determine the Policy's coverage; rather, the terms of the Policy determine the coverage.  Doc. #107 at 65:5–66:10.

28.     McKinley testified that he did not believe that Stalnaker intended to mislead Megalomedia.  Doc. #107 at 122:2–4.

29.     In the 2013 proposal for insurance sent to McKinley by Philadelphia Indemnity, Nowzaradan's signature appears directly beneath the paragraph that provides:

> No coverage is afforded or applied unless shown in this proposal. This proposal does not constitute a binder of insurance. This proposal is strictly limited to the terms and conditions herein. Any other coverage extensions, deletions, or changes requested in the submission are hereby rejected.

Trial Ex. P-43 at PHLY 5188; Doc. #107 at 85:15–24 (McKinley).  The final decision-making authority as to procuring insurance for Megalomedia rested with Nowzaradan.  Doc. #108 at 173:10–23 (Nowzaradan).

30.     Megalomedia's insurance applications were not immediately "approved" for coverage.   Instead, Philadelphia Indemnity would submit a proposal for insurance that Megalomedia could accept or reject.  Doc. #107 at 76:15–23, 74:17–75:3 (McKinley).

7

31.     At trial, Costantini testified that it was "completely immaterial" to Philadelphia Indemnity what shows Megalomedia listed on the supplemental application once a renewal policy was in place.  Trial Ex. P-30; Doc. #109 at 93:4–94:3.  But Philadelphia Indemnity *required* Megalomedia to submit a Supplemental Application to be considered for renewal.  Trial Ex. P-134 at 3 (stating that the quoted insurance was "subject to the following terms and conditions" and listing the following as "REQUIRED TO BIND: 1. Updated & Signed PHLY Film Production supplemental application").

32.     In 2013, Megalomedia sought coverage for its production, *Fugitive Recovery*, which followed U.S. Marshals tracking down fugitives.  Trial Ex. P-38.  Like *Cartel City*, Philadelphia Indemnity determined that it could not provide coverage for *Fugitive Recovery* due to the element of danger associated with the production.  Trial Ex. P-39.  Philadelphia Indemnity represented that the element of danger made *Fugitive Recovery* much different than Megalomedia's other productions, such as its weight-focused productions of *Heavy*, *Half-Ton Teen*, and *Half-Ton Mom*.  *See id.* ("Unfortunately, the US [marshals] show is much different [than the] prior shows such as 'Heavy' 'Half ton teen' 'Half ton mom' 'Tx Car Wars' 'Quints by surprise'").

33.     Consistent with Philadelphia Indemnity's internal emails, it provided this explanation to McKinley's office, who then communicated it to both Westberry and Nowzaradan, both of whom relied on this representation in continuing to review Megalomedia's policies with Philadelphia Indemnity.   Doc. #108 at 126:6–127:19 (Westberry); *Id.* at 155:11–156:1 (Nowzaradan).

34.     Neither Westberry nor Nowzaradan read any of the policies issued to Megalomedia. Doc. #108 at 179:1–180:4 (Nowzaradan); Doc. #108 at 67:10–11 (Westberry).  Neither Westberry

nor Nowzaradan knew that the Policy contained the CG2153 reality TV exclusion until 2020. Doc. #108 at 176:11–18 (Nowzaradan); Doc. #108 at 66:13–67:5 (Westberry).

35.    Philadelphia Indemnity's coverage decisions regarding *Cartel City* and *Fugitive Recovery* had no bearing on the existing policies issued to Megalomedia. Doc. #107 at 121:8–23 (McKinley).

36.    The "denial of coverage" for *Cartel City* and *Fugitive Recovery* were denials of separate policies altogether. Doc. #107 at 121:6–17 (McKinley). There was no inland marine, property, auto or general liability coverage for either of those shows. *Id.* at 121:15–23. Philadelphia Indemnity was still obligated to cover *My 600-Lb Life* for commercial property, commercial auto, inland marine, and general liability for "personal and advertising injury." Doc. #114 at 10.

37.    In addition to the insurance that Megalomedia purchased from Philadelphia Indemnity, Megalomedia also carried production insurance mandated by the TV networks which ran Megalomedia productions. Doc. #108 at 46:12–17 (Westberry).

38.    The network-mandated insurance policies purchased by Megalomedia also included general liability insurance. *E.g.*, Trial Ex. P-68 at PHLY 5892–5906.

39.    Unlike the Philadelphia Indemnity policies, the network-mandated policies were written on a production-specific basis. Doc. #108 at 103:22–104:4 (Westberry).

40.    Megalomedia represented *My 600-Lb Life* as a reality show to the insurers that provided its network-mandated policies. Trial Ex. P-162 at MEGA 1423.

41.    In November 2015 leading up to the renewal of the 2015–16 policy, Philadelphia Indemnity forwarded an underwriter's email to Megalomedia's agent, explaining that "[t]he Reality TV portion of this account is excluded on the CG2153." Trial Ex. P-53; Doc. #107 at

23-20570.4527

91:12–23 (McKinley).  Megalomedia still chose to renew the Policy.  Doc. #107 at 92:19–93:1 (McKinley).

42.     Also as part of the renewal for 2015, Megalomedia's agent sent Philadelphia Indemnity certificates of insurance for *My 600-Lb Life* seasons 4 and 5, *My 600-Lb Life: Where Are They Now* season 2, and *Flab to Fit*.  Trial Ex. P-46 at PHLY 6978, 9777; Doc. #107 at 87:24–90:6 (McKinley); *see also* Trial Ex. P-45.  These certificates evince that Megalomedia carried general liability insurance for these shows.  *Id.*

43.     For the 2015 renewal, Philadelphia Indemnity also told Megalomedia that "since we are not covering any of the reality TV, we need the gross production cost minus the reality TV figures."  Trial Ex. P-56 at PHLY 5275; Doc. #108 at 86:2–7 (Westberry).

44.     Megalomedia originally represented that its gross production costs were $16,090,101.  Trial Ex. P–54 at PHLY 7885; Doc. #107 at 120:6–23.  In response to Philadelphia Indemnity's request for Megalomedia's total production costs less reality TV production, Megalomedia revised this number down to $3 million.  Trial Ex. P–56 at PHLY 5274–75; Doc. #108 at 86:2–10 (Westberry).  The $3 million number did not include any cost associated with *My 600-Lb Life*.  Doc. #108 at 87:22–24 (Westberry).  Specifically, the request was for gross production costs less the costs for reality TV productions, not for gross production costs less the costs for *My 600-Lb Life*.  Trial Ex. P-56 at PHLY 5274–75.

45.     Likewise in 2016, Philadelphia Indemnity reminded Megalomedia's agent that the CG 2153 endorsement excludes coverage for reality TV projects.  Trial Ex. P-66 at PHLY 09782; Doc. #107 at 95:1–18 (McKinley).  Philadelphia Indemnity asked Megalomedia for proof of other general liability coverage for its reality TV shows and told Megalomedia that it could not bind the

Philadelphia Indemnity policies until this information was received.  Trial Ex. P-66 at PHLY 09782; Doc. #107 at 100:17–101:1 (McKinley).

46.     In response, Megalomedia sent Philadelphia Indemnity proof of general liability coverage for *My 600-Lb Life*.  Trial Ex. P-68 at PHLY 5895–96; Doc. #107 at 95:20–96:6, 101:2–25.

47.     Philadelphia Indemnity once again asked Megalomedia for its gross production costs less reality TV projects.  Trial Ex. P-67 at MEGA 290; Doc. #107 at 97:4–8 (McKinley).  McKinley knew that Philadelphia Indemnity wanted to know the gross production costs of the non-reality TV productions because gross production costs of covered productions is how Philadelphia Indemnity based its general liability premium.  Doc. #107 at 97:23–98:3 (McKinley).

48.     Like in 2015, the production cost Megalomedia reported to Philadelphia Indemnity for the 2016 renewal likewise did not include the production cost of *My 600-Lb Life*.  Doc. #108 at 93:24–94:4 (Westberry); *see supra* ¶ 44.

49.     The same thing happened in 2017, Megalomedia's agent sent Philadelphia Indemnity an email stating "Attached are the reality production certs," and attaching certificates for *My 600-Lb Life* seasons 6 and 7, *My 600-Lb Life Where Are They Now* season 4, and *Skin Tight*, season 3.  Trial Ex. P-77 at PHLY 8171, 8169, 8173–77;  Doc. #107 at 102:1–15 (McKinley); Doc. #108 at 95:10–96:1 (Westberry).  Megalomedia's agent received the certificates of insurance from Megalomedia before forwarding them to Philadelphia Indemnity.  Doc. #107 at 102:12–16 (McKinley); Doc. #108 at 96:2–9 (Westberry).

50.     Given the foregoing, including being specifically told about the CG2153 reality TV exclusion; being asked for certificates of insurance for reality TV shows and providing certificates of insurance for *My 600-Lb Life*; and being asked for gross production costs less reality TV shows

and providing costs excluding *My 600-Lb Life*, Megalomedia had constructive knowledge—or at the very least, should have known—of the unambiguous reality TV exclusion and the fact that *My 600-Lb Life* was considered a reality TV show.

51.     In 2020, several former participants of *My 600-Lb Life* sued Megalomedia, alleging that they suffered bodily injury as the result of their participation in the show.  Doc. #108 at 166:23–25 (Nowzaradan).  All of the lawsuits have since been dismissed except for one.  *Id.* at 167:1–2.

52.     After each lawsuit was filed, Megalomedia filed a claim with the network-mandated insurance it carried.  Megalomedia also reported the claims to Philadelphia Indemnity.  Doc. #108 at 54:14–24 (Westberry).  The Philadelphia Indemnity claims department, not any underwriter, determined whether the claim was covered.  Doc. #109 at 58:16–59:3 (Costantini); Doc. #68, Ex. 7 at 41:8–15, 49:22–25, 50:8–19, 52:13–53:1, 55:13–23.

53.     Philadelphia Indemnity denied Megalomedia's claims for defense and indemnity on each of the *My 600-Lb Life* lawsuits, based on the reality TV exclusion.  Trial Ex. P-167 at PHLY 2004.  Although Costantini testified that Philadelphia Indemnity never made a pre-claim determination about what shows were subject to the reality TV exclusion, it was shown during trial that Philadelphia Indemnity made a pre-issuance determination regarding *Cartel City*.  Doc. #109 at 59:23– 25, 67:11–18, 94:13–95:2 (Costantini); *see* Doc. #68, Ex. 7 at 41:8–15, 49:22–25, 50:8–19, 52:13–53:1, 55:13–23.

54.     Philadelphia Indemnity filed the subject lawsuit against Megalomedia as a declaratory judgment action on May 11, 2020.  Doc. #1.  The purpose of Philadelphia Indemnity's declaratory judgment action was to affirm its declination of coverage for the underlying *My 600-Lb Life* lawsuits based on the reality TV exclusion.  Doc. #1 ¶ 6.7.

23-20570.4530

55.     On November 23, 2020, Philadelphia Indemnity filed a Motion for Summary Judgment regarding its contractual duty to defend and/or indemnify Megalomedia in the underlying litigation.  Doc. #21.

56.     On May 28, 2021, Judge Vanessa Gilmore held that the reality TV exclusion was unambiguous, that it precluded coverage for the claims asserted in the underlying *My 600-Lb Life* litigation, and that Philadelphia Indemnity has no duty to defend or indemnify Megalomedia related to the underlying litigation.  Doc. #32.

57.     On June 1, 2021, Judge Gilmore entered a final judgment only to later set it aside to allow Megalomedia to pursue its counterclaims.  Doc. #33; Doc. #37.

58.     Megalomedia has paid Philadelphia Indemnity $326,976.24 in premiums.  Trial Ex. P-164.  Megalomedia has paid at least $1,053,851.21 defending the lawsuits brought by former *My 600-Lb Life* participants.  Trial Ex. P-160; Trial Ex. P-165.  Megalomedia has also incurred attorneys' fees in connection with this case in the amount of at least $534,948.91.  Trial Ex. P-159; Trial Ex. P-165.

23-20570.4531

<u>CONCLUSIONS OF LAW</u>

a.       **Fraudulent Inducement**

59.       Texas law imposes a duty to abstain from inducing another into a contract through the use of fraudulent misrepresentations. *Formosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc.*, 960 S.W.2d 41, 46 (Tex. 1998).  Fraudulent inducement "is a particular species of fraud that arises only in the context of a contract and requires the existence of a contract as part of its proof.  That is, with a fraudulent inducement claim, the elements of fraud must be established as they relate to an agreement between the parties. *Haase v. Glazner*, 62 S.W.3d 795, 798 (Tex. 2001).  Those elements include a showing that (1) a false material representation was made, (2) the representation was known to be false when it was made, (3) the false representation was intended to be acted upon, (4) the false representation was relied upon, and (5) the false representation caused injury. *Kevin M. Ehringer Enters., Inc. v. McData Servs. Corp.*, 646 F.3d 321, 325 (5th Cir. 2011).

60.       "A promise to do an act in the future is actionable fraud when made with the intention, design, and purpose of deceiving and with no intention of performing the act." *Spoljaric v. Percival Tours, Inc.,* 708 S.W.2d 432, 434 (Tex. 1986); *see also* Doc. #80 at 7.  A false promise can be the contract itself.  *Id.*  A material omission also can form the basis for a fraudulent inducement claim.  *See Johnson v. World Alliance Fin. Corp.*, 830 F.3d 192, 198 (5th Cir. 2016); *Williams v. WMX Tech.*, 112 F.3d 175, 177 (5th Cir. 1997).

61.       The elements of a claim for fraud by omission are the same as a claim for fraudulent inducement "with the exception that the misrepresentation element can be proven by omission of a material fact in light of a duty to disclose." *Smith v. BCE Inc.*, 225 F. App'x 212, 218 (5th Cir. 2007).  Here, Megalomedia must establish that Philadelphia Indemnity had a duty to disclose a

14

material fact it alleges that Philadelphia Indemnity omitted for Megalomedia to prevail on its fraudulent inducement claim. *Id.*

62.     An insurer cannot determine whether it has a duty to defend before a claim is made because the duty to defend is determined by comparing the facts alleged against the insured with the provisions of the Policy. *See Monroe Guar. Ins. Co. v. BITCO Gen. Ins. Corp.*, 640 S.W.3d 195, 199 (Tex. 2022); *Colony Nat. Ins. Co. v. Unique Indus. Prod. Co.*, 487 F. App'x 888, 891 (5th Cir. 2012).

63.     Likewise, an insurer cannot determine whether it has a duty to indemnify the insured before a claim is made because the duty to indemnify is determined by comparing the actual facts with the policy terms. *Monroe*, 640 S.W.3d at 199.

64.     Don Stalnaker's email of June 6, 2011 was a general statement that the Philadelphia Indemnity issued policy provided coverage, rather than a misrepresentation of specific policy terms. Trial Ex. P-16 at PHLY 05556. Philadelphia Indemnity had refused to issue policies for *Cartel City* and *Fugitive Recovery* in their entirety, while *My 600-Lb Life* was issued a policy that covered inland marine, commercial property, commercial auto, and Coverage B of general liability. *See supra* ¶¶ 19, 36. However, as a reality TV show, *My 600-Lb Life* was subject to the CG2153 reality TV exclusion for Coverage A of general liability. *See supra* ¶¶ 18–19. Thus, Stalnaker's email was not fraudulent. *Finger Oil*, 2023 WL 581650, at *3.

65.     Therefore, Philadelphia Indemnity made no misrepresentations of specific policy terms that could satisfy the essential elements of a fraud-based claim. *Finger Oil*, 2023 WL 581650, at *3; *Burton*, 869 F. Supp. at 486 (S.D. Tex. 1994).

23-20570.4533

66.     To sustain a fraud by omission claim, Megalomedia must establish that Philadelphia Indemnity omitted a material fact it had a duty to disclose. *Matter of Cyr*, 838 F. App'x 54, 62 (5th Cir. 2020); *Smith v. BCE Inc.*, 225 F. App'x 212, 218 (5th Cir. 2007).

67.     Philadelphia Indemnity had no affirmative duty to inform Megalomedia of what is and what is not covered by the Policy. *Burton v. State Farm Mut. Auto. Ins. Co.*, 869 F. Supp. 480, 486 (S.D. Tex. 1994), *aff'd*, 66 F.3d 319 (5th Cir. 1995); *Avila v. State Farm Fire & Cas. Co.*, 147 F. Supp. 2d 570, 581 (W.D. Tex. 1999); *Burton*, 869 F. Supp. at 486; *Hudspeth v. Enter. Life Ins. Co.*, 358 S.W.3d 373, 392 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *Ruiz v. Gov't Employees Ins. Co.*, 4 S.W.3d 838, 841 (Tex. App.—El Paso 1999, no pet.); *N. Am. Shipbuilding, Inc. v. S. Marine & Aviation Underwriting, Inc.*, 930 S.W.2d 829, 836 (Tex. App.—Houston [1st Dist.] 1996, no writ). Therefore, Philadelphia Indemnity cannot be held liable for fraud by omission for not explaining to Megalomedia that the CG2153 reality TV exclusion precludes coverage for "bodily injury" arising out of reality TV shows.

68.     The reality TV exclusion is unambiguous; it has only one reasonable meaning. *Nat'l Union Fire Ins. Co. v. Hudson Energy Co.*, 811 S.W.2d 552, 555 (Tex. 1991); Doc. #32 at 10. It excludes coverage for the underlying claims asserted against Megalomedia in the *My 600-Lb Life* lawsuits. Doc. #32 at 10.

69.     Megalomedia has an affirmative duty to read the Policy, and the subsequent renewals, and is charged with notice of their provisions, including the unambiguous reality TV exclusion. *Morris Cty. Nat. Bank v. John Deere Ins. Co.*, 254 F.3d 538, 541 (5th Cir. 2001); *Hunton*, 243 F. Supp. 2d at 706.

70.     Because Megalomedia had actual knowledge that the CG 2153 reality TV exclusion was part of the Policy, and it had actual knowledge that *My 600-Lb Life* is a reality TV show, it

16

23-20570.4534

cannot have justifiably relied on any representation made (or alleged omission) by Philadelphia Indemnity.

71.     Under Texas law, if a policy covers any claim, it is not illusory. *Balfour Beatty Constr., L.L.C. v. Liberty Mut. Fire Ins. Co.*, 968 F.3d 504, 515 (5th Cir. 2020). Because the Philadelphia Indemnity policies did provide coverage for other types of claims, including general liability claims not subject to the CG2153 exclusion (Coverage B), commercial property, inland marine, and commercial auto, they were not illusory. *Balfour*, 968 F.3d at 515 ("An insurance policy is not illusory merely because it does not provide coverage for a claim the policyholder thought it would cover."); *E.g.*, Trial Ex. P-116 at PHLY 16063; Doc. #109 at 21:24–22:4 (Costantini); Doc. #107 at 67:23–68:3 (McKinley); *see also* Trial Exs. P-116, 119, 123, 128, 132, 135, 137, 131, 145.

72.     Because Megalomedia cannot satisfy the essential elements of fraud, fraudulent inducement, or fraud by omission/nondisclosure, Philadelphia Indemnity is entitled to a judgment in its favor on these claims.

**b.     Insurance Code and DTPA**

73.     The Insurance Code and the DTPA overlap to provide additional avenues to relief for insureds. Under the Insurance Code, a person "who sustains actual damages may bring an action against another person for those damages caused by the other person engaging in an act or practice: . . . (2) specifically enumerated in Section 17.46(b), Business & Commerce Code, as an unlawful deceptive trade practice if the person bringing the action shows that the person relied on the act or practice to the person's detriment." Section 541.151(2).

74.     An insurance policy is a contract that establishes the respective rights and obligations to which an insurer and its insured have mutually agreed. *RSUI Indem. Co. v. The*

17

*Lynd Co.*, 466 S.W.3d 113, 118 (Tex. 2015). The Insurance Code supplements the parties' contractual rights and obligations by imposing procedural requirements that govern the manner in which insurers review and resolve an insured's claim for policy benefits. *See, e.g.*, TEX. INS. CODE § 541.060(a).

75.   The Insurance Code "grants insureds a private action against insurers that engage in certain discriminatory, unfair, deceptive, or bad-faith practices, and it permits insureds to recover 'actual damages . . . caused by' those practices, court costs, and attorney's fees, plus treble damages if the insurer 'knowingly' commits the prohibited act." *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 488 (Tex. 2018). "Actual damages" under the Insurance Code "are those damages recoverable at common law." *State Farm Life Ins. Co. v. Beaston*, 907 S.W.2d 430, 435 (Tex. 1995).

76.   The elements of a Chapter 541 claim are: (1) the parties are each a "person" under the Insurance Code; (2) the defendant engaged in an unfair act or practice listed in the code; and (3) the unfair act or practice was the producing cause of actual damages. *Molano v. Underwriters at Lloyd's London*, No. DR-15-CV-003-AM-VRG, 2015 WL 13134484, at *5 (W.D. Tex. Apr. 8, 2015).

77.   The elements of a valid DTPA complaint are: (1) the plaintiff is a consumer; (2) the defendant engaged in false, misleading, or deceptive acts; and (3) these acts constituted a producing cause of the consumer's damages. *Hugh Symons Grp., plc v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir. 2002).

78.   As stated previously (*see supra* ¶ 64), Don Stalnaker's email of June 6, 2011 was a general statement that the Philadelphia Indemnity Policy provided coverage, rather than a misrepresentation of specific policy terms. Trial Ex. P-16 at PHLY 05556. Philadelphia

23-20570.4536

Indemnity had refused to issue policies for *Cartel City* and *Fugitive Recovery* in their entirety, while *My 600-Lb Life* was issued a policy that covered inland marine, commercial property, commercial auto, and Coverage B of general liability. *See supra* ¶¶ 19, 36. However, as a reality TV show, *My 600-Lb Life* was subject to the CG2153 reality TV exclusion for Coverage A of general liability. *See supra* ¶¶ 18–19. Therefore, Stalnaker's email was not fraudulent. *Finger Oil*, 2023 WL 581650, at \*3.

79.     Philadelphia Indemnity made no misrepresentations of specific policy terms that are actionable under the Insurance Code or DTPA. *Finger Oil*, 2023 WL 581650, at \*3; *Burton*, 869 F. Supp. at 486 (S.D. Tex. 1994).

80.     Absent an affirmative misrepresentation that coverage exists in a specific situation, Megalomedia's mistaken belief about the scope of coverage is not actionable under the DTPA or the Insurance Code. *Finger Oil & Gas, Inc. v. Mid-Continent Cas. Co.*, No. 22-50432, 2023 WL 581650, at \*3 (5th Cir. Jan. 27, 2023); *Burton v. State Farm Mut. Auto. Ins. Co.*, 869 F. Supp. 480, 486 (S.D. Tex. 1994), *aff'd*, 66 F.3d 319 (5th Cir. 1995).

81.     Generally, "there can be no claim for bad faith when an insurer has promptly denied a claim that is in fact not covered," except for "the possibility that in denying the claim, the insurer may commit some act, so extreme, that would cause injury independent of the policy claim." *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 499 (Tex. 2018) (quoting *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995)).

82.     Because Megalomedia cannot satisfy the essential elements of its claim for violation of the Insurance Code, Philadelphia Indemnity is entitled to a judgment in its favor.

83.     Because Megalomedia cannot satisfy the essential elements of its claim for violation of the DTPA, Philadelphia Indemnity is entitled to a judgment in its favor.

23-20570.4537

84.   Any of the foregoing findings of fact which contain conclusions of law shall be deemed to be conclusions of law, and any of the foregoing conclusions of law which contain findings of fact shall be deemed to be findings of fact.

It is SO ORDERED.

_____ SEP  2 8 2023          _____
Date                                          The Honorable Alfred H. Bennett
                                                  United States District Judge

20

# TAB 5

United States District Court
Southern District of Texas

**ENTERED**

June 01, 2021

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **PHILADELPHIA INDEMNITY** | § | |
| **INSURANCE COMPANY** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO. 4:20-CV-1644** |
| | § | |
| **MEGALOMEDIA, INC., et al.** | § | |
| | § | |
| **Defendants.** | § | |

**O R D E R**

Pending before the Court is Plaintiff Philadelphia Indemnity Insurance Company's Motion for Summary Judgment. **(Instrument No. 21).**

**I.**

**A.**

Plaintiff Philadelphia Indemnity Insurance Company ("Philadelphia") brings this declaratory judgment action against Defendants Megalomedia, Inc., Megalomedia Studios, LLC, Mansfield Films, LLC, and DBA Holdings, LLC (collectively, "Megalomedia"). (Instrument No. 1).

This declaratory judgment action arises out of a series of tort lawsuits filed in Harris County District Court. (Instrument No. 24 at 5). Since their filings, the lawsuits have been consolidated into one lawsuit (the "Bonner Lawsuit"). (Instruments No. 21 at 8; No. 21-18; No. 24-3 at 2-3). Philadelphia files this suit seeking a declaratory judgment that it has no duty to defend or indemnify Megalomedia against the claims asserted in the Bonner Lawsuit. (Instrument No. 21 at 9).

23-20570.1752

**1.**

Megalomedia produces television shows and is based in Austin, Texas. (Instrument No. 24 at 6). In 2012, Megalomedia began producing *My 600-lb Life*, a reality television show that follows the lives of morbidly obese participants as they work towards attaining a healthy weight. (Instruments No. 24 at 6; No. 21-18 at 6). In 2020, twelve current and former participants or family members of participants filed ten lawsuits in Harris County, alleging they had suffered injuries as a result of their participation on *My 600-lb Life*. (Instruments No. 21-1—No. 21-10).

Plaintiffs in the Bonner Lawsuit sued Megalomedia for manipulating the plaintiffs and their families to fabricate story lines and drama in an attempt to boost ratings and viewership. *See, e.g.*, (Instrument No. 21-1 at 2-3). On May 20, 2020, the ten lawsuits were consolidated to one (the "Bonner Lawsuit") and the plaintiffs filed their amended complaint, alleging negligence, gross negligence, intentional infliction of emotional distress, promissory estoppel, fraud, and wrongful death and survival damages. (Instrument No. 21-18).

**2.**

In 2010, Philadelphia issued Megalomedia a commercial general liability ("CGL") insurance policy, which is considered the "primary policy." (Instruments No. 24 at 6; No. 24-2 at 2). Philadelphia also issued "umbrella policies" to Megalomedia to provide coverage in excess of the primary policies. (Instrument No. 21 at 20). The primary policies and umbrella policies (collectively, the "Policies") were renewed for eight years, providing coverage from 2010 to 2020. (Instrument No. 24-2 at 2). Each year, Megalomedia completed an application to renew the Policies and Philadelphia approved the renewal. *Id.*

The Bonner Lawsuit alleges injuries that span policy periods 2017-2020. (Instrument No. 21 at 9).

23-20570.1753

The Policies state, in relevant part,

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**
    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply . . . .
    b. This insurance applies to "bodily injury and "property damage" only if:
        (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
        (2) The "bodily injury" or "property damage" occurs during the policy period; and
        (3) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

                                . . .

2. **Exclusions**
    This insurance does not apply to:
    a. **Expected Or Intended Injury**
        "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property . . . .

(Instrument No. 21-11 at 112-13). The Policies include a General Liability Deluxe Endorsement that modifies the definition of "bodily injury" to read:

3

"Bodily Injury"

    a.  Means bodily injury, sickness or disease sustained by a person, and includes mental anguish resulting from any of these; and

    b.  Except for mental anguish, includes death resulting from the foregoing (Item a. above) at any time.

(Instrument No. 21-11 at 149). "Occurrence" is defined as "an accident, including continuous or

repeated exposure to substantially the same general harmful conditions." (Instrument No. 21-11

at 125). The Policies also include an endorsement that provides:

### EXCLUSION – DESIGNATED ONGOING OPERATIONS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

**Description of Designated Ongoing Operation(s):**
Excludes the production of, filming or distribution of pornographic materials. Excludes any/all reality shows. Excludes rental/loan of insureds equipment or equipment leased by the insured to 3rd party[.]

**Specified Location (If Applicable):**

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

The following exclusion is added to paragraph **2.,** Exclusions of COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABIILTY (Section I – Coverages):
This insurance does not apply to "bodily injury" or "property damage" arising out of the ongoing operations described in the Schedule of this endorsement, regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others.

Unless a "location" is specified in the Schedule, this exclusion applies regardless of where such operations are conducted by you or on your behalf. If a specific "location" is designated in the Schedule of this endorsement, this exclusion applies only to the described ongoing operations conducted at that "location."

4

23-20570.1755

(hereinafter, the "Designated Ongoing Operations Exclusion") (Instrument No. 21-11 at 139).

The first iteration of the Policies, entered into in 2010, did not include the Designated Ongoing Operations Exclusion. (Instruments No. 24-2 at 2-3; No. 24-4). At some point thereafter, Megalomedia received an amendment notice, noting the inclusion of the following language:

> In consideration of the premium reflected, the policy is amended as indicated below:
>
> AMENDED:
> CG2153 Designated Ongoing Operations to include:
> Excludes any/all reality shows
>
> Per attached

(Instrument No. 24-7 at 3). The change went into effect on June 3, 2011. (Instrument No. 24-7 at 2).

## B.

On May 11, 2020, Philadelphia filed its Complaint against Megalomedia. (Instrument No. 1). On August 11, 2020, Megalomedia filed its Answer. (Instrument No. 16).

On November 20, 2020, Philadelphia filed its Motion for Summary Judgment. (Instrument No. 21). On December 21, 2020, Megalomedia filed its Response. (Instrument No. 24). On January 8, 2021, Philadelphia filed its Reply. (Instrument No. 27).

## II.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

23-20570.1756

of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 312, 322 (1986); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006).

The "movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc*., 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex*, 477 U.S. at 322-25). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex*., 560 F.3d 316, 326 (5th Cir. 2009). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "showing — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

After the moving party has met its burden, in order to "avoid a summary judgment, the nonmoving party must adduce admissible evidence which creates a fact issue concerning the existence of every essential component of that party's case." *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992). The party opposing summary judgment cannot merely rely on the contentions contained in the pleadings. *Little*, 37 F.3d at 1075. Rather, the "party opposing summary

judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim," *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 457, 458 (5th Cir. 1998); *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). Although the court draws all reasonable inferences in the light most favorable to the nonmoving party, *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008), the nonmovant's "burden will not be satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). Similarly, "unsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment." *Clark v. Am.'s Favorite Chicken*, 110 F.3d 295, 297 (5th Cir. 1997).

### III.

Philadelphia moves for summary judgment, arguing that it does not have a duty to defend or duty to indemnify Megalomedia for any claims brought by plaintiffs in the Bonner Lawsuit or similar claims that might be brought against Megalomedia. (Instrument No. 21 at 9).

As a preliminary matter, Philadelphia argues that only Megalomedia, Inc. and Mansfield Films, LLC are insured defendants under the Policies. (Instruments No. 21 at 9; No. 21-11 at 11; No. 21-12 at 11; No. 21-13 at 11). Megalomedia Inc. is the only named insured on the three primary policies and Mansfield Films is added as an additional insured on two of the primary policies. (Instruments No. 21 at 9; No. 21-12 at 18; No. 12-13 at 18). Megalomedia does not address this argument. (Instrument No. 24). Thus, pursuant to Federal Rule of Civil Procedure 56(e), the Court considers this fact undisputed.

23-20570.1758

**A.**

Philadelphia contends that the Policies exclude coverage for claims arising out of reality television shows. (Instrument No. 21 at 12).

Under Texas law, an insurer's duty to defend an insured is determined by examining the allegations in the petition filed against the insured and the relevant insurance policy. *Nat'l Union Fire Ins. Co. v. Merchs. Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997). This standard is referred to as the "eight corners" rule. *Id.* at 141. When applying the eight corners rule, courts are to give the allegations in the petition a liberal interpretation in favor of the insured. *Id*. Courts are to consider the allegations in light of the policy provisions without reference to their validity and without reference to what the parties know or believe to be the true facts. *See Argonaut S.W. Ins. Co. v. Maupin*, 500 S.W.2d 633, 635 (Tex. 1973). The Court cannot read facts into the pleadings, look outside of the pleadings, or "imagine factual scenarios which might trigger coverage." *Merchs. Fast Motor Lines, Inc.*, 939 S.W.2d at 142.

To establish a duty to defend, the pleadings must allege a claim that is potentially covered by the policy. *Fidelity & Guar. Ins. Underwriters v. McManus*, 633 S.W.2d 787, 788 (Tex. 1982). "[W]hen 'the insurer has no duty to defend and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify.'" *VRV Dev. L.P. v. Mid-Continent Cas. Co.*, 630 F.3d 451, 459 (5th Cir. 2011) (quoting Farmers *Tex. Cty. Mut. Ins. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997). "If the petition only alleges facts excluded by the policy, the insurer is not required to defend." *Fidelity & Guar. Ins.*, 633 S.W.2d at 788. Under Texas law, the insured party bears the initial burden of showing that a claim is potentially within the scope of coverage. *Great Am. Ins. Co. v. Calli Homes, Inc.*, 236 F. Supp. 2d 693, 697 (S.D. Tex. 2002) (Rosenthal, J.). If the insurer relies on policy exclusions in denying

coverage, the burden is on the insurer to prove that one or more of the exclusions apply. *Id*. Once the insurer has proven that an exclusion applies, the burden shifts back to the insured, who must show that the claim falls within an exception to the exclusion. *See Federated Mut. Ins. Co. v. Grapevine Excavation, Inc.*, 197 F.3d 720, 723 (5th Cir. 1999).

The interpretation of an insurance policy is a question of law for this Court. *See New York Life Ins. Co. v. Travelers Ins. Co.*, 92 F.3d 336, 338 (5th Cir. 1996). Under Texas law, a court shall apply the same rules of interpretation to insurance contracts as to contracts in general. *See Id*. The Court's primary concern in interpreting a contract is to "ascertain and to give effect to the intentions of the parties as expressed in the instrument." *R & P Enters. v. LaGuarta, Gavrel & Kirk, Inc.*, 596 S.W.2d 517, 518 (Tex. 1980). This effect can be achieved by reading all parts of a contract together. *State Farm Life Ins. Co. v. Beaston*, 907 S.W.2d 430, 433 (Tex. 1995). Courts should be particularly wary of isolating one clause from its surroundings or considering a clause, phrase, sentence, or section of a contract apart from other provisions. *Id*.

When terms are defined in an insurance contract, those definitions control. *See Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 823 (Tex. 1997). When terms are not defined in an insurance contract, they are to be given their plain, ordinary, and generally accepted meaning, unless the contract indicates that the terms were used in a technical or different sense. *See Ramsay v. Maryland Am. Gen. Ins. Co*., 533 S.W.2d 344, 346 (Tex. 1976).

If the contract is worded so that it can be given only one reasonable construction, it is enforced as written. *See Nat'l Union Fire Ins. Co. v. Hudson Energy Co.*, 811 S.W.2d 552, 555 (Tex. 1991). But if a contract is ambiguous, uncertainty must be resolved by adopting the construction that most favors the insured party. *Hudson*, 811 S.W.2d at 555. When a contract is found to be ambiguous, extrinsic evidence can be considered. *See Nat'l Union Fire Ins. Co. of*

23-20570.1760

*Pittsburgh, PA v. CBI Indus.*, 907 S.W.2d 517, 520 (Tex. 1995); *Star-Tex Res., L.L.C. v. Granite State Ins.*, 553 F. App'x 366, 371-72 (5th Cir. 2014). Here, the Court finds that the Policies are unambiguous and, consequently, will not consider extrinsic evidence.

Philadelphia specifically contends that the Policies exclude coverage of the claims asserted in the Bonner Lawsuit because of the Designated Ongoing Operations Exclusion. (Instrument No. 21 at 14-15). Megalomedia asserts that this exclusion provision actually allows coverage for liability arising from reality television shows. (Instrument No. 24 at 11).

The Designated Ongoing Operations Exclusion reads, in part:

### SCHEDULE

**Description of Designated Ongoing Operation(s):**
Excludes the production of, filming or distribution of pornographic materials. Excludes any/all reality shows. Excludes rental/loan of insureds equipment or equipment leased by the insured to 3rd party.

(Instrument No. 21-13 at 146). The provision further states that the "insurance does not apply to 'bodily injury' or 'property damage' arising out of the ongoing operations described in the Schedule of this endorsement . . . ." *Id.*

Megalomedia argues that the Policies do not list any designated ongoing operations and, instead, enumerates exceptions to the Designated Ongoing Operations Exclusion. (Instrument No. 24 at 11). Consequently, Megalomedia contends that this language exempts reality television shows from being categorized as a "designated ongoing operations." (Instrument No. 24 at 11). This interpretation contradicts the plain, ordinary, and generally accepted meaning of the Policies' terms. The Policies explicitly state that any liability arising out of the ongoing operations described in the Schedule is excluded from the Policies' coverage. "Any/all reality shows" is described in the Schedule. Therefore, it is excluded from the Policies' coverage.

10

Megalomedia's interpretation also conflicts with the language of other provisions in the Policies. If Philadelphia intended for the Schedule to list exceptions to the Designated Ongoing Operations Exclusion, it would have explicitly stated so like it did in other provisions of the Policies. For example, the Policies' "production stunts, weapons, pyrotechnics and animal exposure" exclusion states,

## SCHEDULE

**Description of Covered Stunts, Weapons, Pyrotechnics and/or Animal Exposure:**

This insurance does not apply to "bodily injury," "property damage," or "personal and advertising injury" (if applicable), direct or indirect loss or damage arising out of, resulting from, or otherwise relating in whole or in part to "stunts," "pyrotechnics" or "animal exposure" unless specifically declared by you, accepted by us and included in the endorsement SCHEDULE above.

(Instrument No. 21-13 at 159). The exclusion clearly indicates that all stunts, weapons, pyrotechnics, and animal exposure are excluded, unless an exception is listed in the Schedule. *Id.* That is not the structure of the Designated Ongoing Operations Exclusion. Based on a reading of all parts of the Policies together, it is evident that Philadelphia did not intend to provide exceptions to the Designated Ongoing Operations Exclusion. Thus, the Court finds that Philadelphia has established that the Designated Ongoing Operations Exclusion excludes reality television shows and Megalomedia has not established that its claim falls under an exception to the Exclusion.

## B.

Megalomedia argues that, if Philadelphia establishes the Designated Ongoing Operations Exclusion, Philadelphia either is estopped from asserting its right or waived its right to enforce the policy exclusion.

11

23-20570.1762

**1.**

The Court first turns to the estoppel issue. Megalomedia argues that Philadelphia is estopped from disclaiming coverage based on the Designated Ongoing Operations Exclusion because Philadelphia concealed the fact that reality television was excluded from the Policies' coverage and Megalomedia had no knowledge of the exclusion. (Instrument No. 24 at 17).

Estoppel prevents one party from misleading another to the detriment of the misled or to the benefit of the misleading party. *Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008). The doctrine of estoppel requires: "(1) a false representation or concealment of material facts; (2) made with knowledge, actual or constructive, of those facts; (3) with the intention that it should be acted on; (4) to a party without knowledge or means of obtaining knowledge of the facts; (5) who detrimentally relies on the representations." *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 515-16 (Tex. 1998).

Megalomedia contends that Philadelphia accepted large premiums for several years despite knowing that Megalomedia was a "100% reality-TV business." (Instrument No. 24 at 17). Megalomedia argues that in its Film Production Supplemental Application, Megalomedia disclosed that 100% of Megalomedia's production activity consists of reality television. (Instrument No. 24 at 15). Megalomedia asserts that Philadelphia's interpretation of the Policies—excluding coverage for liability arising from reality television shows—would wipe Megalomedia's coverage entirely. *Id.* However, Megalomedia distorts the evidence. The supplemental applications indicate that 100% of Megalomedia's production activity consists of both reality television shows and documentaries. (Instruments No. 24-5 at 2; No. 24-6 at 2). Consequently, it is plausible that the Policies still cover liability arising from Megalomedia's documentaries.

Furthermore, the record demonstrates that Megalomedia had knowledge of the exclusion and Philadelphia provided express representation that reality television was excluded from coverage. In 2011, Philadelphia notified Megalomedia of a policy change, which stated:

> In consideration of the premium reflected, the policy is amended as indicated below:
>
> AMENDED:
> CG2153 Designated Ongoing Operations to include:
> Excludes any/all reality shows

(Instrument No. 24-7 at 3). This unambiguous language of the amendment makes clear that the same premium now excludes reality television shows from the Policies' coverage. This evidence demonstrates that Megalomedia had full notice of this amendment as early as June 3, 2011, which is when the amendment went into effect. *Id.* at 2. Thus, the Court finds that Philadelphia is not estopped from disclaiming coverage based on the Designated Ongoing Operations Exclusion.

**2.**

Megalomedia also contends that Philadelphia waived its right to enforce any policy exclusions because it provided an unqualified representation of Megalomedia in the Bonner Lawsuit. (Instrument No. 24 at 18).

"Waiver is the intentional relinquishment of a right actually known, or intentional conduct inconsistent with claiming that right." *Ulico Cas. Co.*, 262 S.W.3d at 778. To establish a waiver, the insured must demonstrate (1) the existence of a right, benefit, or advantage held by a party; (2) the party's actual knowledge of this existence; and (3) the party's intent to relinquish the right or intentional conduct that conflicts with the right. *Id.*

Megalomedia argues that an insurer waives all policy defenses, even noncoverage, when an insurer assumes an insured's defense without declaring a reservation of rights or obtaining a non-waiver agreement. (Instrument No. 24 at 18). However, the case law Megalomedia cites to

13

in support of this argument was abrogated by *Ulico Casualty Company*. *See* 262 S.W.3d at 787. In *Ulico*, the Supreme Court of Texas explicitly held that an insurer's policy coverage could not be expanded by waiver or estoppel. *Id.* at 787. This includes "noncoverage" of a risk. *Id.* at 782. Thus, the Court finds Philadelphia did not waive its right to enforce the Designated Ongoing Operations Exclusion.

Accordingly, Philadelphia's Motion for Summary Judgment is **GRANTED**.

**V.**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Philadelphia's Motion for Summary Judgment is **GRANTED. (Instrument No. 21).**

The Clerk shall enter this Order and provide a copy to all parties.

**SIGNED** on this the 28th day of May, 2021, at Houston, Texas.

_____

**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**

14

TAB 6



A Member of the Tokio Marine Group

One Bala Plaza, Suite 100, Bala Cynwyd, Pennsylvania 19004
610.617.7900 • Fax 610.617.7940 • PHLY.com

12/19/2017

Megalomedia Inc
901 Barton Springs Rd
Austin, TX 78704-1147

**Tg&'PHPK1752596**

Dear Valued Customer:

Thank you very much for choosing Philadelphia Indemnity Insurance Company for your insurance needs.  Our first class customer service, national presence and A++ (Superior) A. M. Best financial strength rating have made us the selection by over 550,000 policyholders nationwide.  I realize you have a choice in insurance companies and truly appreciate your business.

I wish you much success this year and look forward to building a mutually beneficial business partnership which will prosper for years to come.  Welcome to PHLY and please visit PHLY.com to learn more about our Company!

Sincerely,

Robert D. O'Leary Jr.
President & CEO
Philadelphia Insurance Companies

RDO/sm



One Bala Plaza, Suite 100
Bala Cynwyd, Pennsylvania 19004
610.617.7900 Fax 610.617.7940
PHLY.com

# Philadelphia Indemnity Insurance Company

# Commercial
# Lines
# Policy

THIS POLICY CONSISTS OF:

–   DECLARATIONS
–   COMMON POLICY CONDITIONS
–   ONE OR MORE COVERAGE PARTS. A COVERAGE PART CONSISTS OF:
•   ONE OR MORE COVERAGE FORMS
•   APPLICABLE FORMS AND ENDORSEMENTS

**PHLY 106**
23-20570.327
BJP-190-1 (12-98)

POLICY NUMBER: PHPK1752596

**COMMERCIAL GENERAL LIABILITY**
**CG 21 53 01 96**

## THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

# EXCLUSION – DESIGNATED ONGOING OPERATIONS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

**Description of Designated Ongoing Operation(s):**
Excludes the production of, filming or distribution of pornographic materials.
Excludes any/all reality shows. Excludes rental/loan of insureds equipment or
equipment leased by the insured to 3rd party

**Specified Location (If Applicable):**

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

The following exclusion is added to paragraph **2.,** Exclusions of COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section **I** – Coverages):

This insurance does not apply to "bodily injury" or "property damage" arising out of the ongoing operations described in the Schedule of this endorsement, regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others.

Unless a "location" is specified in  the Schedule, this exclusion applies regardless of where such operations are conducted by you or on your behalf. If a specific "location" is designated in the Schedule of this endorsement, this exclusion applies only to the described ongoing operations conducted at that "location".

For the purpose of this endorsement, "location" means premises involving the same or connecting lots, or premises whose connection is interrupted only by a street, roadway, waterway or right-of-way of a railroad.

**PHLY 239**

CG 21 53 01 96              Copyright, Insurance Services Office, Inc.,  1994           23Pa05e1 of460 ☐