No. 23-20570

MEGALOMEDIA,
*Plaintiffs - Appellants,*

v.

PHILADELPHIA INDEMNITY,
*Defendant - Appellee.*

On Appeal from the United States District Court
for the Southern District of Texas, Houston Division
No. 4:20-CV-01644

## APPELLEE'S RECORD EXCERPTS

Stephen A. Melendi
Texas Bar No. 24041468
stephenm@tbmmlaw.com
Matthew Rigney
Texas Bar No. 24068636
mattr@tbmmlaw.com
Grant Martin
Texas Bar No. 24102145
GrantM@tbmmlaw.com
TOLLEFSON BRADLEY MITCHELL &
MELENDI, LLP
2811 McKinney Avenue, Suite 250
Dallas, Texas 75204
Telephone: (214) 665-0100
Telecopier: (214) 665-0199

Charles T. Frazier, Jr.
Texas Bar No. 07403100
cfrazier@adjtlaw.com
ALEXANDER DUBOSE & JEFFERSON LLP
8144 Walnut Hill Lane, Suite 1000
Dallas, Texas 75231-4388
Telephone: (214) 369-2358
Telecopier: (214) 369-2359

**ATTORNEYS FOR DEFENDANT-APPELLEE**

**APPELLEE'S RECORD EXCERPTS**
Table of Contents

1.  Bonner Plaintiffs' Second Amended Petition ......... ROA.232-48 (RE1-17)

2.  Reality TV certificates of insurance with
    contextual emails for 2015, 2016, and 2017. ............. ROA.6440, 6449-52;
    ROA.6590-91, 6630-31;  ROA.6752-60 (RE18-35)

3.  Emails in 2015 and 2016 reminding Megalomedia
    that the exclusion is on the policy. ............ ROA.4527-28, 6583 (RE36-37)

4.  The 2015 discussion of gross production costs less
    reality TV ............................................................ ROA.6495-96 (RE38-40)

5.  Certificate of Service

## 1. BONNER PLAINTIFFS' SECOND AMENDED PETITION

7/13/2020 12:03 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44459766
By: Lewis John-Miller
Filed: 7/13/2020 12:03 PM

## CAUSE NO.  2020-03929

| | | |
|---|---|---|
| KAREN SUE BONNER, | § | IN THE DISTRICT COURT OF |
| JAMES BONNER, SR. and | § | |
| TERA ANN SHUMAKER, as PERSONAL | § | |
| REPRESENTATIVE OF THE ESTATE OF | § | |
| JAMES "L.B." BONNER, JR. | § | |
| | § | HARRIS COUNTY, TEXAS |
| v. | § | |
| | § | |
| MEGALOMEDIA, INC., | § | |
| MEGALOMEDIA, LLC | § | |
| MANSFIELD FILMS, LLC., | § | |
| and | § | |
| DBA HOLDINGS, L.L.C. | § | 55TH JUDICIAL DISTRICT |

### BONNER PLAINTIFFS' SECOND AMENDED PETITION

Plaintiffs Karen Sue Bonner, James Bonner, Sr., and Tera Ann Shumaker, Personal Representative of the Estate of James Edward Bonner, Jr., file this Second Amended Petition against Defendants Megalomedia, Inc., Mansfield Films, LLC and Discovery Communications, LLC, and, for cause of action, would respectfully show this Honorable Court the following:

### SUMMARY OF LAWSUIT

Reality shows now dominate television viewer ratings.  Given the curiosity of viewers regarding other peoples' lifestyles and unusual life situations, the low production cost of creating and producing such reality shows, and the potential for large profits for the production companies and the television networks that air them, these types of shows continue to proliferate.  "My 600-lb Life" is as example of a show that costs relatively little to produce but is ultimately sold for a large profit to a major network (which is actively involved in development) and which generates substantial profits for the network.  While the producers and especially the network benefit financially, the unfortunate victims of the profit machine are the participants who are featured in these shows, and their families.

PHLY 011

23-20570.232

When filming these shows, it has become commonplace for those that produce, direct, and ultimately sell these shows to manipulate those being featured to create drama between or amongst family members, force "entertaining" story lines, plant ideas to the participants, exploit relationships and awkward situations, and push unbeknownst participants to the edge of an emotional cliff.   The network and the producers work hand in hand to create this environment. In fact, as is the case here, the producers pitched an idea to the network, and then received feedback from the network as to what type of show the network would purchase and air. Such back and forth between producers looking to market and sell a concept that will ultimately become a network show is commonplace.  Sadly, this has become the norm in an effort to boost ratings and increase profits—yet, those who are exploited and suffer never share in the substantial profits.

Shockingly, in this case, the producers of My 600-lb Life were directly related to the medical doctor who treated the Plaintiff in this case— Dr. Younan Nowzaradan, also known as "Dr. Now."   The network was well aware of this relationship, and exploited it. Dr. Nowzaradan is charged by Texas law, medical ethics and basic morality to protect his patients, but he instead allowed his son, and his son's production company, to influence the care of, or lack thereof, of James "LB" Bonner, Jr. and other participants on the show. The network ultimately profited from this relationship.

I.   **DISCOVERY LEVEL/ RULE 47 STATEMENT**

Plaintiffs intend to conduct discovery under Level 3 of the Texas Rules of Civil Procedure Rule 190.3.

Plaintiffs each seek monetary relief in excess of $1,000,000.00.

II.   **PARTIES**

Plaintiff Karen Sue Bonner is the mother of James Edward Bonner, Jr., deceased. Mrs. Bonner is a resident of the State of South Carolina.

Unofficial Copy Office of Marily Burgess District Clerk

Plaintiff James Bonner, Sr. is the father of James Edward Bonner, Jr., deceased. Mr. Bonner is a resident of the State of South Carolina.

Plaintiff Tera Ann Shumaker is the sister of the James Edward Bonner, Jr., deceased, and has been duly appointed as the Personal Representative of the Estate of James Edward Bonner, Jr. by the Probate Court of Lexington County, South Carolina. Tera Ann Shumaker is a resident of the State of South Carolina.

Defendant Megalomedia, Inc. is a Texas corporation, which does business in the State of Texas and has its principal place of business in Travis County, Texas. It has been properly served and has answered this lawsuit through counsel and is being served through its counsel, pursuant to Rule 21a.

Defendant Mansfield Films, LLC is a Texas corporation, which does business in the State of Texas and has its principal place of business in Travis County, Texas. It has been properly served and has answered this lawsuit through counsel and is being served through its counsel, pursuant to Rule 21a.

Defendant Discovery Communications, LLC, is a Delaware limited liability company with its principal place of business believed to be located in Tennessee or Maryland. It has been properly served and has answered this lawsuit through counsel and is being served through its counsel, pursuant to Rule 21a.

## III.   JURISDICTION AND VENUE

Jurisdiction is proper in this Court because the relief requested is within the jurisdictional limits of this Court. The Court may exercise personal jurisdiction over the Megalomedia Defendants because each is formed under the laws of the State of Texas and each have their principal place of business in the State of Texas. The Court may exercise personal jurisdiction over Defendant Discovery Communications because it contracted with the Megalomedia

PHLY 013
23-20570.234

Defendants (both Texas-based entities) to produce television shows that were filmed primarily in Harris County, Texas, and which were shown on the TLC network, which is owned and operated by Defendant Discovery Communications.

Venue is proper in Harris County because all or a substantial amount of the events at issue took place in this county.  Specifically, the core of this lawsuit involves the medical care of LB Bonner performed in Houston, Harris County, by a Houston-based doctor, Dr. Younan Nowzaradan, also known as "Dr. Now."  The subject television show is rooted in Dr. Now's so-called medical care of LB Bonner and other subjects whose pre- and post-surgery lives (and the lives of their family members) are chronicled on the show.  Additionally, much of the filming of the subject television production took place in Harris County.

## IV.   FACTUAL BACKGROUND

In sum, each show participant that is subject of this lawsuit was taken advantage of by a network and the producers of a reality show that was focused only on ratings, while neglecting the welfare of those who appeared on the show, including LB Bonner.

Defendant Megalomedia produces reality television shows.  Defendant Mansfield hires independent contractors and employees to perform services for the shows that the Megalomedia Defendants produce.  Jonathan Nowzaradan is the principal owner and manager of Megalomedia and Mansfield.

One of the Megalomedia Defendants' reality television shows is called "My 600-lb Life." This particular show began as a concept. Through consultation and feedback with individuals at TLC/Discovery Communications, the show ultimately became what it is today. It has aired on the TLC television network since 2012.   The TLC network is owned and operated by Defendant Discovery Communications.

Generally, the show follows the lives of morbidly obese individuals and documents their

PHLY 014
23-20570.235

attempts to reduce their weight to a healthy level. Patients are placed under the care of Houston surgeon Dr. Younan Nowzaradan, commonly known as "Dr. Now." Dr. Nowzaradan is the father of the Megalomedia Defendants' owner, Jonathan Nowzaradan.

It is well known, and has been for years, that patients undergoing this type of extreme weight loss are much more likely to suffer depression and commit suicide. In 2007, the New England Journal of Medicine published a report that concluded, among other things, that deaths of surgical patient caused by accidents and suicide were 58% higher than a control group. In 2010, the American Journal of Medicine published a report of a ten-year study on surgical patients in Pennsylvania, finding that "there was a substantial excess of suicides among all patients who had bariatric surgery in Pennsylvania during a ten-year period."

Despite this literature, and although all Defendants had extensive experience with many participants such as LB Bonner, Defendants provided little mental health assistance to the show participants. Instead of providing appropriate assistance, Defendants aggravated the situation for show participants. The effects of Defendants' manipulation of the show participants for dramatic purposes, along with the ramifications of the diet and Defendants' demands on the show, take a tremendous psychological toll on each participant.

Further, the Megalomedia Defendants promised LB Bonner that they would pay all medical bills associated with Dr. Nowzaradan's care and any surgeries. The Megalomedia Defendants coordinated the handling of billing for the surgery and post-surgical care. Although the Megalomedia Defendants had promised to pay for all charges, they did not, forcing LB Bonner to pay and to be subjected to bill collection efforts, adding to his mental distress.

In 1987, Plaintiffs Karen and James Bonner, Sr. adopted James "LB" Bonner, Jr., shortly after his birth. LB had a normal and happy childhood, and engaged in the normal activities of a

boy growing up in the rural south.

In 2014, LB's right leg was amputated at the knee as a result of an ATV accident. After this incident, LB gained a significant amount of weight. By 2017, his weight had reached over 600 pounds.

In 2017, LB contacted the producers of the show to inquire about participating. After auditioning, Defendants recruited him as a new cast member, and LB agreed to participate.

At some point, Defendants presented LB Bonner with a contract to sign.  The contract reflects the Megalomedia Defendants and Defendant Discovery Communications' extensive control over the entire filming, production, editing and distribution of the show, and even what Bonner could do and not do, after the show had aired.  Notably, this contract states:

> Subject's [Bonner] services shall be rendered on a first class basis for all filming required by Producer [Megalomedia, Inc.], DCL [Discovery Communications, LLC] and/or Network [TLC Televison Network], including, without limitation, any necessary (as determined by Producer, DCL and/or Network) home visits, access to immediate family members (Husband, Son, Sisters), friends, and other important people involved in Subject's daily life, all medical services, and/or bariatric surgeries, skin removal surgeries, all hospital visits and patient follow-ups at Best Care Clinic.

> Subject's services shall also include all preproduction, production and postproduction services customarily rendered by personalities/performers, on-camera experts and consultants in the television industry and/or required by Producer, DCL and/or Network, including, without limitation, any necessary (as determined by Producer, DCL or Network) research; rehearsals; travel; auditions; pickups; on-camera shoot days; narration; voiceover services; interstitials; wraps or other segment material; sponsored or non—sponsored vignettes; on-air promos; openings; closings; trailers; lead-ins and lead-outs for use in and in connection with the Program; weblogs; vlogs; webisodes; podcasts; "special" episodes; "behind-the-scenes" programs and books; consultation(s); interviews for publications about the Program; and any other creative services as Producer, DCL or Network may assign Subject.

> Subject agrees that all such services shall be rendered in a first-class, professional manner and shall be subject to the instructions and direction of Producer, DCL and/or Network.

Subject shall not engage in any activities that interfere with or delay the rendering of Subject's services hereunder.

Producer's, DCL's and/or Network's determination in all matters respecting the footage and final content of Subject's services (including, without limitation, matters involving third- party materials, interviews, and all medical procedures) will be final and controlling.

Whenever Subject is rendering or is obligated to render services hereunder, and thereafter at such time or times as Producer, DCL and/or Network may require, Subject will, if, as and to the extent required by DCL and/or Network, cooperate with DCL and Network in such manner as DCL and/or Network deems necessary or desirable for the purpose of advertising, promoting, publicizing or otherwise exploiting the Program and any episode thereof, Network, DCL, DCL's businesses, any sponsor of the Program, the products or services of DCL or any such sponsor, or any rights granted to Producer, DCL or Network hereunder, including without limitation, appearances at press and media events; print, radio and television interviews; satellite media tours; on-camera and off-camera promotions; still photography sessions; online activities; autograph sessions; trade shows; in—store appearances (such appearances not to be construed as a direct or indirect endorsement of a product or sponsor); up to two (2) weeks of publicity and promotional services outside of the United States; and making any public or personal appearances as may be requested by DCL, Network or Producer ("Publicity and Promotional Services") without additional compensation, unless otherwise specified in this Agreement or mutually agreed to by the parties in writing (e.g., an invoice signed by both parties).

Subject acknowledges that this Agreement and all of DCL's and/or Producer's obligations hereunder are contingent upon and subject to a review and acceptance by Producer and/or DCL of a customary background check of Subject. In furtherance of the foregoing, Subject is required to complete and sign a release or other document(s) as required by the third party designated by DCL and/or Producer to perform the background check.

Subject's services will be performed at the following location(s) Subject's Home Address, Subject's family member locations, St. Anthony's Hospital, Dr. Nowzaradan's Clinic, Kindred Hospital, University General, and/or other location(s) to be determined in Producer's and/or DCL's sole discretion.

During the Exclusivity Period, unless Subject has obtained DCL's prior written consent in each instance, which consent DCL may grant or withhold in its sole discretion, Subject shall not endorse (using Subject's name and/or likeness or otherwise) nor render services for or on behalf of (i) any product or service competitive with a product or service of a sponsor or advertiser of the Program and/or DCL, or with any DCL Service and/or product, including but not limited to, merchandising, home video and media company services; or (ii) a sponsor or

PHLY 017
23-20570.238

advertiser of the Program and/or DCL, or any product or service of such sponsor or advertiser.

Subject hereby represents and warrants that Subject has not heretofore entered into any merchandising or publishing agreement, any endorsement agreement or any commercial or manufacturing tie-in agreement, or any other agreement or commitment whereby Subject's Name and Likeness may be used during the Exclusivity Period. Subject hereby agrees that Subject will not, following the date hereof and prior to expiration of the Exclusivity Period, (i) enter into any such agreement or commitment, except as required by DCL hereunder; or (ii) develop a competing product line to any of Network's and/or DCL's consumer products for the Program.

During the Exclusivity Period, Network and/or DCL shall have approval over any and all third-party requests for Subject's services (including, without limitation, publicity and personal appearance requests). Accordingly, Subject shall notify Network and DCL immediately after Subject's receipt of the third party request. Nothing in this Paragraph shall in any way obligate Network or DCL to approve any third-party request. Nothing in this Paragraph shall be deemed to limit the other exclusivity provisions set forth in this Paragraph.

Notably, the contract also promised that, "Producer shall not require Subject to render any services that are disparaging to Subject."

Filming began in the Spring of 2017. As part of the process, the Megalomedia Defendants flew LB to Houston where they introduced him to Dr. Nowzaradan, who took LB on as a patient. In November 2017, LB and his mother Karen moved to the Houston area and LB prepared for gastric bypass surgery with Dr. Nowzaradan. LB underwent the surgery on November 17, 2017, at St. Joseph's Hospital in Houston. The Megalomedia Defendants' film crews followed LB pre and post-surgery, filming some of his most vulnerable moments. This filming also included LB's interactions with his mother, Karen.

As a result of the surgery, LB underwent significant weight loss. Dr. Nowzaradan also placed LB on a 1200 calorie/day weight-loss diet. Ultimately, LB's weight went below 300 pounds.

PHLY 018

23-20570.239

LB's weight loss and the filming of the television show did not come without their consequences. The gastric bypass surgery drastically reduced the size of LB's stomach. While the size of his stomach physically changed, his mental appetite did not change. This required a significant amount of adjustment by LB. These changes caused LB extreme frustration and depression. Filming the television show required a strict schedule and conformance to all of Defendants' wishes, for the entertainment value of the show. When LB moved from South Carolina to Texas, the Megalomedia Defendants had failed to film part of the move. In order to capture the scene, the Megalomedia Defendants made LB drive back to South Carolina, un-pack his U-Haul and repeat the entire process over again so they could film it. Before the gastric surgery, the Megalomedia Defendants insisted that LB consume significant amount of food on camera to emphasize his obesity and appetite for dramatic effect. Defendants required him to change his appearance and dress certain ways to assist with the dramatic elements of the show. Defendants routinely created dramatic tension between LB and his mother, Karen, for theatrical effect.

LB's episode first ran on February 14, 2018. The show received high ratings and LB became a fan favorite. As a result, and in keeping with prior show subjects, Defendants promptly resumed filming of LB for a second episode to chronicle LB's post weight loss life.

Defendants provided absolutely no mental health assistance to LB, before, during or after filming. Instead of providing this assistance, Defendants aggravated the situation for LB. The effects of Defendants' manipulation of LB and his family for dramatic purposes, along with the ramifications of the extreme weight loss and Defendants' demands on LB, were taking a tremendous psychological toll on LB. In the summer of 2018, LB began expressing his frustrations with the demands the show put on him. As a temporary solution, the Megalomedia Defendants' offered him one counseling sessions with a person that they represented to be a licensed psychotherapist. In any event, this "therapist" only saw LB one time and was only offered for

PHLY 019

23-20570.240

follow up visits on an as-needed basis.

In addition to not providing adequate and consistent mental health therapy before and after surgery, Defendants' demands concerning LB's appearance, location and job prospects hit a fever pitch during the summer of 2018. Defendants demanded that LB shave his beard, which had always provided LB with a source of comfort. Despite his multiple written messages expressing his apprehension, Defendants continued to press him to do so. Further, Defendants also would not allow him to move from South Carolina to obtain a job in Texas until they approved his film schedule first. Additionally, and with respect to the surgery, Defendants had coordinated the handling of billing for the surgery and post-surgical care. On information and belief, Defendants and Dr. Nowzaradan arranged for the surgery to be categorized as emergency gall bladder surgery. Although Defendants had promised to pay for all charges associated with the surgery, they did not, and bill collectors began harassing LB for payment and impairing his credit.

Moreover, due to the rapid weight loss and lack of sufficient after care, LB's teeth became loose and some fell out, his vision became impaired, and he suffered from general malaise. As he continued to suffer psychologically and physically, the show continued to pressure him to continue.

In June through August 2018, LB expressed suicidal thoughts and ideations on multiple occasions to Defendants, by and through the person the Megalomedia Defendants had assigned to be his "handler" Katherine Slaughter. LB told Ms. Slaughter, "I am a f*cked up wreck right now;" "I'm not in a good place right now it's dark" and "I had a breakdown." Although Ms. Slaughter appeared to recognize the danger of the situation, she did little to nothing to address it. The best she could muster to LB was the advice to "fake it till you make it."

By early August 2018, LB had reached the end of his rope. On August 2, 2018, LB posted several messages to social media and texted friends and family members expressing his extreme

sadness and indicating that he may soon take his life. On August 2, 2018, LB committed suicide by shooting himself, leaving his mother, father and three sisters to survive him.

Sadly, LB is one of six patients who have died since appearing on the show.

## V.   CAUSES OF ACTION

### A.   NEGLIGENCE AND GROSS NEGLIGENCE – ALL DEFENDANTS

Plaintiffs re-plead all allegations set forth above as if fully restated herein.

Defendants owed LB Bonner a duty to act with reasonable care.  With respect to the duties owed by Defendants to LB Bonner, Courts are to apply a risk-utility balancing test in determining whether a duty exists under common law. *Read v. Scott Fetzer Co.,* 990 S.W.2d 732, 736 (Tex. 1998).  In determining whether a common law duty exists, courts are to consider the risk, foreseeability, and likelihood of injury, and then is to weigh these factors "against the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury, and the consequences of placing the burden on the defendant." *Id*.; *accord Avalos v. Brown Auto. Ctr., Inc.*, 63 S.W.3d 42, 47 (Tex. App.—San Antonio 2001, no pet.).

The "foremost and dominant consideration" in determining whether a defendant owes a duty to act reasonably is foreseeability of the risk. *STex. Home Mgmt., Inc. v. Peavy*, 89 S.W.3d 30, 36 (Tex. 2002); *Garcia v. Cross*, 27 S.W.3d 152, 155-56 (Tex. App.—San Antonio 2000, no pet.). "Foreseeability means that a person who possesses ordinary intelligence should have anticipated the danger that his negligent act would create for others." *Garcia*, 27 S.W.3d at 156; *Doe v. Boys Clubs*, 907 S.W.2d 472, 478 (Tex. 1995). Ultimately, the test boils down to "what a person should, under the circumstances, reasonably anticipate as the consequences of one's action or failure to act." *Lukasik v. San Antonio Blue Haven Pools, Inc.,* 21 S.W.3d 394, 403 (Tex. App.—San Antonio 2000, no pet.). It is not required that the particular accident complained of should have been foreseen. All that is required is that the injury be of such a

Unofficial Copy Office of Maily Burgess District Clerk

PHLY 021

23-20570.242

general character as might reasonably have been anticipated. *Nixon v. Mr. Prop Mgmt. Co.,* 690 S.W.2d 546, 551 (Tex. 1985).

As set forth above, Defendants had years of experience developing, filming, producing, editing and broadcasting the show.  Aside from LB Bonner, several other show participants have died after being on the show.  Defendants received numerous reports from other show participants about how the process was dramatically affecting their mental health.  Indeed, the Megalomedia Defendants (for themselves and for Defendant Discovery Communications) present show participants with agreements and acknowledgment forms which reflect their knowledge of the great risk of depression and suicide as a result of the extreme weight loss process and from the invasion of the participants' personal lives.   It is clear that certain parts of certain agreements were created by Discovery Communications, which also reflects its knowledge of the risks.  Thus, the risks were not only ones that Defendants should have known, but actually did know.

Defendants acted negligently in the development, production, shooting, editing and broadcasting of the shows in which LB Bonner appeared in, and in the handling of LB Bonner. Defendants had a duty to exercise ordinary care in the development, production, shooting, editing and broadcasting of the show, and the treatment of LB Bonner, in a reasonable and prudent manner.  Defendants knew of the risks of an extreme weight loss program combined with the stresses of filming.  As set out above, Defendants breached that duty and Defendants' negligence was a proximate cause of the death of LB Bonner.

Defendants breached their duty of reasonable care in one or more of the following ways, among others:

    a.  Failing, during the development, production, shooting, editing and broadcasting of the show, to consider the ramifications of the show on those who would ultimately appear in it;

PHLY 022

23-20570.243

b. Failing, during the development, production, shooting, editing and broadcasting of the show, to take precautions and put measures in place to protect the physical and psychological health of those who would ultimately appear in it;

c. Encouraging employees of the network and producers to purposely create drama in the show, to the detriment of LB Bonner;

d. Failing to require a psychological evaluation of LB Bonner before administering an extreme weight loss diet and surgery;

e. Failing to provide adequate mental health services to LB Bonner, before, during or after filming and particularly, while placing him on the extreme weight loss diet and after surgeries;

f. Failing to train their employees regarding depression despite the known risk of depression and suicide in those undergoing this type of extreme weight loss process including surgeries; and

g. Causing emotional distress to LB Bonner for the purpose of ratings despite knowledge of distress.

Each of these acts and omissions, singularly or in combination with others, constitute negligence, which was the proximate cause of LB Bonners death and each Plaintiff's damages.

Further, Defendants' actions described above were reckless such that they constituted an extreme degree of risk given the probability and magnitude of injury. Moreover, Defendants' had subjective knowledge of the extreme degree of risk of providing extreme weight-loss services without any affiliated mental health treatment. However, Defendants' were consciously indifferent to those risks and to the well-being of LB Bonner. Thus, Plaintiffs also seek recovery of punitive damages under Texas law.

**B. WRONGFUL DEATH AND SURVIVAL DAMAGES – ALL DEFENDANTS**

Plaintiffs re-plead all allegations set forth above as if fully restated herein.

As set forth above, the wrongful acts, carelessness, negligence, and gross negligence of Defendants or their agents and servants caused the death of LB Bonner.

PHLY 023

23-20570.244

Plaintiffs bring this action against all Defendants under the Texas Wrongful Death Statute and Survivorship Statute and seek all damages permissible under Texas law.

As a result of the wrongful death of James "LB" Bonner, Jr., Plaintiffs Karen and James Bonner, Sr. have suffered damages in the past, including termination of the parent/child relationship and severe mental anguish, and will in reasonable probability, continue to suffer damages in the future as a direct result of the wrongful death of James Bonner, Jr., in an amount which is within the jurisdictional limits of the court. Plaintiffs seek all damages allowed by Texas law for parents of victims.

Tera Ann Shumaker, the personal representative of the estate of James Bonner, Jr., asserts a survival cause of action against all Defendants pursuant to TEX. CIV. PRAC. & REM. CODE § 71.021 for all damages which the estate may be justly entitled to because of the wrongful conduct made the basis of this suit, including but not limited to: damages for the conscious pain, suffering, torment, disfigurement, mental anguish, funeral/burial expenses, loss of wages, past and future, and reasonable medical expenses.

**C.     CIVIL CONSPIRACY – ALL DEFENDANTS**

Plaintiffs re-plead all allegations set forth above as if fully restated herein.

As set forth above, Plaintiffs would show that all Defendants were a combination of two or more entities, had an objective to be accomplished is an unlawful purpose or a lawful purpose by unlawful means, had a meeting of minds on the object or course of action, engaged in one or more unlawful, overt acts, and were aware of the harm or wrongful conduct at the inception of the combination or agreement. As a proximate result of the conspiracy, Plaintiffs suffered damages.

PHLY 024

23-20570.245

### D. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – ESTATE AGAINST MEGALOMEDIA DEFENDANTS

Plaintiffs re-plead all allegations set forth above as if fully restated herein.

The Megalomedia Defendants' actions described above were so reckless as to cause severe emotional distress suffered by LB Bonner. The Megalomedia Defendants' conduct was extreme and outrageous given their knowledge of the fact that persons undergoing extreme weight loss programs are much more prone to depression and, potentially, suicide. The Megalomedia Defendants knew or had reason to know of facts that created a high degree of risk of harm to LB Bonner and then deliberately proceeded to act in conscious disregard of or with indifference to that risk. The Megalomedia Defendants' actions clearly indicate that their desire to boost ratings and film their television show were more important than LB Bonner's mental health. Their actions are so outrageous in character and so extreme in degree that they go beyond all possible bounds of decency and are regarded as atrocious and utterly intolerable in a civilized community.

The Megalomedia Defendants' actions were the proximate cause of LB Bonner's injuries and damages.

### E. PROMISSORY ESTOPPEL – ESTATE AGAISNT MEGALOMEDIA DEFENDANTS

Plaintiffs re-plead all allegations set forth above as if fully restated herein.

As noted above, the Megalomedia Defendants promised LB Bonner that they would pay his medical bills arising out the medical treatment in connection with the show. It was foreseeable to the Megalomedia Defendants that LB Bonner would rely on this promise, and in fact the Megalomedia Defendants' expected that LB Bonner would rely on this promise. LB Bonner relied on these promises to his detriment and suffered damages.

PHLY 025

23-20570.246

### F.     FRAUD – ESTATE AGAINST MEGALOMEDIA DEFENDANTS

Plaintiffs re-plead all allegations set forth above as if fully restated herein.

As set forth above, the Megalomedia Defendants made a material representation to LB Bonner that was false, that is, that they would cover all medical bills associated with the medical treatment and surgeries if he would agree to participate in the show.   The Megalomedia Defendants knew their representations were false or made them recklessly as a positive assertion without any knowledge of their truth.  Defendants intended to induce LB Bonner to act upon the representation.   LB Bonner actually and justifiably relied on the representation.    The Megalomedia Defendants failed to fully pay for the surgeries and medical care, causing damage to LB Bonner.

### G.     IN THE ALTERNATIVE, BREACH OF CONTRACT – ESTATE AGAINST MEGALOMEDIA, INC.

Plaintiffs re-plead all allegations set forth above as if fully restated herein.

In the alternative, and if it is shown that a contract was entered into between LB Bonner and Megalomedia, Inc. prior to LB Bonner's death, and that such contract is binding, then Plaintiffs would show that Defendant Megalomedia, Inc. breached the contract by, among other things, breaching the provision that "Producer shall not require Subject to render any services that are disparaging to Subject."  As a result of Megalomedia, Inc.'s breach, LB Bonner suffered damages.

## VI.   TEX. R. CIV. P 193.7 NOTICE

Pursuant to Texas Rule of Civil Procedure Rule 193.7, Plaintiffs intend to use all documents produced by the Defendants as authenticated documents.

## VII.   JURY DEMAND

Plaintiffs respectfully demand a jury trial and tenders the appropriate fee.

PHLY 026

23-20570.247

## PRAYER

For these reasons, Plaintiffs ask that Defendants be cited to appear and answer this suit.

Plaintiffs ask that this case be set for trial without delay, and that Plaintiffs recover judgment

from Defendants for actual damages, punitive damages, costs and interest, in such an amount

that the evidence may show and the trier of fact may determine to be proper.

Respectfully submitted,

### THE BUZBEE LAW FIRM

*/s/ Anthony G. Buzbee*
Anthony G. Buzbee
State Bar No. 24001820
tbuzbee@txattorneys.com
Peter K. Taaffe
State Bar No. 24003029
ptaaffe@txattorneys.com
Ryan S. Pigg
State Bar No. 24088227
rpigg@txattorneys.com
J.P. Morgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909
www.txattorneys.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document has been duly served on all known counsel of record and pro se parties in accordance with the Texas Rules of Civil Procedure on July 13, 2020 via E-Service.

*/s/ Peter K. Taaffe*
Peter K. Taaffe

PHLY 027
23-20570.248

2. **REALITY TV CERTIFICATES OF INSURANCE WITH CONTEXTUAL EMAILS FOR 2015, 2016, AND 2017**

From: **"Michaud, Cindy"** <span style="color:red">**CONFIDENTIAL**</span>

To: **"Juvennelliano, Nancy" <Nancy.Juvennelliano@phly.com>**

Date: 10/8/2015 11:11:00 AM

Subject: FW: Megalomedia Inc, 80742328 PathID: 9113037, Effective 12/1/2015

Attachments: MM.Phil App.pdf

COI DCL 2016 10 EPS R.PDF

COI DCL_My 600 S5.pdf

600 Where are they 2 EO COI DCL.PDF

F2F Prod Ins Cert.pdf

---

I am attaching the renewal info for this account.  The agent is also asking the following:

The insured does also carry production insurance for each production. I've attached the certificates here. I don't know if having the additional coverage will make a difference but please let me know. The insured is also asking how much it would cost to have Film Coverage (coverage for damaged film or media).

Please advise regarding the agent's questions.

Thanks.

**Cindy Michaud, ACSR, CIC**
Sr. Account Executive-Renewal
Philadelphia Insurance Companies
A Member of the Tokio Marine Group

Direct Dial is 512-652-0511/ Direct Fax 866-437-2392
**ThinkPHLY.com**   Find out why you should **ThinkPHLY** first

---

From: Jennifer Frith [mailto:jen@mrdins.com]
Sent: Wednesday, October 07, 2015 2:45 PM
To: Everett, Barbara; Michaud, Cindy
Subject: RE: Megalomedia Inc, 80742328 PathID: 9113037, Effective 12/1/2015

Barbara & Cindy,

Attached is the completed renewal application.  The insured does also carry production insurance for each production. I've attached the certificates here. I don't know if having the additional coverage will make a difference but please let me know. The insured is also asking how much it would cost to have Film Coverage (coverage for damaged film or media).

Thanks,

Jennifer Frith, CAM
Commercial Account Executive



**EXHIBIT**

**P-46**

4:20-cv-01644

**RE018**

PHLY-09768
23-20570.6440


**ACORD®**

# CERTIFICATE OF LIABILITY INSURANCE ~~CONFIDENTIAL~~

| | DATE (MM/DD/YYYY) |
|---|---|
| | 03/05/2015 |

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.  THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT:  If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed.  If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement.  A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: Giovanni Lopez | | |
|---|---|---|---|
| MIB Insurance Services       (CA License 0C84298) | PHONE (A/C, No. Ext): 310 775 9020 | | FAX (A/C, No): 310 374 2305 |
| 111 N Sepulveda Blvd | E-MAIL ADDRESS: certificate@mediainsurance.com | | |
| Suite 245 | INSURER(S) AFFORDING COVERAGE | | NAIC # |
| Manhattan Beach             CA        90266 | INSURER A : FIREMANS FUND INSURANCE COMPANY. | | |
| INSURED | INSURER B : | | |
| MEGALOMEDIA, INC. | INSURER C : | | |
| 901 Barton Spring Rd. | INSURER D : | | |
| Austin TX 78704 | INSURER E : | | |
| | INSURER F : | | |

## COVERAGES          CERTIFICATE NUMBER: 10677-183          REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED.  NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSR | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | **GENERAL LIABILITY** <br> ☒ COMMERCIAL GENERAL LIABILITY <br> ☐ CLAIMS-MADE ☒ OCCUR <br><br> GEN'L AGGREGATE LIMIT APPLIES PER: <br> ☐ POLICY ☒ PRO-JECT ☐ LOC | X | | XXC 80483286 | 04/17/2014 | 04/17/2016 | EACH OCCURRENCE | $ 2,000,000 |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 1,000,000 |
| | | | | | | | MED EXP (Any one person) | $ 10,000 |
| | | | | | | | PERSONAL & ADV INJURY | $ 2,000,000 |
| | | | | | | | GENERAL AGGREGATE | $ 2,000,000 |
| | | | | | | | PRODUCTS - COMP/OP AGG | $ 2,000,000 |
| | | | | | | | $ |
| A | **AUTOMOBILE LIABILITY** <br> ☐ ANY AUTO <br> ☐ ALL OWNED AUTOS ☐ SCHEDULED AUTOS <br> ☒ HIRED AUTOS ☒ NON-OWNED AUTOS | X | | XXC 80483286 | 04/17/2014 | 04/17/2016 | COMBINED SINGLE LIMIT (Ea accident) | $ 1,000,000 |
| | | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | $ |
| A | ☒ **UMBRELLA LIAB** ☒ OCCUR <br> ☐ **EXCESS LIAB** ☐ CLAIMS-MADE <br> ☐ DED ☐ RETENTION $ | X | | XAU 15035629 | 04/17/2014 | 04/17/2016 | EACH OCCURRENCE | $ 2,000,000 |
| | | | | | | | AGGREGATE | $ 2,000,000 |
| | | | | | | | $ |
| | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** Y / N <br> ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICE/MEMBER EXCLUDED? ☐ <br> (Mandatory in NH) <br> If yes, describe under DESCRIPTION OF OPERATIONS below | N / A | | | | | WC STATU-TORY LIMITS / OTH-ER | |
| | | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| A | Cast Insurance <br> DICE Policy | | | MPT 07111560 | 04/17/2014 | 04/17/2016 | As per the Discovery Insurance Scheme <br> As per the Discovery Insurance Scheme | |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES  (Attach ACORD 101, Additional Remarks Schedule, if more space is required)
The Certificate Holder is included as Additional Insured and Loss Payee as respects operations of the Named Insured and as their interests may appear for the production: " My 600 lb. Life -4"

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Discovery Communications, LLC | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. <br><br> AUTHORIZED REPRESENTATIVE *Gabriela Padila* |

© 1988-2010 ACORD CORPORATION.  All rights reserved.

ACORD 25 (2010/05)          The ACORD name and logo are registered marks of ACORD

RE019

PHLY-09777
23-20570.6449

# CERTIFICATE OF LIABILITY INSURANCE

**CONFIDENTIAL**

| | DATE (MM/DD/YYYY) |
|---|---|
| | 06/05/2015 |

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: Giovanni Lopez | | |
|---|---|---|---|
| MIB Insurance Services     (CA License 0C84298) | PHONE (A/C, No, Ext): 310 775 9020 | | FAX (A/C, No): 310 374 2305 |
| 111 N Sepulveda Blvd | E-MAIL ADDRESS: certificate@mediainsurance.com | | |
| Suite 245 | INSURER(S) AFFORDING COVERAGE | | NAIC # |
| Manhattan Beach          CA      90266 | INSURER A : FIREMANS FUND INSURANCE COMPANY. | | |
| **INSURED** | INSURER B : | | |
| MEGALOMEDIA, INC. | INSURER C : | | |
| 6207 Bee Cave Road, Suite 125 | INSURER D : | | |
| Austin, TX  78746 | INSURER E : | | |
| | INSURER F : | | |

## COVERAGES          CERTIFICATE NUMBER: 11924-2241          REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSR | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | **GENERAL LIABILITY** ☒ COMMERCIAL GENERAL LIABILITY ☐ CLAIMS-MADE ☒ OCCUR | | | XXC80495090 | 06/05/2015 | 06/05/2017 | EACH OCCURRENCE | $ 2,000,000 |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 1,000,000 |
| | | | | | | | MED EXP (Any one person) | $ 10,000 |
| | | | | | | | PERSONAL & ADV INJURY | $ 2,000,000 |
| | | | | | | | GENERAL AGGREGATE | $ 2,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: ☒ POLICY ☐ PRO-JECT ☐ LOC | | | | | | PRODUCTS - COMP/OP AGG | $ 2,000,000 |
| | | | | | | | | $ |
| A | **AUTOMOBILE LIABILITY** ☐ ANY AUTO ☐ ALL OWNED AUTOS ☐ SCHEDULED AUTOS ☒ HIRED AUTOS ☒ NON-OWNED AUTOS | | | XXC80495090 | 06/05/2015 | 06/05/2017 | COMBINED SINGLE LIMIT (Ea accident) | $ 1,000,000 |
| | | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| A | ☒ **UMBRELLA LIAB** ☒ OCCUR ☐ **EXCESS LIAB** ☐ CLAIMS-MADE ☐ DED ☐ RETENTION $ | | | XAU57979734 | 06/05/2015 | 06/05/2017 | EACH OCCURRENCE | $ 1,000,000 |
| | | | | | | | AGGREGATE | $ 1,000,000 |
| | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** Y/N ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICE/MEMBER EXCLUDED? (Mandatory in NH) If yes, describe under DESCRIPTION OF OPERATIONS below | N/A | | | | | WC STATU-TORY LIMITS ☐ OTH-ER | |
| | | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| A | Cast Insurance DICE Policy | | | MPT 07112106 | 06/05/2015 | 06/05/2017 | As per the Discovery Insurance Scheme As per the Discovery Insurance Scheme | |

**DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (Attach ACORD 101, Additional Remarks Schedule, if more space is required)**
The Certificate Holder is included as Additional Insured and Loss Payee as respects operations of the Named Insured and as their interests may appear for the production: " My 600 lb. Life 5"

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Discovery Communications, LLC | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. AUTHORIZED REPRESENTATIVE *Gabriela Padula* |

© 1988-2010 ACORD CORPORATION. All rights reserved.

**ACORD®**

# CERTIFICATE OF LIABILITY INSURANCE
CONFIDENTIAL

| DATE (MM/DD/YYYY) |
|---|
| 07/13/2015 |

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: Giovanni Lopez | | |
|---|---|---|---|
| MIB Insurance Services   (CA License 0C84298) | PHONE (A/C, No, Ext): 310 775 9020 | | FAX (A/C, No): 310 374 2305 |
| 111 N Sepulveda Blvd | E-MAIL ADDRESS: certificate@mediainsurance.com | | |
| Suite 245 | INSURER(S) AFFORDING COVERAGE | | NAIC # |
| Manhattan Beach            CA        90266 | INSURER A: FIREMANS FUND INSURANCE COMPANY. | | |
| INSURED | INSURER B: | | |
| MEGALOMEDIA, INC. | INSURER C: | | |
| 901 Barton Spring Rd. | INSURER D: | | |
| Austin TX 78704 | INSURER E: | | |
| | INSURER F: | | |

## COVERAGES   CERTIFICATE NUMBER: 11886-2241   REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSR | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | **GENERAL LIABILITY** ☒ COMMERCIAL GENERAL LIABILITY   ☐ CLAIMS-MADE ☒ OCCUR | | | XXC80495090 | 07/10/2015 | 07/10/2016 | EACH OCCURRENCE | $ 2,000,000 |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 1,000,000 |
| | | | | | | | MED EXP (Any one person) | $ 10,000 |
| | | | | | | | PERSONAL & ADV INJURY | $ 2,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: ☐ POLICY ☒ PRO-JECT ☐ LOC | | | | | | GENERAL AGGREGATE | $ 2,000,000 |
| | | | | | | | PRODUCTS - COMP/OP AGG | $ 2,000,000 |
| | | | | | | | $ | |
| A | **AUTOMOBILE LIABILITY** ☐ ANY AUTO ☐ ALL OWNED AUTOS ☐ SCHEDULED AUTOS ☒ HIRED AUTOS ☒ NON-OWNED AUTOS | | | XXC80495090 | 07/10/2015 | 07/10/2016 | COMBINED SINGLE LIMIT (Ea accident) | $ 1,000,000 |
| | | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | $ | |
| A | ☒ UMBRELLA LIAB ☒ OCCUR ☐ EXCESS LIAB ☐ CLAIMS-MADE ☐ DED ☐ RETENTION $ | | | XAU57979734 | 07/10/2015 | 07/10/2016 | EACH OCCURRENCE | $ 3,000,000 |
| | | | | | | | AGGREGATE | $ 3,000,000 |
| | | | | | | | $ | |
| | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** Y/N ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICE/MEMBER EXCLUDED? (Mandatory in NH) If yes, describe under DESCRIPTION OF OPERATIONS below | N/A | | | | | ☐ WC STATU-TORY LIMITS ☐ OTH-ER | |
| | | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| A | Cast Insurance DICE Policy | | | MPT 07112106 | 07/10/2015 | 07/10/2016 | As per the Discovery Insurance Scheme As per the Discovery Insurance Scheme | |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (Attach ACORD 101, Additional Remarks Schedule, if more space is required)
The Certificate Holder is included as Additional Insured and Loss Payee as respects operations of the Named Insured and as their interests may appear for the production: " My 600 Lb. Life: Where Are They Now? - Season 2"

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Discovery Communications, LLC | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. |
| | AUTHORIZED REPRESENTATIVE   *Gabriela Padilla* |

© 1988-2010 ACORD CORPORATION. All rights reserved.

**ACORD 25 (2010/05)**   The ACORD name and logo are registered marks of ACORD

RE021

PHLY-09779

23-20570.6451

# CERTIFICATE OF LIABILITY INSURANCE

**CONFIDENTIAL**

| | DATE (MM/DD/YYYY) |
|---|---|
| ACORD® | 06/29/2015 |

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.  THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT:  If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed.  If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement.  A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: Mario Duran | | |
|---|---|---|---|
| MIB Insurance Services      (CA License 0C84298) | PHONE (A/C, No, Ext): 310 775 9020 | | FAX (A/C, No): 310 374 2305 |
| 111 N Sepulveda Blvd | E-MAIL ADDRESS:  certificate@mediainsurance.com | | |
| Suite 245 | INSURER(S) AFFORDING COVERAGE | | NAIC # |
| Manhattan Beach                CA        90266 | INSURER A :  FIREMANS FUND INSURANCE COMPANY. | | |
| **INSURED** | INSURER B : | | |
| MEGALOMEDIA, INC. | INSURER C : | | |
| 901 Barton Spring Rd. | INSURER D : | | |
| Austin TX 78704 | INSURER E : | | |
| | INSURER F : | | |

## COVERAGES       CERTIFICATE NUMBER: 11736-2241       REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED.  NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSR | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | **GENERAL LIABILITY** ☒ COMMERCIAL GENERAL LIABILITY ☐ CLAIMS-MADE ☒ OCCUR | | | XXC80495090 | 06/29/2015 | 06/29/2016 | EACH OCCURRENCE | $ 2,000,000 |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 1,000,000 |
| | | | | | | | MED EXP (Any one person) | $ 10,000 |
| | | | | | | | PERSONAL & ADV INJURY | $ 2,000,000 |
| | | | | | | | GENERAL AGGREGATE | $ 2,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: ☐ POLICY ☒ PRO-JECT ☐ LOC | | | | | | PRODUCTS - COMP/OP AGG | $ 2,000,000 |
| | | | | | | | | $ |
| A | **AUTOMOBILE LIABILITY** ☐ ANY AUTO ☐ ALL OWNED AUTOS ☐ SCHEDULED AUTOS ☒ HIRED AUTOS ☒ NON-OWNED AUTOS | | | XXC80495090 | 06/29/2015 | 06/29/2016 | COMBINED SINGLE LIMIT (Ea accident) | $ 1,000,000 |
| | | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| A | ☒ UMBRELLA LIAB ☒ OCCUR ☐ EXCESS LIAB ☐ CLAIMS-MADE | | | XAU57979734 | 06/29/2015 | 06/29/2016 | EACH OCCURRENCE | $ 1,000,000 |
| | | | | | | | AGGREGATE | $ 1,000,000 |
| | ☐ DED ☐ RETENTION $ | | | | | | | $ |
| | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY**  Y / N ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICE/MEMBER EXCLUDED? (Mandatory in NH) N / A If yes, describe under DESCRIPTION OF OPERATIONS below | | | | | | ☐ WC STATU- TORY LIMITS ☐ OTH-ER | |
| | | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| A | Cast Insurance DICE Policy | | | MPT 07112106 | 06/29/2015 | 06/29/2016 | As per the Discovery Insurance Scheme As per the Discovery Insurance Scheme | |

**DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES  (Attach ACORD 101, Additional Remarks Schedule, if more space is required)**

The Certificate Holder is included as Additional Insured and Loss Payee as respects operations of the Named Insured and as their interests may appear for the production: " Flab To Fit (wt)"

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Discovery Communications, LLC | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. |
| | AUTHORIZED REPRESENTATIVE _Gabriela Padilla_ |

© 1988-2010 ACORD CORPORATION.  All rights reserved.

ACORD 25 (2010/05)       The ACORD name and logo are registered marks of ACORD

RE022

PHLY-09780
23-20570.6452

**CONFIDENTIAL**

| | |
|---|---|
| From: | **"Michaud, Cindy"** |
| To: | **"Juvennelliano, Nancy" <Nancy.Juvennelliano@phly.com>** |
| Date: | 12/2/2016 8:05:19 AM |
| Subject: | FW: Megalomedia Inc, 80742328 PathID: 10002500, Effective 12/1/2016 - BIND ORDER |
| Attachments: | Megalomedia pkg.pdf |
| | Megalomedia umb.pdf |
| | Megalo P&L.PDF |
| | Insurance Schedule - 08.25.16.pdf |
| | coverage letter - my 600 lb 5 - aug 2016.pdf |
| | Insurance Schedule REVISED - 08.05.16.pdf |
| | Production Insurance Schedule - 08.04.16.pdf |
| | Production Insurance Schedule - 08.04.16 (1).pdf |

---

Can you use the info provide on the P & L to determine the correct production cost?  Are the other attachments after the P&L statement proof enough that the  Reality TV exposure has coverage elsewhere?

Thanks


Cindy Michaud, ACSR, CIC
Sr. Account Executive-Renewal
Philadelphia Insurance Companies-AM Best Rating A+
A Member of the Tokio Marine Group

430 Via Fortuna, Ste220
Austin, TX 78746
Direct Dial is 512-652-0511/ Direct Fax 866-437-2392
ThinkPHLY.com – Find out why you should ThinkPHLY first

From: Afton Burns [mailto:Afton@mrdins.com]
Sent: Thursday, December 01, 2016 2:56 PM
To: Michaud, Cindy
Subject: FW: Megalomedia Inc, 80742328 PathID: 10002500, Effective 12/1/2016 - BIND ORDER
Importance: High

Please bind the renewal effective today.  Attached is everything you should need.  Also, the insured sent the following info as well:  Attached is a profit and loss from 12/1/15-12/1/16 showing only income and expenses that are not related to the reality TV projects covered by the required network insurance. The cost of goods on this report are for projects in development, only. Network insurance is purchased only after the project has been green lit by a network, and is no longer in development. We currently have 5 projects in production. Please find the insurance summary pages for the policies in place for these projects.

Please let me know when the policies are ready.

Thank you,



**EXHIBIT**

**P-68**

4:20-cv-01644

PHLY-05855
23-20570.6590

**RE023**

Afton Burns CISR
Commercial Lines Account Manager

**CONFIDENTIAL**



7700 Hwy 71 West
Suite 300                          office 512.870.8072
Austin, TX 78735                   fax 512.519.2957

afton@mrdins.com

## Hate Shopping for HEALTH INSURANCE? Let us HELP YOU! CLICK HERE

Commercial Property & Auto * Commercial General Liability * Life * Group & Individual Health
Bonds * Personal Homeowners & Auto * Workers' Comp * Payroll Service

*Confidentiality Notice: The information contained in this electronic mail is privileged and confidential and is intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this electronic mail is strictly prohibited. If you have received this electronic mail in error, please notify the sender immediately and delete all copies.*

From: Michaud, Cindy [mailto:Cindy.Michaud@phly.com]
Sent: Wednesday, November 30, 2016 7:40 AM
To: Afton Burns <Afton@mrdins.com>
Subject: Megalomedia Inc, 80742328 PathID: 10002500, Effective 12/1/2016

Pkg conditions prior to binding:

At binding: 1. Confirm the Gross Production Cost for projects that are not Reality TV. 2. Confirm the insured is getting coverage for the Reality TV projects. Provide copy of dec page.

Umb:

EMPLOYERS LIABILITY COVERAGE IS EXCLUDED HOWEVER, IT CAN BE ADDED IF THE EL CARRIER HAS A BEST'S RATING OF A OR BETTER AND LIMITS ARE EQUAL TO OR GREATER THAN $500,000/$500,000/$500,000.

Prior to binding:

At binding:
1. Signed/dated Umbrella ACCORD.





**Tel: 310 775 9020**
**Fax: 310 374 2305**
**www.mediainsurance.com**
**CA License #OC84298**

Giovanni
Giovanni@mediainsurance.com

# Summary of Insurance

## Company Details

**Company:** MEGALOMEDIA, INC.
**Address:** 901 Barton Springs Road
Austin, TX
78731

## Production Details

**Production Title:** **My 600 lb. Life 5**
**Period of Insurance:** 05 June 2015 to 05 June 2017
**Budget:** $8,235,686

12 x 120 min eps
4 x 60 min eps

**Premium Summary**

| Cover | Premium |
|---|---|
| Television Production Insurance | $32,583.00 |
| General Liability | $9,224.00 |
| Non Owned & Hired Auto | $5,059.00 |
| Excess / Umbrella Liability | $2,143.00 |
| | $49,009.00 |

Effective  05 November 2015 the following extension has been granted:
adding 2 episodes; additional NIPC $822,162

Effective  10 May 2016 the following extension has been granted:
add 3 eps; gpc $1,267,309

Effective  10 May 2016 the following extension has been granted:
off set overbill; -($404)

Effective  05 August 2016 the following extension has been granted:
 Budget adjustment; additional $1,267,309
Final: $8,235,686
12 x 120 min eps
4 x 60 min eps

**Production Package**         <span style="color:red">**CONFIDENTIAL**</span>

Full coverage terms, conditions, including definitions, are included in the Policy Document.

| **Period of Cover** | 05 June 2015 | To :05 June 2017 |
|---|---|---|
| **Policy Number** | MPT 07112106 | |

| Coverage | Limit | Excess |
|---|---|---|
| 1. Cast Insurance | $4,148,871 | $5,000 |
| 2. Negative / Videotape | $4,148,871 | 10%  (Min.:$3,500 Max: $7,500) |
| 3. Faulty Stock Camera Processing | $4,148,871 | $7,500 |
| 4. Extra Expense | $2,000,000 | $3,500 |
| 5. Third Party Property Damage | $1,000,000 | $1,500 |
| 6. Props, Sets & Wardrobe | $1,000,000 | $1,500 |
| 7. Miscellaneous Equipment | $2,000,000 | $2,500 |

Effective  10 May 2016 the following extension has been granted:

Effective  05 August 2016 the following extension has been granted:

.

# General Liability

Full coverage terms, conditions, including definitions, are included in the Policy Document.

| **Period of Cover** | 05 June 2015 | to :05 June 2017 |
|---|---|---|
| **Policy Number** | XXC80495090 | |

| Coverage | Limits |
|---|---|
| General Aggregate | $2,000,000 |
| Products & Completed Operations. Aggregate | $2,000,000 |
| Personal Advertising Injury | $2,000,000 |
| Each Occurrence | $2,000,000 |
| Damage to Rented Premises (Any one premises) | $1,000,000 |
| Medical Payments (Any One Person) | $10,000 |

Effective  10 May 2016 the following extension has been granted:

Effective  05 August 2016 the following extension has been granted:

**CONFIDENTIAL**

| | |
|---|---|
| From: | **"Afton Burns" <Afton@mditx.com>** |
| To: | **"Michaud, Cindy" <Cindy.Michaud@phly.com>** |
| Date: | 11/30/2017 2:31:47 PM |
| Subject: | FW: Megalomedia Inc, 80742328 PathID: 10927407, Effective 12/1/2017 |
| Attachments: | TWIMC_367612.pdf |
| | TWIMC_352197.pdf |
| | TWIMC_352176.pdf |
| | TWIMC_352083.pdf |
| | _M6L6_COI_Discovery_08.04.17.pdf |

Attached are the reality production certs.


Afton Burns, CISR
Commerical Lines Account Manager



1804 Ulit Ave.                    office 512.870.8072
Austin, TX 78702              mobile 512.369.2716
afton@mditx.com             fax 512.519.2957

Commercial Property & Auto * Commercial General Liability * Life * Group & Individual Health
Bonds * Personal Homeowners & Auto * Workers' Comp * Payroll Service

*Confidentiality Notice: The information contained in this electronic mail is privileged and confidential and is intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this electronic mail is strictly prohibited.  If you have received this electronic mail in error, please notify the sender immediately and delete all copies.*

---

From: Afton Burns
Sent: Thursday, November 30, 2017 1:12 PM
To: 'Michaud, Cindy' <Cindy.Michaud@phly.com>
Subject: FW: Megalomedia Inc, 80742328 PathID: 10927407, Effective 12/1/2017
Importance: High

Please bind both.  I should have the production cert soon and the accords.


Afton Burns, CISR
Commerical Lines Account Manager



1804 Ulit Ave.                    office 512.870.8072
Austin, TX 78702              mobile 512.369.2716
afton@mditx.com             fax 512.519.2957



EXHIBIT

P-77

4:20-cv-01644

**RE027**

PHLY-08169
23-20570.6752

**CONFIDENTIAL**

Commercial Property & Auto * Commercial General Liability * Group & Individual Health
Bonds * Personal Homeowners & Auto * Workers' Comp * Payroll Service

*Confidentiality Notice: The information contained in this electronic mail is privileged and confidential and is intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this electronic mail is strictly prohibited. If you have received this electronic mail in error, please notify the sender immediately and delete all copies.*

From: Michaud, Cindy [mailto:Cindy.Michaud@phly.com]
Sent: Monday, November 20, 2017 11:33 AM
To: Afton Burns <Afton@mditx.com>; Afton Burns <Afton@mditx.com>
Subject: FW: Megalomedia Inc, 80742328 PathID: 10927407, Effective 12/1/2017



Hello,

I wanted to send a quick follow-up on the attached proposal which was recently sent to you. Let me know if you have any questions on the proposal or outstanding binding conditions.

Your PHLY Account Executive's contact information is shown below. Please let me know if there is anything we can do to help you secure this account and bind with PHLY. We appreciate your patronage.

Thank you!

Cindy Michaud
**cindy.michaud@phly.com**

From: Michaud, Cindy
Sent: Monday, November 13, 2017 3:47 PM
To: 'afton@mditx.com'
Subject: Megalomedia Inc, 80742328 PathID: 10927407, Effective 12/1/2017



Afton

We are pleased to attach our proposal for the referenced risk. Forms and endorsements listed are available to review at your request.

**CONFIDENTIAL**

Please review the proposal for accuracy and advise if a revision is needed. Note any changes needed on the proposal and return to my attention for correction.

Also note our proposal offers:

- Commission will be paid at 13.50%
- Admitted A++ Rated Carrier
- Direct Bill, payment plans ranging from Fixed Annual to 25% down and nine installments, depending on premium.
- Learn more about PHLY Risk Management services offered.

Please note the following terms and conditions the proposal is subject to:

Pkg & Umb-updated accords-Propertry accords need to include updates for property 20 years old and over for:
HVAC
Wiring
Plumbing
Roof
PKG- Film Production supplemental app: https://www.phly.com/Files /Application%20-%20Film%20Production31-1397.pdf

Current certificate for Reality TV.

Please provide the required conditions needed at binding.  If there are no additional changes or required conditions please let me know if we can proceed in binding coverage per the terms and conditions provided on this quote.

If you have any questions with regards to coverages and pricing, please feel free to contact me to discuss.  Click here to obtain further information on additional products.

Cindy Michaud, ACSR, CIC
Sr. Renewal Account Executive
**Cindy.michaud@phly.com**
Phone 512-652-0511
Fax 1-866-437-2392

Please consider the environment before printing this email.

******************** Internet Email Confidentiality ********************

The information contained in this message (including any attachments) may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for

**RE029**

PHLY-08171
23-20570.6754

delivering this message to the intended recipient, you are notified that it is strictly prohibited (a) to disseminate, distribute or copy this communication or any of the information contained in it, or (b) to take any action based on the information in it. If you have received this communication in error, please notify us immediately by replying to the message and deleting it from your computer.

CONFIDENTIAL

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PHLY-08172
23-20570.6755



# CERTIFICATE OF LIABILITY INSURANCE

**CONFIDENTIAL**

| | DATE (MM/DD/YYYY) |
|---|---|
| | 11/07/2017 |

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.  THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT:  If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed.  If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement.  A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: Mario Duran | |
|---|---|---|
| MIB Insurance Services        (CA License 0C84298) | PHONE (A/C, No, Ext): 310 775 9020 | FAX (A/C, No): 310 374 2305 |
| 111 N Sepulveda Blvd | E-MAIL ADDRESS: certificate@mediainsurance.com | |
| Suite 245 | INSURER(S) AFFORDING COVERAGE | NAIC # |
| Manhattan Beach                  CA      90266 | INSURER A : FIREMANS FUND INSURANCE COMPANY. | |
| INSURED | INSURER B : | |
| MEGALOMEDIA, INC. | INSURER C : | |
| 901 Barton Springs Road | INSURER D : | |
| Austin, TX | INSURER E : | |
| 78731 | INSURER F : | |

## COVERAGES          CERTIFICATE NUMBER: 14431-2296          REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED.  NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSR | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | **GENERAL LIABILITY** ☒ COMMERCIAL GENERAL LIABILITY ☐ CLAIMS-MADE ☒ OCCUR | | | XXC 80505367 | 11/06/2017 | 11/06/2018 | EACH OCCURRENCE | $ 2,000,000 |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 1,000,000 |
| | | | | | | | MED EXP (Any one person) | $ 10,000 |
| | | | | | | | PERSONAL & ADV INJURY | $ 2,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: ☐ POLICY ☒ PRO-JECT ☐ LOC | | | | | | GENERAL AGGREGATE | $ 2,000,000 |
| | | | | | | | PRODUCTS - COMP/OP AGG | $ 2,000,000 |
| | | | | | | | $ | |
| A | **AUTOMOBILE LIABILITY** ☐ ANY AUTO ☐ ALL OWNED AUTOS ☐ SCHEDULED AUTOS ☒ HIRED AUTOS ☒ NON-OWNED AUTOS | | | XXC 80505367 | 11/06/2017 | 11/06/2018 | COMBINED SINGLE LIMIT (Ea accident) | $ 1,000,000 |
| | | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | $ | |
| A | ☒ UMBRELLA LIAB ☒ OCCUR ☐ EXCESS LIAB ☐ CLAIMS-MADE ☐ DED ☐ RETENTION $ | | | XAU48966212 | 11/06/2017 | 11/06/2018 | EACH OCCURRENCE | $ 2,000,000 |
| | | | | | | | AGGREGATE | $ 2,000,000 |
| | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? (Mandatory in NH) If yes, describe under DESCRIPTION OF OPERATIONS below | Y / N N / A | | | | | ☐ WC STATU-TORY LIMITS ☐ OTHER | |
| | | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| A | DICE Policy | | | MPT07202974 | 11/06/2017 | 11/06/2018 | As per the Discovery Insurance Scheme | |

**DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES  (Attach ACORD 101, Additional Remarks Schedule, if more space is required)**

The Certificate Holder is included as Additional Insured and Loss Payee as respects operations of the Named Insured and as their interests may appear for the production: " One Ton Family"

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Discovery Communications, LLC | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. |
| | AUTHORIZED REPRESENTATIVE *Gabriela Padilla* |

© 1988-2010 ACORD CORPORATION.  All rights reserved.

ACORD 25 (2010/05)          The ACORD name and logo are registered marks of ACORD

RE031

PHLY-08173
23-20570.6756

Clear All



# CERTIFICATE OF LIABILITY INSURANCE

**CONFIDENTIAL**

| | DATE (MM/DD/YYYY) |
|---|---|
| | 09/06/2017 |

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.  THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT:  If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed.  If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement.  A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: Mario Duran | |
|---|---|---|
| MIB Insurance Services     (CA License 0C84298) | PHONE (A/C, No, Ext): 310 775 9020 | FAX (A/C, No): 310 374 2305 |
| 111 N Sepulveda Blvd | E-MAIL ADDRESS: certificate@mediainsurance.com | |
| Suite 245 | | |
| Manhattan Beach           CA     90266 | INSURER(S) AFFORDING COVERAGE | NAIC # |
| | INSURER A : FIREMANS FUND INSURANCE COMPANY. | |
| **INSURED** | INSURER B : | |
| MEGALOMEDIA, INC. | INSURER C : | |
| 901 Barton Springs Road | INSURER D : | |
| Austin, TX | INSURER E : | |
| 78731 | INSURER F : | |

## COVERAGES        CERTIFICATE NUMBER: 14459-2296        REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED.  NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSR | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | **GENERAL LIABILITY** ☒ COMMERCIAL GENERAL LIABILITY  ☐ CLAIMS-MADE ☒ OCCUR | | | XXC 80505367 | 09/06/2017 | 09/06/2018 | EACH OCCURRENCE | $ 2,000,000 |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 1,000,000 |
| | | | | | | | MED EXP (Any one person) | $ 10,000 |
| | | | | | | | PERSONAL & ADV INJURY | $ 2,000,000 |
| | | | | | | | GENERAL AGGREGATE | $ 2,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: ☐ POLICY ☒ PRO-JECT ☐ LOC | | | | | | PRODUCTS - COMP/OP AGG | $ 2,000,000 |
| | | | | | | | | $ |
| A | **AUTOMOBILE LIABILITY** ☐ ANY AUTO ☐ ALL OWNED AUTOS ☐ SCHEDULED AUTOS ☒ HIRED AUTOS ☒ NON-OWNED AUTOS | | | XXC 80505367 | 09/06/2017 | 09/06/2018 | COMBINED SINGLE LIMIT (Ea accident) | $ 1,000,000 |
| | | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| A | ☒ **UMBRELLA LIAB** ☒ OCCUR ☐ **EXCESS LIAB** ☐ CLAIMS-MADE ☐ DED ☐ RETENTION $ | | | XAU48966212 | 09/06/2017 | 09/06/2018 | EACH OCCURRENCE | $ 2,000,000 |
| | | | | | | | AGGREGATE | $ 2,000,000 |
| | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** Y / N ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICE/MEMBER EXCLUDED? (Mandatory in NH) If yes, describe under DESCRIPTION OF OPERATIONS below | N / A | | | | | ☐ WC STATU-TORY LIMITS ☐ OTHER | |
| | | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| A | DICE Policy | | | MPT07202974 | 09/06/2017 | 09/06/2018 | As per the Discovery Insurance Scheme | |

**DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES  (Attach ACORD 101, Additional Remarks Schedule, if more space is required)**

The Certificate Holder is included as Additional Insured and Loss Payee as respects operations of the Named Insured and as their interests may appear for the production: " Skin Tight - Season 3"

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Discovery Communications, LLC | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. |
| | AUTHORIZED REPRESENTATIVE  *Gabriela Padilla* |

© 1988-2010 ACORD CORPORATION.  All rights reserved.

**ACORD 25 (2010/05)**     The ACORD name and logo are registered marks of ACORD

RE032

PHLY-08174
23-20570.6757

Clear All



# CERTIFICATE OF LIABILITY INSURANCE

**CONFIDENTIAL**

| | DATE (MM/DD/YYYY) |
|---|---|
| | 09/06/2017 |

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | | CONTACT NAME: Mario Duran | |
|---|---|---|---|
| MIB Insurance Services (CA License 0C84298) | | PHONE (A/C, No, Ext): 310 775 9020 | FAX (A/C, No): 310 374 2305 |
| 111 N Sepulveda Blvd | | E-MAIL ADDRESS: certificate@mediainsurance.com | |
| Suite 245 | | INSURER(S) AFFORDING COVERAGE | NAIC # |
| Manhattan Beach CA 90266 | | INSURER A : FIREMANS FUND INSURANCE COMPANY. | |
| **INSURED** | | INSURER B : | |
| MEGALOMEDIA, INC. | | INSURER C : | |
| 901 Barton Springs Road | | INSURER D : | |
| Austin, TX | | INSURER E : | |
| 78731 | | INSURER F : | |

## COVERAGES CERTIFICATE NUMBER: 14430-2296 REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSR | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | **GENERAL LIABILITY** ☒ COMMERCIAL GENERAL LIABILITY ☐ CLAIMS-MADE ☒ OCCUR | | | XXC 80505367 | 09/06/2017 | 09/06/2018 | EACH OCCURRENCE | $ 2,000,000 |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 1,000,000 |
| | | | | | | | MED EXP (Any one person) | $ 10,000 |
| | | | | | | | PERSONAL & ADV INJURY | $ 2,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: ☐ POLICY ☒ PRO-JECT ☐ LOC | | | | | | GENERAL AGGREGATE | $ 2,000,000 |
| | | | | | | | PRODUCTS - COMP/OP AGG | $ 2,000,000 |
| | | | | | | | $ | |
| A | **AUTOMOBILE LIABILITY** ☐ ANY AUTO ☐ ALL OWNED AUTOS ☐ SCHEDULED AUTOS ☒ HIRED AUTOS ☒ NON-OWNED AUTOS | | | XXC 80505367 | 09/06/2017 | 09/06/2018 | COMBINED SINGLE LIMIT (Ea accident) | $ 1,000,000 |
| | | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | $ | |
| A | ☒ UMBRELLA LIAB ☒ OCCUR ☐ EXCESS LIAB ☐ CLAIMS-MADE ☐ DED ☐ RETENTION $ | | | XAU48966212 | 09/06/2017 | 09/06/2018 | EACH OCCURRENCE | $ 2,000,000 |
| | | | | | | | AGGREGATE | $ 2,000,000 |
| | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** Y / N ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? (Mandatory in NH) If yes, describe under DESCRIPTION OF OPERATIONS below | N / A | | | | | ☐ WC STATU-TORY LIMITS ☐ OTHER | |
| | | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| A | DICE Policy | | | MPT07202974 | 09/06/2017 | 09/06/2018 | As per the Discovery Insurance Scheme | |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (Attach ACORD 101, Additional Remarks Schedule, if more space is required)

The Certificate Holder is included as Additional Insured and Loss Payee as respects operations of the Named Insured and as their interests may appear for the production: " My 600-lb Life: Where Are They Now? - Season 4"

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Discovery Communications, LLC | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. |
| | AUTHORIZED REPRESENTATIVE *Gabriela Padula* |

© 1988-2010 ACORD CORPORATION. All rights reserved.

**ACORD 25 (2010/05)** The ACORD name and logo are registered marks of ACORD

RE033

PHLY-08175
23-20570.6758

Clear All



# CERTIFICATE OF **CONFIDENTIAL** INSURANCE

| | DATE (MM/DD/YYYY) |
|---|---|
| | 09/06/2017 |

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: Mario Duran |
|---|---|
| MIB Insurance Services (CA License 0C84298)<br>111 N Sepulveda Blvd<br>Suite 245<br>Manhattan Beach CA 90266 | PHONE (A/C, No, Ext): 310 775 9020 / FAX (A/C, No): 310 374 2305 |
| | E-MAIL ADDRESS: certificate@mediainsurance.com |

| | INSURER(S) AFFORDING COVERAGE | NAIC # |
|---|---|---|
| INSURED | INSURER A : FIREMANS FUND INSURANCE COMPANY. | |
| MEGALOMEDIA, INC.<br>901 Barton Springs Road<br>Austin, TX 78731 | INSURER B : | |
| | INSURER C : | |
| | INSURER D : | |
| | INSURER E : | |
| | INSURER F : | |

## COVERAGES  CERTIFICATE NUMBER: 14429-2296  REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSR | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | **GENERAL LIABILITY** <br> [X] COMMERCIAL GENERAL LIABILITY <br> [ ] CLAIMS-MADE [X] OCCUR | | | XXC 80505367 | 09/06/2017 | 05/31/2019 | EACH OCCURRENCE | $ 2,000,000 |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 1,000,000 |
| | | | | | | | MED EXP (Any one person) | $ 10,000 |
| | | | | | | | PERSONAL & ADV INJURY | $ 2,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: <br> [ ] POLICY [X] PRO-JECT [ ] LOC | | | | | | GENERAL AGGREGATE | $ 2,000,000 |
| | | | | | | | PRODUCTS - COMP/OP AGG | $ 2,000,000 |
| | | | | | | | $ | |
| A | **AUTOMOBILE LIABILITY** <br> [ ] ANY AUTO <br> [ ] ALL OWNED AUTOS [ ] SCHEDULED AUTOS <br> [X] HIRED AUTOS [X] NON-OWNED AUTOS | | | XXC 80505367 | 09/06/2017 | 05/31/2019 | COMBINED SINGLE LIMIT (Ea accident) | $ 1,000,000 |
| | | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | $ | |
| A | [X] **UMBRELLA LIAB** [X] OCCUR <br> [ ] **EXCESS LIAB** [ ] CLAIMS-MADE <br> [ ] DED [ ] RETENTION $ | | | XAU48966212 | 09/06/2017 | 05/31/2019 | EACH OCCURRENCE | $ 2,000,000 |
| | | | | | | | AGGREGATE | $ 2,000,000 |
| | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** Y / N <br> ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICE/MEMBER EXCLUDED? [ ] (Mandatory in NH) <br> If yes, describe under DESCRIPTION OF OPERATIONS below | N/A | | | | | [ ] WC STATU-TORY LIMITS [ ] OTH-ER | |
| | | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| A | DICE Policy | | | MPT07202974 | 09/06/2017 | 05/31/2019 | As per the Discovery Insurance Scheme | |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (Attach ACORD 101, Additional Remarks Schedule, if more space is required)

The Certificate Holder is included as Additional Insured and Loss Payee as respects operations of the Named Insured and as their interests may appear for the production: " My 600-lb Life Season 7"

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Discovery Communications, LLC | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. |
| | AUTHORIZED REPRESENTATIVE *Gabriela Padila* |

© 1988-2010 ACORD CORPORATION. All rights reserved.

ACORD 25 (2010/05)  The ACORD name and logo are registered marks of ACORD  PHLY-08176

RE034

23-20570.6759


ACORD

# CERTIFICATE OF LIABILITY INSURANCE

CONFIDENTIAL

| DATE (MM/DD/YYYY) |
|---|
| 07/19/2017 |

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: Mario Duran | | |
|---|---|---|---|
| MIB Insurance Services  (CA License 0C84298) | PHONE (A/C, No, Ext): 310 775 9020 | | FAX (A/C, No): 310 374 2305 |
| 111 N Sepulveda Blvd | E-MAIL ADDRESS: certificate@mediainsurance.com | | |
| Suite 245 | | | |
| Manhattan Beach          CA      90266 | INSURER(S) AFFORDING COVERAGE | | NAIC # |
| | INSURER A : FIREMANS FUND INSURANCE COMPANY. | | |
| INSURED | INSURER B : | | |
| MEGALOMEDIA, INC. | INSURER C : | | |
| 901 Barton Springs Road | INSURER D : | | |
| Austin, TX | INSURER E : | | |
| 78731 | INSURER F : | | |

## COVERAGES     CERTIFICATE NUMBER: 13249-2269     REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSR | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | GENERAL LIABILITY [X] COMMERCIAL GENERAL LIABILITY [ ] CLAIMS-MADE [X] OCCUR | X | | XXC 80499955 | 08/04/2016 | 05/31/2018 | EACH OCCURRENCE | $ 2,000,000 |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 1,000,000 |
| | | | | | | | MED EXP (Any one person) | $ 10,000 |
| | | | | | | | PERSONAL & ADV INJURY | $ 2,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: [ ] POLICY [X] PRO-JECT [ ] LOC | | | | | | GENERAL AGGREGATE | $ 2,000,000 |
| | | | | | | | PRODUCTS - COMP/OP AGG | $ 2,000,000 |
| | | | | | | | $ | |
| A | AUTOMOBILE LIABILITY [ ] ANY AUTO [ ] ALL OWNED AUTOS [ ] SCHEDULED AUTOS [X] HIRED AUTOS [X] NON-OWNED AUTOS | X | | XXC 80499955 | 08/04/2016 | 05/31/2018 | COMBINED SINGLE LIMIT (Ea accident) | $ 1,000,000 |
| | | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | $ | |
| A | [X] UMBRELLA LIAB [X] OCCUR [ ] EXCESS LIAB [ ] CLAIMS-MADE | X | | XAU24534414 | 08/04/2016 | 05/31/2018 | EACH OCCURRENCE | $ 1,000,000 |
| | | | | | | | AGGREGATE | $ 1,000,000 |
| | [ ] DED [ ] RETENTION $ | | | | | | $ | |
| | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY    Y / N ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICE/MEMBER EXCLUDED? (Mandatory in NH) If yes, describe under DESCRIPTION OF OPERATIONS below | N / A | | | | | [ ] WC STATU-TORY LIMITS [ ] OTHER | |
| | | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| A | DICE Policy | | | MPT 07113354 | 08/04/2016 | 05/31/2018 | As per the Discovery Insurance Scheme | |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (Attach ACORD 101, Additional Remarks Schedule, if more space is required)

The Certificate Holder is included as Additional Insured and Loss Payee as respects operations of the Named Insured and as their interests may appear for the production: " My 600 lb. Life 6"

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Discovery Communications, LLC | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. |
| | AUTHORIZED REPRESENTATIVE   *Gabriela Padilla* |

© 1988-2010 ACORD CORPORATION. All rights reserved.

ACORD 25 (2010/05)          The ACORD name and logo are registered marks of ACORD

PHLY-08177
RE035
23-20570.6760

Clear All

**3.** **EMAILS IN 2015 AND 2016 REMINDING MEGALOMEDIA THAT THE EXCLUSION IS ON THE POLICY**

nor Nowzaradan knew that the Policy contained the CG2153 reality TV exclusion until 2020.  Doc. #108 at 176:11–18 (Nowzaradan); Doc. #108 at 66:13–67:5 (Westberry).

35.     Philadelphia Indemnity's coverage decisions regarding *Cartel City* and *Fugitive Recovery* had no bearing on the existing policies issued to Megalomedia.  Doc. #107 at 121:8–23 (McKinley).

36.     The "denial of coverage" for *Cartel City* and *Fugitive Recovery* were denials of separate policies altogether.  Doc. #107 at 121:6–17 (McKinley).  There was no inland marine, property, auto or general liability coverage for either of those shows.  *Id.* at 121:15–23.  Philadelphia Indemnity was still obligated to cover *My 600-Lb Life* for commercial property, commercial auto, inland marine, and general liability for "personal and advertising injury."  Doc. #114 at 10.

37.     In addition to the insurance that Megalomedia purchased from Philadelphia Indemnity, Megalomedia also carried production insurance mandated by the TV networks which ran Megalomedia productions.  Doc. #108 at 46:12–17 (Westberry).

38.     The network-mandated insurance policies purchased by Megalomedia also included general liability insurance. *E.g.*, Trial Ex. P-68 at PHLY 5892–5906.

39.     Unlike the Philadelphia Indemnity policies, the network-mandated policies were written on a production-specific basis.  Doc. #108 at 103:22–104:4 (Westberry).

40.     Megalomedia represented *My 600-Lb Life* as a reality show to the insurers that provided its network-mandated policies.  Trial Ex. P-162 at MEGA 1423.

41.     In November 2015 leading up to the renewal of the 2015–16 policy, Philadelphia Indemnity forwarded an underwriter's email to Megalomedia's agent, explaining that "[t]he Reality TV portion of this account is excluded on the CG2153."  Trial Ex. P-53; Doc. #107 at

23-20570.457

9

91:12–23 (McKinley).  Megalomedia still chose to renew the Policy.  Doc. #107 at 92:19–93:1 (McKinley).

42.     Also as part of the renewal for 2015, Megalomedia's agent sent Philadelphia Indemnity certificates of insurance for *My 600-Lb Life* seasons 4 and 5, *My 600-Lb Life: Where Are They Now* season 2, and *Flab to Fit*.  Trial Ex. P-46 at PHLY 6978, 9777; Doc. #107 at 87:24–90:6 (McKinley); *see also* Trial Ex. P-45.  These certificates evince that Megalomedia carried general liability insurance for these shows.  *Id.*

43.     For the 2015 renewal, Philadelphia Indemnity also told Megalomedia that "since we are not covering any of the reality TV, we need the gross production cost minus the reality TV figures."  Trial Ex. P-56 at PHLY 5275; Doc. #108 at 86:2–7 (Westberry).

44.     Megalomedia originally represented that its gross production costs were $16,090,101.  Trial Ex. P–54 at PHLY 7885; Doc. #107 at 120:6–23.  In response to Philadelphia Indemnity's request for Megalomedia's total production costs less reality TV production, Megalomedia revised this number down to $3 million.  Trial Ex. P–56 at PHLY 5274–75; Doc. #108 at 86:2–10 (Westberry).  The $3 million number did not include any cost associated with *My 600-Lb Life*.  Doc. #108 at 87:22–24 (Westberry).  Specifically, the request was for gross production costs less the costs for reality TV productions, not for gross production costs less the costs for *My 600-Lb Life*.  Trial Ex. P-56 at PHLY 5274–75.

45.     Likewise in 2016, Philadelphia Indemnity reminded Megalomedia's agent that the CG 2153 endorsement excludes coverage for reality TV projects.  Trial Ex. P-66 at PHLY 09782; Doc. #107 at 95:1–18 (McKinley).  Philadelphia Indemnity asked Megalomedia for proof of other general liability coverage for its reality TV shows and told Megalomedia that it could not bind the

23-20570.458

10

## 4. THE 2015 DISCUSSION OF GROSS PRODUCTION COSTS LESS REALITY TV

**CONFIDENTIAL**

From: Afton Burns [mailto:Afton@mrdins.com]
Sent: Tuesday, November 29, 2016 4:20 PM
To: Michaud, Cindy
Subject: RE: Megalomedia Inc, 80742328 PathID: 10002500, Effective 12/1/2016

They do have production policies.  Attached are the certs for those policies.  I don t have the new ones on file but know they are effective.


Thank you,

Afton Burns CISR
Commercial Lines Account Manager




7700 Hwy 71 West
Suite 300                              office 512.870.8072
Austin, TX 78735                       fax 512.519.2957

afton@mrdins.com

Hate Shopping for HEALTH INSURANCE? Let us HELP YOU! CLICK HERE

Commercial Property & Auto * Commercial General Liability * Life * Group & Individual Health
Bonds * Personal Homeowners & Auto * Workers' Comp * Payroll Service

*Confidentiality Notice: The information contained in this electronic mail is privileged and confidential and is intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this electronic mail is strictly prohibited.  If you have received this electronic mail in error, please notify the sender immediately and delete all copies.*



From: Michaud, Cindy [mailto:Cindy.Michaud@phly.com]
Sent: Tuesday, November 29, 2016 3:09 PM
To: Afton Burns <Afton@mrdins.com>
Subject: FW: Megalomedia Inc, 80742328 PathID: 10002500, Effective 12/1/2016

The u/w noted the following, we await your response.  Thanks for your help.


Figured out that we do not cover any of the Reality TV projects and they insured should be getting separate policies. Excluded on CG2153.

We need to confirm the correct Gross Production Cost excluding Reality TV and that they do get separate policies. Thanks

Cindy Michaud, ACSR, CIC
Sr. Account Executive-Renewal
Philadelphia Insurance Companies-AM Best Rating A+         **RE038**

**CONFIDENTIAL**

From: **"Michaud, Cindy"**

To: **"Juvennelliano, Nancy" <Nancy.Juvennelliano@phly.com>**

Date: 11/25/2015 10:04:17 AM

Subject: FW: Megalomedia Inc, 80742328 PathID: 9113037, Effective 12/1/2015

---

Nancy, the agent has advised to use 3 mil.

I await the corrected quote when you return Monday.

Thanks, hope you had a good Thanksgiving.


**Cindy Michaud, ACSR, CIC**
**Sr. Account Executive-Renewal**
**Philadelphia Insurance Companies**
A Member of the Tokio Marine Group


Direct Dial is 512-652-0511/ Direct Fax 866-437-2392
**ThinkPHLY.com**    Find out why you should **ThinkPHLY** first

---

From: Jennifer Frith [mailto:jen@mrdins.com]
Sent: Tuesday, November 24, 2015 2:33 PM
To: Michaud, Cindy
Subject: RE: Megalomedia Inc, 80742328 PathID: 9113037, Effective 12/1/2015

Please use $3M.

*\*\* I will be out of the office 11/23 and 11/25. Our office is closed on 11/26 &27 for the Thanksgiving Holiday.  Have a Safe and Wonderful Holiday!*


Thanks,

Jennifer Frith, CAM
Commercial Account Executive



7700 Hwy 71 West
Suite 300                        office 512.870.8072
Austin, TX 78735            fax 512.519.2957

jen@mrdins.com



EXHIBIT

**P-56**

4:20-cv-01644

Commercial Property & Auto * Commercial General Liability * Life * Group & Individual Health Bonds * Personal Homeowners & Auto * Workers' Comp * Payroll Service
CLICK FOR GREAT RATES ON: HEALTH INSURANCE * DENTAL INSURANCE



PHLY-05274
23-20570.6495

*Confidentiality Notice: The information contained in this electronic mail message is confidential and is intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this electronic mail is strictly prohibited. If you have received this electronic mail in error, please notify the sender immediately and delete all copies.*

**CONFIDENTIAL**

From: Michaud, Cindy [mailto:Cindy.Michaud@phly.com]
Sent: Tuesday, November 24, 2015 11:51 AM
To: Jennifer Frith <jen@mrdins.com>
Subject: FW: Megalomedia Inc, 80742328 PathID: 9113037, Effective 12/1/2015

Jennifer, please see the u/w's request for additional info needed to finalize the renewal quote.

U/W request:


Since we are not covering any of the reality tv, we need the gross production cost minus the reality tv figures.
We are currently using $3M.
The insured can verify that information.

I await your response.


Thanks

**Cindy Michaud, ACSR, CIC**
Sr. Account Executive-Renewal
Philadelphia Insurance Companies
A Member of the Tokio Marine Group

Direct Dial is 512-652-0511/ Direct Fax 866-437-2392
**ThinkPHLY.com**   Find out why you should **ThinkPHLY** first

From: Jennifer Frith [mailto:jen@mrdins.com]
Sent: Friday, November 20, 2015 3:27 PM
To: Michaud, Cindy
Subject: FW: Megalomedia Inc, 80742328 PathID: 9113037, Effective 12/1/2015

Cindy,

Please bind effective 12/1/15 & amend the building coverage at buildings 1 & 2 to $2.5M each.
Billing & Risk management contact is Toni Westbury, (512) 347-9901, toni@megalomedia.com.


*\*\*I will be out of the office 11/23 and 11/25. Our office is closed on 11/26 &27 for the Thanksgiving Holiday. Have a Safe and Wonderful Holiday!*


Thanks,

Jennifer Frith, CAM
Commercial Account Executive

PHLY-05275
23-20570.6496

**5.**      **CERTIFICATE OF SERVICE**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2024, I used the Court's CM/ECF system to

file and serve Appellee's Record Excerpts on parties through their counsel of record,

listed below:

Santosh Shankaran Aravind
Anthony Frank Arguijo
Stephen E. McConnico
Jane Webre
SCOTT, DOUGLAS & MCCONNICO, L.L.P.
303 Colorado Street, Suite 2400
Austin, Texas 78701
*saravind@scottdoug.com*
*aarguijo@scottdoug.com*
*smcconnico@scottdoug.com*

**Counsel for Plaintiffs – Appellants
Megalomedia Incorporated,
Megalomedia Studios, L.L.C.,
Mansfield Films, L.L.C., and DBA
Holdings, L.L.C.**

*s/Stephen A. Melendi*
Stephen A. Melendi