# Tollefson Bradley Mitchell & Melendi, LLP

2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
Telephone: (214) 665-0100
Facsimile: (214) 665-0199

Stephen A. Melendi

stephenm@tbmmlaw.com
Direct Dial: (214) 665-0103


November 11, 2025

Mr. Lyle W. Cayce
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

Re: *Megalomedia, Inc. et al. v. Philadelphia Indem. Ins. Co.*, No. 23-20570.

Dear Mr. Cayce,

This letter is written on behalf of Appellee in response to the letter from Appellants' counsel, Chad Flores, to the Court on November 4, 2025. The Court's "Important Note Regarding FRAP 28(j) Filings" warns that FRAP 28(j) "is subject to abuse." The Court has rejected such letters where it appeared that "counsel filed the 28(j) letters as a vehicle to justify additional argument, rather than inform the court of recently discovered authority." Appellants' 28(j) letter does just that - it seeks to add to points their counsel made at oral argument regarding a 31-year-old case that Appellant could have identified earlier. The Court should therefore ignore the letter.

More importantly, Appellants' interpretation of *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) (en banc) is incorrect. Appellants rely on a single sentence in *Little* about summary-judgment procedure and standards. *Id*. at 1075. However, *Little* does not address whether the nonmovant has preserved its legal objections to summary judgment for appellate review should the district court grant the motion. Indeed, this Court's precedents plainly hold that "the scope of appellate review on a summary judgment order is limited to matters presented to the district court" and, "[i]f a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal." *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 339 (5th Cir. 2005) (internal quotation marks and citation omitted). This is because "an appellate court, in reviewing a summary judgment order, can only consider those matters presented to the district court." *Frank C. Bailey Enters., Inc. v. Cargill, Inc.*, 582 F.2d 333, 334 (5th Cir. 1978). As Appellants conceded at oral argument, their ambiguity argument presented new points not raised in the district court on summary judgment. Accordingly, Appellants have forfeited the arguments that (1) "Any/All reality shows" is ambiguous, and (2) despite the Policy excluding coverage for "any/all reality shows," the subject reality show, *My 600-lb Life*, is not a reality show. *Little* cannot save them.

Sincerely,

Stephen A. Melendi